ACCEPTED
01-15-01009-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/1/2015 9:41:50 AM
CHRISTOPHER PRINE
CLERK

01-15-01009-CV

NO. _____ - 15 - _____ - CV

IN THE COURT OF APPEALS FOR THE _____ DISTRICT OF TEXAS

IN RE RICHARD STEPHEN CALKINS

*Relator*

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
DEC 1, 2015
CHRISTOPHER A. PRINE,
CLERK

Original Proceeding from Cause No. 441,165
as continuation of Cause No. 378,993
In Probate Court at Law No. 2
Harris County, Texas

**PETITION FOR WRIT OF MANDAMUS**

Susan C. Norman
Texas Bar No. 15083020
Law Offices of Susan C. Norman
P . O. Box 52518
Houston, Texas 77052
713-882-2066 (Phone)
713-229-8328 (Facsimile)
suenorman@suenormanlaw.com

COUNSEL FOR RELATOR

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

1. **Relator**: Richard Stephen Calkins,

   **Trial and Appellate Counsel:**
   Susan C. Norman
   Law Offices of Susan C. Norman
   P. O. Box 52518
   Houston, Texas 77052
   713-882-2066 (Phone)
   713-229-8328 (Facsimile)
   suenorman@suenormanlaw.com

2. **Respondents:**

   The Honorable Christine Butts
   Probate Court No. 4, Suite ***
   201 Caroline, 7th Floor
   Houston, TX 77002

3. **Real Party in Interest**:
   Carolyn James

   **Trial Counsel:**
   G. Wesley Urquhart
   P. O. Box 272928
   Houston, Texas 77277

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL.** . . . . . . . . . . . . . . . . . . .   i

**TABLE OF CONTENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii - iv

**INDEX OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . .   v - vi

**APPENDICES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   vi - vii

**STATEMENT OF THE CASE..** . . . . . . . . . . . . . . . . . . . . . . . . .   1 -2

**STATEMENT OF JURISDICTION.** . . . . . . . . . . . . . . . . . . . . . . .   3

**ISSUES PRESENTED.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

**STATEMENT OF FACTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5 -10

A.   This case is a continuation of the 2008 guardianship case from which
     Hon. Butts voluntarily recused herself in 2011, a case in which Hon.
     Mike Wood was disqualified in 2009 from presiding over these
     parties... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5 - 6

B.   No other judge was presiding over the [failed]
     guardianship case when Mary Olive Calkins died and
     probate of her Last Will and Testament was filed.  . . . . . . . . . . . . . .   6

C.   Probate of Mary Olive Calkins' Last Will and Testament
     fell into a court in which the judge had
     voluntarily recused herself in 2011 . . . . . . . . . . . . . . . . . . . . . .   6 - 8

D.   Tex. Gov't. Code 25.00255, *et seq*. changed Sept. 1, 2015,
     leading to void order from Hon. Butts, which was used to
      issue orders by Hon. Herman, and Hon. Burwell,
     and potentially, Hon. Wood. . . . . . . . . . . . . . . . . . . . . . . . . .   8 - 10

     D-1.   Hon. Butts waited until the statute changed
            on Sept. 1, 2015, to issue a
            void "amended order of recusal.".". . . . . . . . . . . . . . . . . . . .   8

     D-2.   Hon. Herman used Hon. Butts' void

"amended order of recusal" to issue orders
after the statute changed which could not have
been issued before it changed.. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

D-3. Hon. Herman issued a void order assigning Hon. Burwell,
ONLY to hear a motion to recuse
Hon. Wood, not a disqualification motion.. . . . . . . . . . . . . . . . 9

D-4. On Nov. 20,2015, Hon. Burwell issued another
void order denying Hon. Wood's disqualification
with no assignment, no notice, and no hearing.. . . . . . . . . . . 10

D-5. On December 1, 2015, there is a hearing set before disqualified
judge, Hon. Mike Wood, which will allow him to resume
jurisdiction over parties and cases over which he was
disqualified in 2009 from presiding... . . . . . . . . . . . . . . . . . . . 10

**SUMMARY OF THE ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . **11 - 13**

**ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13 - 26**

A.   Standard of review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13 - 14

B.   Hon. Butts' Sept, 2, 2015, void order
violates due process.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C.   Hon. Butts failed to comply with the
rules governing recusal... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14 - 16

D.   Even Hon. Butts' plenary power
expired by August 29, 2015.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

E.   Hon. Butts' Sept. 2, 2015, void order cannot authorize subsequent
void orders by Hon. Herman and Hon. Burwell that
permit a disqualified judge to
resume jurisdiction of cases and parties... . . . . . . . . . . . . . . . . . 17 - 18

F.   Hon. Herman's orders based on Hon. Butts'
void order, are void, as well, as are Hon. Burwell's
orders void when based on Hon. Herman's orders... . . . . . . . . 18 - 19

G.      All the void orders violate Fourteenth Amendment
due process protection to Richard Stephen Calkins
and Mary Olive Calkins and/or her estate.. . . . . . . . . . . . . . . . . 19 - 20

H.      Once recused or disqualified,
a judge may not re-enter the case.. . . . . . . . . . . . . . . . . . . . . 20 - 22

I.      The byzantine, cascading series of void orders
started with Hon. Butts' Sept. 2, 2015, order.. . . . . . . . . . . . . 23 - 24

J.      Using the void orders, disqualified judge,
Hon. Wood, is resuming jurisdiction of the cases.. . . . . . . . . . 24 - 25

K.      One of the fundamental goals of the American
legal system is equal justice to all under the law.. . . . . . . . . . . . . . 25

L.      Mandamus is the only adequate remedy for Richard Stephen Calkins
when challenging a void order.. . . . . . . . . . . . . . . . . . . . . . . . . 26

     1.     Mandamus is the proper remedy for challenging
a judge's resumption of jurisdiction
after disqualification and /or recusal.. . . . . . . . . . . . . . . . . 26

     2.     Mr. Calkins will suffer immediate and irreparable harm.. . . . 26

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **26 - 27**

**PRAYER.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

**CERTIFICATION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **28**

**CERTIFICATE OF COMPLIANCE.** . . . . . . . . . . . . . . . . . . . . . . **28**

**CERTIFICATE OF SERVICE..** . . . . . . . . . . . . . . . . . . . . . . . . . . **29**

**INDEX OF AUTHORITIES**
**Cases** **Page**

*In re Alpert*, 276 S.W.3d 592, 599-600
(Tex. App.–Houston[1st Dist.] 2008, r'hg denied... . . . . . . . . . . . . . 16

*Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). . . . . . . . . . . . . . . 18

*Ex Parte Eastland*, 811 S.W.2d 571 (Tex. 1991). . . . . . . . . . . . . . . . . . . . 19

*In re Hecht*, 213 S.W.3d 547, 565, 2006 Tex. Lexis 1340. . . . . . . . . . . . . 27

*McGrew v. Heard*, 779 S.W.2d 455, 457
(Tex. App.--Houston [1st Dist.] 1989, orig. proceeding).. . . . . . . . 13, 26

*Moody v. Simmons*, 858 F.2d 137, 142 (3d Cir. 1988). . . . . . . . . . . . . . . . . 21

*In re Murchison*, 349 U.S. 133, 136 (1955). . . . . . . . . . . . . . . . . . . . . . . 14, 20

*In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422
(Tex. 2002) (orig. proceeding).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Susan C. Norman,* 191 S.W.3d 858, 861
(Tex. App.–Houston[14th Dist.) 2006 Tex. App. Lexis 3292. . . . . . 16

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124, 135-136  (Tex. 2004).. . . . . . . . . . . . . . . . . . . . . 13, 14

*In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605,
3 Tex. Sup. Ct. J. 1005 (Tex. 2000) (per curiam).. . . . . . . . . . . . 13, 26

*State Bar v. Heard*, 603 S.W.2d 829 (Tex. 1980)
1980 Tex. Lexis 363.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428,
41 Tex. Sup. Ct. J. 591 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . 20

*Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429, 431,
29 Tex. Sup. Ct. J. 202 (Tex. 1986). . . . . . . . . . . . . . . . . . . . . . . . 13, 26

*Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); 1992 Lexis 14.. . . . . 14

**Statutes**                                                          **Page**

Fourteenth Amendment to United States Constitution. . . . . . . . . . . . . 19,20

TEX. CONST. art. V, § 11.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Tex. Gov't. Code 25.00255, et seq.. . . . . . . . . . . . . . . 8, 11, 12, 15, 17, 22, 23

Tex. R. Civ. Proc. 306a.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Treatises**                                                          **Page**

1997 *B.Y.U. L. Rev.* 423, 450,
        citing *In re Murchison*, 349 U.S. 133, 136 (1955). . . . . . . . . . . . . . 14

Donald Nugent, *Judicial Bias*, 42 Clev. St. L. Rev. 1, 17, 1994.. . . . . . . . . 25


Appendices

Appendix 1       Feb. 02, 2009, First Amended Motion Disqualify Judge
                    Wood on Constitutional Grounds

Appendix 2       March 05, 2009, Rep Record Motion to Disqualify Mike
                    Wood on Constitutional Grounds

Appendix 3       March 05, 2009, Order Granting Motion to Disqualify
                    Mike Wood on Constitutional Grounds

Appendix 4       Orders of Voluntary Recusal & Disqualification of Harris
                    County Probate Judges

Appendix 5       08-10-11 - Excerpt Rep Rec 378993 - James Listed Hon.
                    Sebesta Name First

Appendix 6       03-01-2013 - Hon Weiman Order Dismiss 2012-51725
                    Due James Lack Standing

Appendix 7        Dec. 03, 2012, Hon. Sebesta Voluntary Recusal from Calkins Cases

Appendix 8        07-29-15 - James Motion Recuse Hon. Butts & Motion Consolidate wi Guardianship Cases.

Appendix 8.1      July 30, 2015 Judge Butts' Recusal at James Request

Appendix 9        11-02-15 - Harris County Clerk Docket 441165 as of 11-00 A.M.

Appendix 10       Hon. Butts Sept. 2, 2015 Amended Order of Recusal

Appendix 11       Sept. 8, 2015 - Judge Herman Minute Order 15-065 Order Clerk to Transfer Case to Probate Ct. 2

Appendix 12       Calkins by Libby Motion Recuse and-or Disqualify Hon. Wood

Appendix 13       Sept. 15, 2015 - Judge Wood Refer Motion to Recuse and-or Disqualify

Appendix 14       Sept. 28, 2015 - Judge Herman Assign Judge Burwell Hear ONLY Motion to Recuse not Disqualify

Appendix 15       Oct. 16, 2015 - Judge Burwell Order Deny Motion to Recuse and Disqualify

Appendix 16       Signed Order on Motion Re-Urging Constitutional Disqualification of Judge Mike Wood

**STATEMENT OF THE CASE**

*Nature of the case*:

This probate case is a continuation of [failed, never completed] guardianship litigation [Mary Olive Calkins as proposed ward] begun by Carolyn James in 2008, involving Mary Olive Calkins, Carolyn James, Richard Stephen Calkins, and Michael Easton, in which the Honorable Mike Wood was constitutionally disqualified in 2009, and which now continues as probate of Mary Olive Calkins' Last Will and Testament. Richard Stephen Calkins asserts that the 2009 order granting of the motion to disqualify the Hon. Mike Wood on constitutional grounds precludes Hon. Mike Wood from sitting on any case in which Mary Olive Calkins or her estate, Carolyn James, and Richard Stephen Calkins are parties.

*Respondent*:

Respondent is Honorable Christine Butts.

*Respondent's actions:*

Hon. Butts voluntarily recused herself in 2011 from the Mary Olive Calkins guardianship involving all the above parties, *supra*, without ever having conducted any hearing in which testimony and evidence were presented. On July 15, 2015, Hon. Butts held a hearing in which she made statements about Mary Olive Calkins' prior capacity and concluded she did not need to re-recuse herself from the probate matter.

After Carolyn James filed a motion to recuse Hon. Butts and a motion to consolidate with the guardianship case on July 29, 2015, Hon. Butts voluntarily recused herself by order issued July 30, 2015, and did not refer the case pursuant to Tex. Gov't. Code §25.00255, *et seq*.

Hon. Butts took no further action to refer the case pursuant to Tex. Gov't. Code §25.00255, *et seq* for thirty-three (33) days until after she issued her "amended order of recusal" on September 2, 2015, after the Tex. Gov't. Code §25.00255, *et seq*., statute changed on September 1, 2015, then referred the case to Hon. Herman to effect transfer which he did on September 8, 2015, transferring it to Probate Court No. 2 [Mike Wood presiding].

-1-

*Relief sought:*

*Respondent Hon. Christine Butts*:

Relator asks this Court to issue a writ of mandamus directing Hon. Christine Butts to:

1.  vacate her September 2, 2015, "Amended Order of Recusal;"

2.  As required on July 30, 2015, after her order of [re-] recusal, notify the clerk who serves the statutory probate courts of Harris County to immediately notify the presiding judge of the administrative judicial district and request that the presiding judge of the administrative judicial district assign a judge pursuant to Section 25.002201 as required on July 30, 2015.

## STATEMENT OF JURISDICTION

This Court has jurisdiction under Texas Government Code Section 22.221(b) to issue a writ of mandamus against a judge of a district or county court in its district. Because this is an original proceeding challenging the erroneous actions of a statutory probate judge in Harris County in issuing a void order which led to a series of additional orders based on it, this Court has jurisdiction to issue a writ of mandamus under well-established Texas precedent.

## STATEMENT OF ISSUES PRESENTED

1. Whether after Hon. Butts entered her order of voluntary [re-]recusal on July 30, 2015 [following her voluntary recusal in 2011], she was required to follow Tex. Gov't. Code § 25.00255(g)((1)(B), subject to subsection (l) in effect on July 30, 2015;

2.. Whether after Hon. Butts entered her order of voluntary [re-]recusal on July 30, 2015, she was precluded from making any further orders in the case, including a *sua sponte* "amended order of recusal" thirty-three (33) days later, after the Tex. Gov't. Code §25.00255, *et seq*., statute changed, and referring the case to Hon. Herman to transfer;

3. Whether Hon. Butts' void order of Sept. 2, 2015, could confer any legitimacy on the two orders based on that order entered by Hon. Herman and by the two orders entered by Hon. Burwell, thus permitting the cases to be transferred back to Probate Court No. 2, disqualified judge Hon. Mike Wood presiding;

4. Whether a disqualified judge, Hon. Mike Wood, can later resume jurisdiction of the parties and cases;

## STATEMENT OF FACTS

**A. This case is a continuation of the 2008 guardianship case from which Hon. Butts voluntarily recused herself in 2011, a case in which Hon. Mike Wood was disqualified in 2009 from presiding over these parties**.

In 2008 Carolyn James filed a [now-failed and never completed] guardianship case [Cause No. 378,993] over Mary Olive Calkins which fell into Probate Court No. 2, Hon. Mike Wood presiding. Richard Stephen Calkins, individually and as agent-in-fact for Mary Olive Calkins, opposed the guardianship. Michael Easton was made a party to the guardianship by the Honorable Mike Wood when he sought sanctions against both Mr. Easton—although at the time motion for sanctions was filed, Mr. Easton had not appeared as a party—and Susan Norman, counsel for Richard Stephen Calkins

Thereafter, in 2009, a motion to disqualify the Honorable Mike Wood on constitutional grounds was filed. App. 1. The Honorable Olen Underwood assigned himself to hear the *First Amended Motion to Disqualify the Honorable Mike Wood on Constitutional Grounds*, holding a hearing on March 5, 2009, App. 2, and after finding that Carolyn James joined in the motion, the motion was granted App. 3.

Thereafter the Honorable Mike Wood did not further preside over the case, and the other statutory probate court judges in Harris County

-5-

voluntarily recused themselves (Hon. Christine Butts, Hon. William McCullough, and Hon. Rory Olsen, Hon. Loyd Wright). App 4, orders of recusal.

**B. No other judge was presiding over the [failed] guardianship case when Mary Olive Calkins died and probate of her Last Will and Testament was filed.**

Subsequently, after James' request and the agreement of all parties the Hon. Olen Underwood assigned the Honorable Patrick Sebesta to the guardianship case, which had been re-assigned to Probate Court No. 4 in 2011. App 5, RR Cause No. 378,993. After Ms. James sued the Honorable Olen Underwood and the Honorable Patrick Sebesta in September, 2012 in district court for "not doing their job," Ms. James' case was dismissed due to her lack of standing to sue and the judicial immunity of both judicial officers. App. 6. *See*, *James v. Underwood, et al*, 438 S.W.3d 704 (Tex.App.–Houston [1st Dist.] 2014, r'hg denied). Subsequently, the Hon. Patrick Sebesta voluntarily recused himself from all Calkins cases on December 3, 2012, App. 7, and there was no judge subsequently assigned to the guardianship case.

**C. Probate of Mary Olive Calkins Last Will and Testament fell into a court in which the judge had voluntarily recused herself in 2011**

Mary Olive Calkins was a proposed ward who died July 8, 2015, with no guardian appointed. The probate of Mary Olive's Last Will and

-6-

Testament is a continuation of the litigation involving both Richard Stephen Calkins and Carolyn James, children of Mary Olive Calkins. Local Rules mandate that a new application to admit will to probate be filed in same court as the guardianship cases.

After the competing applications to probate Mary Olive's Last Will and Testament were filed, on July 29, 2015, Ms. James filed *Motion to Recuse the Honorable Christine Butts and Motion to Consolidate With the Guardianship Cases,* App. 8 the judge of Probate Court No. 4, the Honorable Christine Butts, [re-]recused herself on motion by Carolyn James, issuing her order of recusal on July 30, 2015. App. 8.1. Pursuant to the local rules, the probate case was required to be consolidated with the still-pending, failed guardianship case.

### Local Rules of Harris County Probate Courts

2.2    Case Numbering - New Matters. All new estate administrations, guardianships, trust matters (including testamentary trusts when the underlying estate has been closed) that are filed in the Probate Courts of Harris County shall be assigned to a court in accordance with Section 25.1034 of the Government Code. Each case shall be assigned a docket number sequentially. All matters relating or appertaining to an estate or guardianship that has not been closed as provided in the Probate Code, including proceedings upon trusts created by a decedent's will, shall remain in such court subject to an order of transfer as with any case, and shall retain the original docket number with an appropriate sub-file number.

Each subsequent matter filed involving the same decedent or

proposed ward shall be filed in the original file, under the same docket number and in the same court as the original filing. . . . Those matters that are principally concerned with the administration of the estate are "core matters" and should be filed under the main cause number.

2.5.1  Probate of wills, issuance of letters testamentary, administration and guardianship;

2.5.3  Contest to will, heirship, administration (before and after the grant of letters).

Between July 30, 2015, and August 31, 2015, the Clerk's Record App. 9, P 5 - 6 demonstrates an absence of Hon. Butts' request to the probate clerk to follow the statute in effect on July 30, 2015, that the probate clerk take the actions mandated by Tex. Gov't. Code § 25.00255(l) to:

. . . immediately notify the presiding judge of the administrative judicial district [on July 30, 2015, the Hon. Olen Underwood] and request that the presiding judge of the administrative judicial district assign a judge under Section 25.002201.

**D.    Tex. Gov't. Code 25.00255, *et seq*. changed Sept. 1, 2015, leading to void order from Hon. Butts, which was used to issue orders by Hon. Herman, and Hon. Burwell, and potentially, Hon. Wood**

**D-1.  Hon. Butts waited until the statute changed on Sept. 1, 2015, to issue a void "amended order of recusal."**

On September 2, 201t, thirty-three (33) days after her July 30, 2015, voluntary [re-]recusal order, and after Tex. Gov't. Code § 25.00255 changed on September 1, 2015, Hon. Butts issued an "Amended Order of Recusal," App. 10, referring her order of recusal to the Hon. Guy Herman.

**D-2. Hon. Herman used Hon. Butts' void "amended order of recusal" to issue orders after the statute changed which could not have been issued before it changed.**

On September 8, 2015, the Hon. Guy Herman ordered the Harris County Clerk to transfer the probate case to Probate Court No. 2 [disqualified jurist, Hon. Mike Wood presiding].  App. 11.

On September 15, 2015, [Joseph Libby, now-former] counsel for Mr. Calkins filed *Motion for Recusal and/or Disqualification of Judge Mike Wood Pursuant to Sec. 25.00255 of the Texas Government Code.* App. 12.

On September 15, 2015, Hon. Wood referred the *Motion for Recusal and/or Disqualification of Judge Mike Wood Pursuant to Sec. 25.00255 of the Texas Government Code* to Judge Herman. App. 13.

**D-3. Hon. Herman issued a void order assigning Hon. Burwell, ONLY to hear a motion to recuse Hon. Wood, not a disqualification motion.**

On September 28, 2015, Hon. Herman issued a void order of assignment of Hon. Gladys Burwell to hear **only a motion to recuse Hon. Wood**, **not disqualification**.  App. 14.

On October 16, 2015, Hon. Burwell denied motion to recuse **and disqualify** by her void written order.  App. 15.

**D-4. On Nov. 20,2015, Hon. Burwell issued another void order denying disqualification with no assignment, no notice, and no hearing.**

On November 2, 2015, Calkins through current counsel filed *Motion Re-Urging Constitutional Disqualification of Judge Mike Wood, Based On the Prior, March 5, 2009, Disqualification of Judge Mike Wood In Case Involving Mary Olive Calkins, Carolyn James, and Richard Stephen Calkins, In Which Hon. Olen Underwood Found Carolyn James Joined in the Motion for Disqualification. ("Motion Re-Urging Constitutional Disqualification")* App. 12.

With no new [void] assignment to "review" a matter of disqualification of Hon. Wood 9even under the first void assignment on Sept. 28, 2015,) the Hon. Gladys Burwell "reviewed" the *Motion Re-Urging Constitutional Disqualification*, without notice and without holding a hearing, issued another void order denying the it on November 20, 2015. App. 16

**D-5. On December 1, 2015, there is a hearing set before disqualified judge, Hon. Mike Wood, which will allow him to resume jurisdiction over parties and cases over which he was disqualified in 2009 from presiding**.

A hearing by Ms. James to appoint a temporary administrator is set in Probate Court No. 2, Mike Wood presiding, for December 1, 2015.

## SUMMARY OF THE ARGUMENT

Parties are entitled to due process in all aspects of a trial, and the most basic consideration is a fair trial before an impartial judge.

Mandamus is appropriate when a trial court enters a void order and sets up a cascading series of void orders based on it which appear to be designed to permit a disqualified judge, Hon. Mike Wood, to resume jurisdiction of a case or over parties over whom he formerly presided.

Once a judge is disqualified or recused, that judicial officer cannot later take action in the case or on a continuation of the case involving the same parties.

After the March 5, 2009, hearing in which the Hon. Olen Underwood found that Ms. James joined in the motion, he granted the motion to disqualify the Hon. Mike Wood on constitutional grounds.

Because the Hon. Mike Wood was constitutionally disqualified in 2009 from the guardianship case with these same parties, and the probate case continues with the same parties, the provisions of the 2009 Tex. Gov't. Code § 25.00255, *et seq.*, are still applicable to this case, and these parties.

As of March, 2011, the remaining three (3) statutory probate judges, including the Hon. Christine Butts, had voluntarily recused themselves from the guardianship case. As a result, all four (4) statutory probate judges in Harris County stand recused or disqualified for the continuation

-11-

of the continuation of the guardianship litigation as the probate of the last will and testament of the decedent who was the proposed ward.

Once Hon. Butts [re-]recused herself on July 30, 2015, her mandated course of action was under the then-current Tex. Gov't. Code § 25.00255, *et seq.* Hon. Butts could take no further action in the case other than request the clerk serving the statutory probate courts to request the presiding judge of the administrative judicial district to assign a judge under Section 25.002201 to preside over the case.

Hon. Butts' "Amended Order of Recusal" entered thirty-three (33) days after her [re-]recusal order of July 30, 2015, was void, and did not authorize further action by anyone.

Hon. Herman could not use her void "Amended Order of Recusal" of September 2, 2015, to take action he was precluded from taking before the September 1, 2015, Tex. Gov't. Code § 25.00255 statute changed.

Hon. Burwell's assignment is void and her orders are void.

Hon. Mike Wood still stands disqualified in the case.

The Tex. Gov't. Code § 25.00255, *et seq.*, which was effective on July 30, 2015, controls this case and the the presiding judge of the administrative judicial district must assign a judge under Section 25.002201 to preside over the case.

Mandamus is proper because Richard Stephen Calkins has no adequate remedy by appeal to contest the void orders entered by Hon. Butts, and subsequently by Hon. Herman and Hon. Burwell, and prospectively, by Hon. Wood. Richard Stephen Calkins will suffer immediate and palpable harm if the disqualified judge, Hon. Wood, is permitted to resume jurisdiction over the cases and parties.

## ARGUMENT

### A. Standard of review.

Because Hon. Butts' order of September 2, 2015, is void, mandamus will issue to correct a void order of a trial court. [1] Further, the Texas Supreme Court has held that relator need not show that he lacks an adequate appellate remedy if an order challenged by writ of mandamus is void. [2]

Mandamus is available to correct a trial court's clear abuse of discretion when there is no other adequate remedy available by appeal. [2] When a trial court fails to apply the law correctly or fails to apply the law to

---

[1] *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431, 29 Tex. Sup. Ct. J. 202 (Tex. 1986); *McGrew v. Heard*, 779 S.W.2d 455, 457 (Tex. App.--Houston [1st Dist.] 1989, orig. proceeding).

[2] *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605, 43 Tex. Sup. Ct. J. 1005 (Tex. 2000) (per curiam).

[2] *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-136 (Tex. 2004).

the facts, it abuses its discretion.[3] A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or principles. [4] Mandamus is also available when a trial court either (1) violated a duty imposed by law or (2) clearly abused its discretion. [5]

**B.      Hon. Butts' Sept, 2, 2015, void order violates due process.**

One of the most fundamental tenants of due process is that every litigant is entitled to a fair trial before an unbiased decision maker. [6]

**C.      Hon. Butts failed to comply with the rules governing recusal.**

Although she had already voluntarily recused herself in 2011, when requested to do so again by Carolyn James the Honorable Christine Butts re-recused herself on July 30, 2015, after hearing in which she resumed jurisdiction over the cases and parties.

Once Hon. Butts entered her voluntary recusal—for the second time—she could take no further action in the case and her next actions were governed by § 25.00255(g)((1)(B) — subject to subsection (l).  Hon. Butts

---

[3] *Id.* at 135.

[4] *In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding).

[5] *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); 1992 Lexis 14.

[6] *1997 B.Y.U. L. Rev.* 423, 450, citing *In re Murchison*, 349 U.S. 133, 136 (1955).

was required to first adhere to Tex. Gov't Code § 25.00255(g)((1)(B)(1-2):

> (g) A judge who recuses himself or herself:
>> (1) shall enter an order of recusal and:
>>> (B) subject to Subsection (l), if the judge serves a statutory probate court located in a county with more than one statutory probate court, request that the clerk who serves the statutory probate courts in that county randomly reassign the case to a judge of one of the other statutory probate courts located in the county; and
>> (2) may not take other action in the case except for good cause stated in the order in which the action is taken.

Then, Tex. Gov't Code § 25.00255 subsection (l) took effect because all statutory probate judges in Harris County were either recused or disqualified, App. 4, *supra*:

> (l) If a clerk of a statutory probate court is unable to reassign a case as requested under Subsection (g)(1)(B) or (i-3)(2) because the other statutory probate court judges in the county have been recused or disqualified or are otherwise unavailable to hear the case, the clerk shall immediately notify the presiding judge of the administrative judicial district and request that the presiding judge of the administrative judicial district assign a judge under Section 25.002201 to hear the case.

The Hon. Christine Butts did not follow the mandates of Tex. Gov't Code § 25.00255, *et. seq.*, after her July 30, 2015, re-recusal at any time prior to August 31, 2015, the last day the 2009 version of Tex. Gov't Code § 25.00255, *et. seq.*, was still in effect. The clerks' record, App. 9, P 5-6, also contains no order from Hon. Butts sending her voluntary recusal order to the presiding judge of the administrative judicial district as she was required to do.

-15-

Since 2008, the procedure a recused judge was mandated to follow was made clear in the *Alpert* [7] mandamus, and on July 30, 2015, the procedure was still valid:

> We hold that the authority to reassign cases after a party has moved for recusal vests with Judge Underwood as the regional administrative presiding judge, and not Judge Herman, as the presiding judge of the statutory probate courts. TEX. R. CIV. P. 18a. Accordingly, the minute orders are void, and we direct Judge Herman to vacate them.
>
> We hold that Texas Rule of Civil Procedure 18a vests the appropriate regional presiding administrative judge, not the [*600] presiding administrative judge for the statutory probate courts, with the duty to reassign probate [**19] cases once a motion to recuse has been granted. Accordingly, the orders in question are void, and we direct the presiding administrative judge for the probate courts to vacate them. *Alpert* @ 599-600

Coincidently, one day after Tex. Gov't Code § 25.00255, *et. seq.*, changed, some thirty-three (33) days after her order of recusal, instead of following the statute, Hon. Butts issued a new, void order of amended recusal and forwarded it to Hon. Guy Herman. Because Hon. Butts failed to comply with the rules governing motions for recusal, all her subsequent action, including her order are void. [8]

---

[7] *In re Alpert*, 276 S.W.3d 592, 599-600 (Tex. App.–Houston[1st Dist.] 2008, rh'g denied.

[8] *In re Susan C. Norman,* 191 S.W.3d 858, 861 (Tex. App.–Houston[14th Dist.) 2006 Tex. App. Lexis 3292.

**D. Even Hon. Butts' plenary power expired by August 29, 2015.**

Even, a*rguendo*, if the mandate of Tex. Gov't. Code § 25.00255, *et.*
*seq.*, were not controlling—which it is—under the most generous extension
of time for a court to act on its orders, Hon. Butts' plenary power only could
only extend for 30 days after the order was entered, making her
amendment to her order also void under the Rules after August 29, 2015.
Tex. R. Civ. Proc. 306a.

**E. Hon. Butts' Sept. 2, 2015, void order cannot authorize
subsequent void orders by Hon. Herman and Hon. Burwell
that permit a disqualified judge to resume jurisdiction of
cases and parties.**

Because the order entered by Hon. Butts on September 2, 2015, is
void due to her failure on July 30, 2015, to comply with the rules governing
motions for recusal, ie., Tex. Gov't. Code § 25.00255, *et. seq.*, her failure
renders void all actions and orders based on that order, including the two
Minute Orders entered by Hon. Herman and the two orders entered by
Hon. Burwell.  When an order is void, it simply means the order in question
never existed and is not capable of being revived, waived, ratified, amended
or fixed.  An order is void when it is apparent that the court rendering the
order had no jurisdiction of the parties, no jurisdiction of the subject
matter, no jurisdiction to enter the judgment, or no capacity to act as a

-17-

court. [9]. The order is not merely invalid or voidable; it is void from its inception. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). A void order is entirely null within itself; it is not susceptible to ratification or confirmation, and its nullity cannot be waived. See *In re Guardianship of B.A.G.*, 794 S.W.2d 510 (Tex. App.-Corpus Christi[13th Dist.] 1990) (void judgment) (citing *Easterline v. Bean*, 49 S.W.2d 427, 429 (1932); *American Universal Ins. Co. v. D.B.&B.*, Inc., 725 S.W.2d 764, 766 (Tex. App.-[13th Dist.] 1987, writ ref'd n.r.e.).

**F. Hon. Herman's orders based on Hon. Butts' void order, are void, as well, as are Hon. Burwell's orders void when based on Hon. Herman's orders.**

The initial effect of the void order of Hon. Butts is to give authority to Hon. Herman to transfer the case to Probate Court No. 2, to Hon. Mike Wood, a disqualified judge, presiding.

When Hon. Herman's Sept. 8, 2015, order of transfer to Probate Court No. 2 was challenged on Sept. 15, 2015, Hon. Herman used the void order of Hon. Butts to enter yet another void order assigning Hon. Burwell to hear the July 15, 2015, motion to recuse / disqualify. Assuming *arguendo*, there could possibly have been any validity to the order assigning Hon. Burwell, the void order of assignment only assigned her to

---

[9] *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)

hear a motion to recuse, **not disqualify**.  If Hon. Burwell's order of Oct.

16, 2015, were not void already, it would be void because she was not

assigned to consider disqualification. [10]

Finally, after Richard Stephen Calkins re-urged Hon. Wood to accept

his 2009 disqualification on Nov. 2, filing the *Motion Re-Urging*

*Constitutional Disqualification,* on November 20, 2015, with no notice of

hearing and opportunity to respond, Hon. Burwell entered yet another void

order denying the motion,  apparently based on her prior void assignment

by Hon. Herman.

**G.     All the void orders violate Fourteenth Amendment due process protection to Richard Stephen Calkins and Mary Olive Calkins and/or her estate.**

The final outcome of the cascade of void orders beginning with Hon.

Butts' Sept. 2, 2015, void order is to place Richard Stephen Calkins, Mary

Olive Calkins and/or her estate, and Carolyn James in Probate Court No. 2,

with a constitutionally disqualified judge, Hon. Mike Wood, presiding over

the cases from which he was constitutionally disqualified in 2009.  TEX.

CONST. art. V, § 11. Once it is determined that a judge is constitutionally

disqualified from sitting in a case, the judge is without authority to act and

---

[10] *Ex Parte Eastland*, 811 S.W.2d 571 (Tex. 1991)

the judge's rulings are void. [11]

More than 50 years ago the Supreme Court held that"

[U]nder the Due Process Clause no judge "can be a judge in his own case [or be] permitted to try cases where he has an interest in the outcome." [12]

Due process as protected by the Fourteenth Amendment to the United States Constitution and the Texas Constitution forbids a disqualified judge from re-entering the case.

The Supreme Court has stated . . .that a fundamental requirement of due process is that a litigant is entitled to "[a] fair trial in a fair tribunal." *Murchison*, 349 U.S. at 136. In order to fulfill this constitutional requirement, the Court has held that it violates the Fourteenth Amendment "to subject [a person's] liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." *Tumey v. Ohio*, 273 U.S. 510, 523 (1927). Likewise, due process mandates that no judge "can be a judge in his own case [or be] permitted to try cases where he has an interest in the outcome." *Murchison,* 349 U.S. at 136. Although the interest cannot be defined with precision, the test is whether the situation "would offer a possible temptation to the average man as a judge... not to hold the balance nice, clear and true." *Id.* (quoting *Tumey*, 273 U.S. at 532). *1997 B.Y.U. L. Rev.* 423, at 438.

## H.  Once recused or disqualified, a judge may not re-enter the case.

Once a judge is recused as Hon. Butts is—a lower standard than the

---

[11]  *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428, 41 Tex. Sup. Ct. J. 591 (Tex. 1998).

[12]  *In re Murchison*, 349 U.S. 133, 136 (1955).

-20-

constitutional disqualification of Hon. Wood here—she is always recused from a case. [13]

Whether the order says "recused," or "disqualified," is not determinative; the motion heard by the Hon. Underwood only requested that Hon. Mike Wood be disqualified on constitutional grounds, and the prayer for relief only requests disqualification on constitutional grounds; the word, "recuse" does not appear in the prayer for relief. The courts look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it; the prayer for relief in the motion requesting disqualification, controls. [14]

The ministerial act exception, ie., non-discretionary actions a court can take that do not involve exercising judicial discretion or actions that affect the rights of a party, allow a court to act in the case. The non-discretionary, ministerial act required to be taken by Hon. Butts was to follow the mandate Tex. Gov. Code § 25.00255(g)((1)(B)—subject to subsection (l)—that Judge Butts request that the clerk who serves the statutory probate courts in Harris County randomly reassign the case to a judge of one of the other statutory probate courts located in the county.

---

[13] *Moody v. Simmons*, 858 F.2d 137, 142 (3d Cir. 1988) ("Once a judge has disqualified himself, he or she may enter no further orders in the case.").

[14] *State Bar v. Heard*, 603 S.W.2d 829 (Tex. 1980) 1980 Tex. Lexis 363.

Because, however, all judges in Harris County were either voluntarily recused or disqualified, the clerk who serves the statutory probate courts in Harris County was then mandated to follow the statute, Subsection (l) of Tex. Gov. Code § 25.00255:

> Tex. Gov. Code § 25.00255(l) If a clerk of a statutory probate court is unable to reassign a case as requested under Subsection (g)(1)(B) or (i-3)(2) because the other statutory probate court judges in the county have been recused or disqualified or are otherwise unavailable to hear the case, the clerk shall immediately notify the presiding judge of the administrative judicial district and request that the presiding judge of the administrative judicial district assign a judge under Section 25.002201.

Instead, the clerk's record, App. 9, P 5-6, *supra,* demonstrates no compliance by Hon. Butts with the statute on July 30, 2015, or at any time up through August 31, 2015, the last day before the statute, Tex. Gov. Code § 25.00255, *et seq.*, changed on September 1, 2015. Hon. Butts had no discretion to refuse to make the request *supra,* to the clerk as set out above. By her void order thirty-three (33) days after her order re-recusing herself, Hon. Butts put into motion a series of void orders that now place these parties back in Probate Court No. 2, with disqulalified Hon. Mike Wood presiding over the same parties from whom he was disqualified from presiding over on March 5, 2009.

**I.** **The byzantine, cascading series of void orders started with Hon. Butts' Sept. 2, 2015, order.**

What the clerk's record <u>does</u> demonstrate is that:

1.  coincidently, one day after the Tex. Gov. Code § 25.00255 changed on September 1, 2015, Hon. Butts issued her void order of September 2, 2015, referring the case to Hon. Herman instead of having followed the statute at any time prior to September 1, 2015;

2.  using Hon. Butts' void order, Hon. Herman issued a void order on September 8, 2015, Minute Order 2015-065, which ordered the probate clerk of Harris County to transfer the probate matter to Probate Court No. 2 [disqualified judge Hon. Mike Wood presiding]. (The Minute Order was not made a part of the records of the case until October 19, 2015, forty-one (41) days after action based on that Minute Order was taken.)

As a result of the void Minute Order 2015-065, Richard Stephen Calkins [now-former] counsel filed a *Motion to Recuse and/or Disqualify Judge Mike Wood*, App. 12, *supra*, based on the 2009 disqualification of Judge Mike Wood. When that motion was presented to him, Hon. Wood referred it to Hon. Herman, allowing the following void orders to be entered:

3.  again using Hon. Butts' void order, Hon. Herman issued a second void order on September 8, 2015: Minute Order 2015-070 in which he assigned Hon. Gladys Burwell to <u>hear the Motion to Recuse, only</u>, of Hon. Wood. Even as a void order, Hon. Burwell was <u>not assigned to hear a Motion for Disqualification</u>. (The Minute Order was not a part of the records of the case until October 19, 2015, three days after action based on that Minute Order was taken.)

-23-

4.  in a void assignment based on a void order, using a void order, and although only assigned by Hon. Herman to hear the <u>Motion to Recuse</u>, of Hon. Wood, not assigned to hear a Motion for Disqualification, Hon. Burwell entered her own void order denying recusal **and/or disqualification** of Hon. Mike Wood on October 16, 2015.

As a result of that void order by Hon. Burwell, Calkins, through current counsel, filed on November 2, 2015, *Motion Re-Urging Constitutional Disqualification of Judge Mike Wood, Based on the Prior, March 5, 2009, Disqualification of Judge Mike Wood In Case Involving Mary Olive Calkins, Carolyn James, and Richard Stephen Calkins, In Which Hon. Olen Underwood Found Carolyn James Joined in the Motion for Disqualification* (hereafter "*Motion Re-Urging*"). Based on that motion,

5.  On November 20, 2015, with no [new, void] order of assignment to have done so and with no notice to the parties of a hearing set to do so, Hon. Burwell "reviewed" and issued yet another void order denying Richard Stephen Calkins' November 2, 2015, *Motion Re-Urging Constitutional Disqualification of Judge Mike Wood, Based on the Prior, March 5, 2009, Disqualification of Judge Mike Wood In Case Involving Mary Olive Calkins, Carolyn James, and Richard Stephen Calkins, In Which Hon. Olen Underwood Found Carolyn James Joined in the Motion for Disqualification.*

**J.  Using the void orders, disqualified judge, Hon. Wood, is resuming jurisdiction over the parties and the cases.**

After Hon. Wood's 2009 disqualification, as a result of the five (5) void orders set out above, by setting this case for the appointment of a

temporary administrator for December 1, 2015,, Hon. Wood is now attempting to reassume jurisdiction in this case involving the same parties and attempting to enter dispositive orders by appointing a temporary administrator, all in an effort to affect this case.

**K.      One of the fundamental goals of the American legal system is equal justice to all under the law.** [15]

There can be no equal justice under the law if a recused judge [Hon. Butts] is permitted to resume jurisdiction in order to enter a void order which appears to be done so that other void orders affecting the parties and the case can be entered.

There can be no equal justice under the law if the void order issued by Hon. Butts can be used for Hon. Herman to issue other void orders which could not have been issued but for Hon. Butts' void order.

Finally, there can be no equal justice under the law if the serial void orders permit a disqualified judge—Hon. Mike Wood—to resume jurisdiction of the parties and cases in the continuation of a case from which he was constitutionally disqualified.

---

[15] Donald Nugent, *Judicial Bias*, 42 Clev. St. L. Rev. 1, 17, 1994.

**L.    Mandamus is the only adequate remedy for Richard Stephen Calkins when challenging a void order.**

Mandamus relief is proper in this case because the orders Mr. Calkins challenge are void, giving him no other adequate remedy. [16]

**1.    Mandamus is the proper remedy for challenging a judge's resumption of jurisdiction after disqualification and /or recusal.**

The serial void orders seem to be designed to re-establish the Hon. Mike Wood as the judge presiding over these parties and cases, even though he was disqualified in 2009 from presiding over the case involving these same parties.

**2.    Mr. Calkins will suffer immediate and irreparable harm.**

It appears that all the void orders beginning with Hon. Butts' Sept. 2, 2015, order have but one direction: that of enabling the disqualified Hon. Mike Wood to resume jurisdiction over the parties and case he was disqualified from in 2009.

## Conclusion

Due process requires that Mr. Calkins be able to conduct his case before a judge who has not already been constitutionally disqualified or who has not already been recused, twice, and yet both resume jurisdiction

---

[16] *Urbish, supra; McGrew, supra, In re Southwestern Bell, supra*

over the same cases and same parties.

The case of *In re Hecht* is instructive for the conduct of this continuation of the 2008 litigation involving the same cases and parties, over which Hon. Butts and Hon. Wood have previously presided:

> [O]ur judicial system is based upon the cornerstones of integrity, impartiality, fairness, and independence. In discharging judicial responsibilities, the judge must be governed by the Rule of Law, conduct a fair and impartial hearing, and dispense justice as well as equity under the law, according to the particular facts and circumstances presented in each individual case. *In re Hecht*, 213 S.W.3d 547, 565, 2006 Tex. Lexis 1340.

## PRAYER

For all of the above reasons, Richard Stephen Calkins respectfully requests that this Court:

1. Call for a response to this petition and set a briefing schedule;

2. Grant oral argument;

3. Grant mandamus relief and vacate Hon. Butt's Sept. 2, 2015, order;

4. Order Hon. Butts follow Tex. Gov't. Code § 25.00255 in effect on July 30, 2015, by serving the county clerk serving the statutory probate courts of Harris County with her order of recusal so that the county clerk may follow the mandates of the Tex. Gov't. Code § 25.00255(l) in effect on July 30, 2015; and

5. Grant all other relief he is entitled to receive.

Respectfully submitted,

 /S/ Susan C. Norman
Susan C. Norman
State Bar No. 15083020
P. O. Box 52518
Houston, Texas 77052
713-882-2066
713-229-8328 facsimile

## CERTIFICATION

I certify that I have reviewed this petition and concluded that every factual statement in the petition is supported by competent evidence included in the record or in the appendix to the petition.

/S/ Susan C. Norman
Susan C. Norman


## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 13-point for footnotes.

The undersigned certifies as follows: This brief complies with the word-count limitations of TEX. R. APP. 9.4(i) because it contains 6,067 words, excluding all parts exempted by Tex. R. App. P. 9.4(i)(1).

/S/ Susan C. Norman
Susan C. Norman

## Certificate of Service

I hereby certify that on December 1, 2015, a true and correct copy of this document was served on the following counsel and respondent:

The Honorable Christine Butts                                      Via Hand Delivery
Probate Court No. 4
201 Caroline, 7th Floor
Houston, Texas 77002
Telephone: 713-368-7171
Respondent

G. Wesley Urquhart                                         Via Texas Efile
P. O. Box 20415575
Houston, Texas 77235-5520
713-582-0803
Attorney for Carolyn James

Phillip Calkins Strauss                                       Via email
phillip.strauss@gmail.com .

Courtesy Copy to:

The Honorable Mike Wood                                    Via Hand Delivery
Probate Court No. 2
201 Caroline, Suite 680
Houston, Texas 77002
Telephone: 713-368

/S/ Susan C. Norman
Susan C. Norman



No. 378,993

**DATA ENTRY**
**PICK UP THIS DATE**

IN RE: § PROBATE COURT

MARY OLIVE CALKINS, § NUMBER FOUR ~~PROBATE COURT~~ **4**

AN INCAPACITATED PERSON § HARRIS COUNTY, TEXAS

**RECUSAL ORDER**

On this day, the Court on its own motion finds that it is in the best interest of the above-referenced cause of action for the Court to recuse herself, and the Court hereby recuses herself from the above-referenced cause of action and all associated sub-dockets, including 378,993-401, pursuant to Tex.Govt.Code §25.00255.

IT IS THEREFORE ORDERED that the Harris County Clerk shall randomly assign this case to a judge of one of the other Harris County Probate Courts pursuant to Section 4.3 of the Local Rules for the Probate Courts of Harris County as approved by the Supreme Court of Texas on June 25, 2007.

IT IS FURTHER ORDERED that Judge Christine Butts will take no further action in this cause.

Costs associated with this order are waived.

Signed this ____11____ day of March, 2011.

Christine Butts, Judge
Harris County Probate Court No. 4

**EXHIBIT**
**A**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



UNOFFICIAL COPY

PICK UP THIS DATE

CAUSE NO. 378,993      PROBATE COURT 4

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| MARY OLIVE CALKINS, | § | NUMBER ONE OF |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

**ORDER OF RECUSAL**

On this the 4th day of March, 2011 the Court, on its own motion recuses itself from the above-referenced cause of action and all associated sub-dockets, including 378,993-401, pursuant to Tex. Govt. Code § 25.00255.

IT IS THEREFORE ORDERED that this matter be randomly reassigned by the county clerk to a judge of one of the other Harris County statutory probate courts pursuant to Tex. Govt. Code § 25.00255(g)(1)(B).

IT IS FURTHER ORDERED that all costs incident to this order are hereby waived.

SIGNED this 4th day of March, 2011

_____
Loyd Wright
Judge, Probate Court No. One

FILED
2011 MAR -4 PM 4: 22
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

EXHIBIT
B

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN





No. 378,993                                        PROBATE COURT #4

IN RE:                              §        PROBATE COURT

MARY OLIVE CALKINS,                 §        NUMBER FOUR

AN ADULT INCAPACITATED PERSON       §        HARRIS COUNTY, TEXAS

### RECUSAL ORDER

On this day, the Court on its own motion finds that it is in the best interest of the above-referenced cause and all related litigation for the Court to recuse himself. It is therefore

ORDERED that the Honorable William C. McCulloch recuses himself from Cause No. 378,993 together with all subdockets, if any; and it is further

ORDERED that the Honorable William C. McCulloch will take no further action in this cause except to refer this cause to the presiding statutory probate judge for the State of Texas.

Pursuant to Section 25 of the Texas Government Code, the undersigned hereby requests that the presiding statutory probate judge for the State of Texas, the Honorable Guy Herman, assign a statutory probate judge to preside in this cause.

Signed August 23, 2010.

_____
William C. McCulloch, Judge
Harris County Probate Court No. 4

**EXHIBIT**

C

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Appendix 4, Orders Recusal & Disqualification
Page 3 of 4

_____ Deputy
SONG THI NGAN TRAN





CAUSE NO. ~~278423~~ 378,993

PROBATE COURT #2

IN RE: §
§ IN THE PROBATE
MARY OLIVE CAULKINS §
§ COURT # 2 OF
§
§ HARRIS COUNTY, TEXAS

**ORDER ON MOTION TO RECUSE**
**AFTER HEARING**

On March 5, 2009 came on to be heard, the Motion to Recuse filed pursuant to TRCP 18a in the above captioned cause. The Court has considered the Motion, all attachments thereto, and all evidence presented, all citations of authority and arguments of counsel.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

Presiding Judge
Second Administrative Judicial Region of Texas
207 West Phillips , 3rd Floor
Conroe, Texas 77301
Fax No. 409 538-8167

SIGNED this 5th of March, 2009.

JUDGE PRESIDING

RECORDER'S MEMORANDUM.
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded

FILED 2009 MAR -5 AM 11:88

**EXHIBIT**
**D**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Appendix 4, Orders Recusal & Disqualification
Page 4 of 4

_____ Deputy
SONG THI NGAN TRAN

CAUSE NO. 275,123

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE |
| | § | |
| DICK C. CAULKINS | § | COURT # 2 OF |
| TESTAMENTARY TRUSTS | § | |
| | § | HARRIS COUNTY, TEXAS |

### ORDER ON MOTION TO RECUSE
### AFTER HEARING

On March 5, 2009 came on to be heard, the Motion to Recuse filed pursuant to TRCP 18a in the above captioned cause. The Court has considered the Motion, all attachments thereto, and all evidence presented, all citations of authority and arguments of counsel.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

Presiding Judge
Second Administrative Judicial Region of Texas
207 West Phillips , 3rd Floor
Conroe, Texas 77301
Fax No. 409 538-8167

SIGNED this 5th of March, 2009.

JUDGE PRESIDING

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas     **Appendix 3, Order Grant Motion DQ Wood**
                          **Page 1 of 1**

_____ Deputy
SONG THI NGAN TRAN



Motion to Disqualify
*March 5, 2009*

REPORTER'S RECORD
VOLUME 1 OF 2 VOLUMES
TRIAL COURT CAUSE NO. 275123 & 378993

IN RE:                                          IN HARRIS COUNTY,

                                               TEXAS

DICK C. CALKINS

---

<mark>MOTION TO DISQUALIFY</mark>

---

On the 5th day of March, 2009, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable OLEN UNDEWOOD, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

Edna Thornton
Deputy Court Reporter

ORIGINAL

Motion to Disqualify
March 5, 2009

**APPEARANCES**

Michael Easton
P. O. Box 646
Richmond, Texas 77406
Telephone:  281 415 8655
Attorney for  (Pro Se)

Susan Norman
SBOT NO. 15083020
Attorney at Law
P. O. Box 806
Richmond, Texas 77406
Telephone:  281 232 7574

Sharon Gardner
SBOT NO. 02877400
Attorney at Law
1401 McKinney, 17th Fl.
Houston, Texas 77010
Telephone:  713 658 2323

Motion to Disqualify
*March 5, 2009*

VOLUME 1

Motion to Disqualify

March 5, 2009

|                                          |        | PAGE VOL. |
|------------------------------------------|--------|-----------|
| Eric Andel                        Direct | Cross  | V.Dire    |
| By Mr. Easton                      4 v1  |        |           |
| Argument .........................................5    1 |
| Court's Ruling ...................................8    1 |
| Reporter's Certificate ...........................9    1 |

Andel, Eric                            4 v1

| Movant's 1 | Amended Motion   | 4 v1 | 4 v1 | Record |
|------------|------------------|------|------|--------|
| Movant's 2 | Motion to Quash  | 4 v1 | 4 v1 | Record |
| Movant's 3 | Order            | 4 v1 | 4 v1 | Record |
| Movant's 4 | Response         | 4 v1 | 4 v1 | Record |
| Movant's 5 | Letter           | 4 v1 | 4 v1 | Record |
| Movant's 6 | Letter           | 4 v1 | 4 v1 | Record |

Motion to Disqualify
*March 5, 2009*

THE COURT: 275123, and 378993.

MR. EASTON: Movant would offer Movant's 1 through 6, without objection from opposing counsel.

THE COURT: Admitted.

MR. EASTON: I would like to call one witness, ask him one question and let him go.

THE COURT: Okay.

MR. EASTON: Eric Andel.

**ERIC ANDEL,**

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

Q    Justice Andel, handing you what has been marked Exhibit 2. The title of the document is Motion to Quash Subpoena and it's on behalf of Judge Mike Wood, Probate Court Two. At the bottom Judge Wood requests that there be an admonishment.

A    I see that.

Q    Signed by his attorney.

Is an admonishment a sanction, yes or no?

MS. GARDNER: I'm going to object to him asking an opinion. You're the Judge presiding over this case.

THE COURT: Sustained.

Q    (By Mr. Easton) From your personal knowledge then, not as a legal question, is an admonishment a

*Eric Andel – March 5, 2009*
*Direct Examination by Mr. Easton*

sanction?

A  In what context?  It's contextual.

Q  If you're a party to a lawsuit or before official proceeding or judicial proceeding, is an admonishment a sanction?

MS. GARDNER:  Object again.  Mr. Easton knows that his lay opinion isn't relevant.

THE COURT:  Sustained.

MR. EASTON:   That's all I have.

THE COURT:  Any questions?

MS. GARDNER:  No.

**ARGUMENT**

THE COURT:  Thank you.  You are excused.

Argument?  Anybody else have anything to offer?

MS. GARDNER:  I do not, your Honor.

MS. NORMAN:  I join the Motion.

THE COURT:  Okay.

MR. EASTON:  Exhibits 1 through 6, very narrow issue here.  In January -- sorry -- February, 2008, as Easton Exhibit 3 demonstrates, you signed an order disqualifying Judge Wood for filing a Motion for Sanctions in the same case where he was presiding as Judge.  Judge Wood, as shown in Easton Exhibit 4, went on in great detail to define what a sanction was and,

*Argument by Mr. Easton*
*March 5, 2009*

interestingly enough, quoted the codified section 10.004 of the Civil Practices and Remedies Code, a Court may "impose a sanction on the person, a party represented by the person, or both," leading all the way up to contempt. He then goes on in the pleadings in Easton Exhibit 4 to quote this Court's order and he states that Judge Underwood, when you ruled, got it wrong, that the motion for sanctions he filed against the parties was not in Federal Court but actually in the probate court. He's correct on that. Exhibit 3 would be your order granting on the same identical grounds. And in Judge Wood's pleading, which has been identified and admitted into evidence, he once again requests that sanctions be imposed against Ms. Norman and in the same case where he's sitting as the judge.

From the viewpoint of what the law is, in the case of Thomas versus Capital, the Court writes the least severe sanction should be the first sanction imposed. Judges are free to admonish or reprimand attorneys. It's part of the sanctions. You can admonish. Bradt versus West backtracks that language.

Once a request is made for any type of sanction, "any orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect. In Re Union Pacific Resources." That

*Argument by Mr. Easton*
*March 5, 2009*

is reported at 969 Southwest 2d 427.

Civil Practice and Remedies Code also defines admonishment as a sanction -- Chapter 10.004 -- which allows the Court the lesser sanction of admonishment.

The final case, In Re Whatley, which is the case that says as to disqualification, the motion alleges Judge Wood is constitutionally disqualified because he filed a motion to quash identification to what he did hear, requested sanction. It is a memorandum called In Re Whatley. Date is August 8, 2006, as reported in West Law 2257399. Identical conduct. Recusal, disqualification. The Court of Appeals said it could never be waived and every order signed thereafter, if constitutionally disqualified, would be void.

Without any further delay, I would ask the Court to grant this motion because I didn't file a motion to recuse. It's two different animals according to In Re Union Pacific Resources, 969 Southwest 2d 427. I'm asking to disqualify based on constitutional grounds for having filed a case against me and Ms. Norman. You've granted that once. Your order, which was Easton 3, went to great pains -- if you recall it, your Honor -- went to great pains to describe his conduct to

*Argument by Mr. Easton*
*March 5, 2009*

be neutral, unbiased, everything else, but it said once he asked for the sanctions and placed himself in an adversarial posture, however inadvertent, he was recused from the case. The Court of Appeals says you can't do that. That's a request for sanctions, disqualifies you from sitting on the case. It's not a personal attack. I don't need a witness. The Exhibits speak for itself.

I want to thank you for coming to Harris County.

THE COURT: Ms. Gardner.

MS. GARDNER: She is not taking a position as to whether Judge Woods should be recused. She just wants an expeditious trial. We just need to get to trial. I have a ward who is elderly. We don't know what her health, physical -- my client is extremely concerned.

THE COURT: You join the motion. Motion granted.

MR. EASTON: Thank you, sir.

*Motion to Disqualify*
*March 5, 2009*

STATE OF TEXAS

COUNTY OF HARRIS

I, Edna Thornton, Deputy Court Reporter in and for the Project Court No. 2 of Harris, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ *107⁰⁰* and was paid/will be paid by ___*M,rS. Nomm*___.

_____

Edna Thornton, CSR
Texas CSR 1306
Deputy Court Reporter
Project Court No. 2
Harris County, Texas
1201 Franklin
Houston, TX 77002
Telephone: 713-248-0745
Expiration: 12/31/2009

EXHIBITS
*March 5, 2009*

REPORTER'S RECORD
VOLUME 2 OF 2 VOLUMES
TRIAL COURT CAUSE NO. 275123 & 378993

IN RE:                              )      IN THE DISTRICT COURT
                                    )
                                    )      HARRIS COUNTY, TEXAS
                                    )
DICK C. CALKINS

MARY OLIVE CALKINS

---

**EXHIBITS**

---

On the 5th day of March, 2009, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable OLEN UNDERWOOD,, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

Edna Thornton
Deputy Court Reporter

EXHIBITS
*March 5, 2009*
**APPEARANCES**

Michael Easton
P. O. Box 646
Richmond, Texas 77406
Telephone:  281 415 8655
Attorney for   (Pro Se)

Susan Norman
SBOT NO. 15083020
Attorney at Law
P. O. Box 806
Richmond, Texas 77406
Telephone:  281 232 7574

Sharon Gardner
SBOT NO. 02877400
Attorney at Law
1401 McKinney, 17th Fl.
Houston, Texas 77010
Telephone:  713 658 2323

| EXHIBITS |
| :---: |
| *March 5, 2009* |

VOLUME 1

Motion to Recuse

March 5, 2009

|  |  | PAGE VOL. | | |
| --- | --- | --- | --- | --- |
|  |  | OFFERED | ADMITTED | |
| Movant's 1 | Amended Motion | 4 v1 | 4 v1 | Record |
| Movant's 2 | Motion to Quash | 4 v1 | 4 v1 | Record |
| Movant's 3 | Order | 4 v1 | 4 v1 | Record |
| Movant's 4 | Response | 4 v1 | 4 v1 | Record |
| Movant's 5 | Letter | 4 v1 | 4 v1 | Record |
| Movant's 6 | Letter | 4 v1 | 4 v1 | Record |

EXHIBITS
*March 5, 2009*

March 5, 2009

PAGE VOL.

OFFERED        ADMITTED

Movant's 1    Amended Motion         4 v1      4 v1   Record

CAUSE NO. 275,123

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| DICK C. CALKINS TESTAMENTARY TRUSTS | § | NUMBER TWO (2) OF |
| | § | HARRIS COUNTY, TEXAS |

247010

CAUSE NO 378,993

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| MARY OLIVE CALKINS | § | NUMBER TWO (2) OF |
| | § | HARRIS COUNTY, TEXAS |

## FIRST AMENDED MOTION TO DISQUALIFY MIKE WOOD ON CONSTITUTIONAL GROUNDS

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Michael Easton, Intervenor in both cases who moves that Mike Wood disqualify himself in both these cases and in support he would show as follows via this amended motion to disqualify:

THIS MOTION IS FILED IN LIGHT OF ADDITIONAL FACTS

THAT CAME TO LIGHT ON FEBRUARY 12TH 2009

### I. THIRD PARTY ENTRY BY WOOD

1. On September 24th 2008, Judge Wood filed what he attempted to pass off as a motion to quash a subpoena. See Exhibit "A" annexed hereto and duly incorporated

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



herein by reference as if set forth verbatim.

2. This alleged motion to quash did more than ask the Court to quash a subpoena, it actually went on to insult counsel, impugn her integrity, and deliver arguments as to why the previous motion to recuse filed by *Calkins* should not be granted. In addition, this motion filed by Judge Wood also requested that Calkins counsel be sanctioned, and that a third party, specifically, Michael Easton **who had no connection to the case** be sanctioned as well for "filing" the motion to recuse. Wood also attached a Houston Press "article" and adopted the piece as his argument opposing the recusal, and also attached a memorandum from U.S. District Court, replete with factual inaccuracies that he both provoked when Wood as the Trial Judge in cause No. 355095 In re Whatley, filed a motion to remand a case that had been removed to federal Court.[1]

3. Realizing now what he has done, if given additional time, Wood will now be heard to say that the instrument that he filed was really a "deed- of- trust", and that it was not an opposition to the recusal at all. However, the law reaches no such result, for it is well settled law in Texas that it is not the title or style of the pleading that controls, it is the substance and content, not the label ( i.e. motion to quash)

---

[1] The Court read correctly, a trial judge who files motions to remand as the trial judge in case.

2

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Song Thi Ngan Tran _____ Deputy
SONG THI NGAN TRAN



affixed by the draftsman that controls. *Bryan v. G.E.* 553 S.W.2d. 415 (Tex. App. 1977); *Mercer v. Band* 454 S.W.2d.833 (Tex. App. 1970); *Smith v. City of Dallas* 404 S.W.2d. 839 (Tex. App. 1966). *See also Buckholts State Bank v. Thallman* 196 S.W.2d. 687 n.w.h. *Squyres v. Rasmussen* 296 S.W.2d. 977 n.w.h., Smith v. Kraft 9 S.W. 2d. 472 n.w.h. Thus, a motion, no matter what it is called is to be judged and determined not by its title or caption, but by its actual content and finally, its prayer for relief. *State Bar of Tex. v. Heard*, 603 S. W. 2d 829, 833 (Tex. 1980);*Criton Corp. v. Highlands Ins. Co.*, 809 S.W.2d 355, 357 (Tex. App. Houston [14th Dist.] 1991, writ denied).

## II. EASTON'S NON-INVOLVEMENT

4.      The reason why Wood filed this purported motion to quash was in fact to contest the motion to recuse, as there was no need to drag Easton into the controversy as Easton was not a party to the suit, was not involved in the suit, and had no bearing on it until Wood and Keys made him a party by seeking the sanction of admonishment against him. Indeed, as Exhibit "B" annexed hereto and duly incorporated herein by reference shows, Easton has made the decision not to get involved in either of these cases. Sensing that this was not good enough, and just like his previous motion to remand in Whatley, *see exhibit "C"* annexed hereto and duly incorporated herein by reference, and his motion for sanctions as the Trial Judge

3

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
A Certified Copy                  **on Constitutional Grounds**
Attest: 10/30/2015                  **Page 3 of 84**
**Stan Stanart, County Clerk**
Harris County, Texas

Song Thi Ngan Tran _____Deputy
SONG THI NGAN TRAN



in the Whatley case against Mrs. Whatley, Wood could not resist holding back as a litigant in these cases, and made the deliberate decision to enter the case, oppose recusal, and seek sanctions. Thus, no matter how inadvertent Wood and Keys may now claim their actions were, Judge Olen Underwood recused Wood on these very same grounds on February 5th 2008, when Wood requested sanctions in a case where he was sitting as the trial Judge.

5.     Although Judge Underwood's Order annexed hereto as exhibit "D" and duly incorporated herein by reference states that Wood filed this motion for sanctions in federal court, Wood promptly corrected that error when in the 125th district Court Wood clarified that Judge Underwood had gotten the venue wrong, that the motion for sanctions was actually filed in the same probate case where Wood was sitting as the Judge. *See Exhibit "E"* annexed hereto and duly incorporated herein by reference. Here, the action is the same, and the result is the same; Wood is Constitutionally disqualified for (1) entering the case, (2) actively opposing recusal, and (3), requesting sanctions against Counsel, and a then non-party who intervened on equitable grounds based on Wood's request for sanctions.[2]

---

[2] The sanction of admonishment is the lesser of all sanctions that trial Court can impose upon being requested to do so.

4

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

## III. JUDICIAL PARTICIPATION

6.    In the purported motion to quash, Wood's participation goes one step further, when Wood raises the **affirmative defense** of judicial immunity to the motion to recuse. Although this affirmative defense would have no practical application to a motion to quash as there is no immunity from testifying when summoned-- as articulated by the United States Supreme Court in *United States v. Mandujano* *(Absent a claim of the privilege, the duty to give testimony remains absolute.)* 425 U.S. 564, 96 S. Ct. 1768, 48 L. Ed. 2d 212 (1976), Wood's invocation of judicial immunity goes beyond the efforts to quash a subpoena, it resists the recusal, and as the law makes clear, if the Judge participates and resists the recusal itself, then he stands disqualified as a matter of law. *Blanchard v. Krueger* 916 S.W.2d. 15. (Tex. App. [1st Dist.] 1995) (Orig. Proceeding). *(Active participation by the trial judge in opposing recusal can lead only to disqualification.)* In this case, just like in *Blanchard*, it is not whether Judge Wood would have received the sanctions he requested, it was the fact that he, by written pleading requested sanctions, and thus acquired a **personal interest** in the case. [3]  In addition, only a defendant would, or

---

[3]

There is no such thing as judicial immunity from testifying, and in fact the United States Supreme Court has indicated that a Judge when subpoenaed must testify absent a legally recognized privilege. *See: Dennis v. Sparks* 101 S. Ct. 183, 449 U.S. 24, (1980). i.e. 5th Amendment, Attorney/Client, Spousal, Physician/Patient. There is no

5

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
A Certified Copy                 **on Constitutional Grounds**
Attest: 10/30/2015                        **Page 5 of 84**
**Stan Stanart, County Clerk**
Harris County, Texas



_____ Deputy
SONG THI NGAN TRAN

even could, raise an affirmative defense to any type of a request for relief, as judicial immunity is an affirmative defense as a matter of law. *Guerrero v. Refugio County, Texas*, 946 S.W.2d. 558, (Tex. App. [13th Dist] 1997). Thus, not content with resisting the recusal only, Wood enters the cases, insults everyone he does not like, participates in the process, third party's in a non-party, raises affirmative defenses to the recusal, and then requests sanctions. If simply asking for sanctions in *Whatley* was enough to disqualify Wood, then Wood has exceeded all expectations in *Calkins* by filing his purported motion to quash.[4] In addition, Wood publicly stating that he was going to call Judge Underwood in advance of a motion to recuse hearing undermines the very purpose of why the Texas Legislature changed the law and took recusals out of the hands of probate Judges. It was the evidence of Wood's use of

---

creature known to law as the "judge cannot testify" privilege except in Mike Stafford/Fred Keys/ County Attorney folklore.

[4]

Because Judge Underwood did not specify on what grounds he was or was not granting the motion to quash as prayed for by Wood, the Court of Appeals will see the motion in its entirety with the knowledge that it was "granted", notwithstanding the body of case law that says it should have never been granted on any the grounds advanced by Wood. *See Ludlow v. Deberry* 959 S.W. 2d. 265 (Tex. App. [Dist.14] 1997) *("On August 17, 1995, this panel issued an order sustaining point of error three **holding it was error to refuse to allow the testimony of Judge Chambers**. Accordingly, we abated the appeal and ordered the trial court to hold another hearing on appellant's motion to recuse **during which appellant could question Judge Chambers**.)*

6

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



the telephone, among others, presented to the Texas Legislature that prompted a change in the law that is being circumvented by Wood using the telephone to once again do what the law was intended to prevent.

## IV. FALSE TESTIMONY INDUCED BY WOOD?

7.      Annexed hereto as exhibit "F" and duly incorporated herein by reference is Deputy Chung Gee's motion to quash asserting a new "privilege" created not at common law, but at County Attorney "school" called the "bailiff privilege" under "Rule 605". Thus, while a deputy sheriff who is taught at the academy how to testify in court when summoned-- should he become a bailiff and witness an event; the County Attorney now posits that Gee is entitled to the "bailiff privilege." Notwithstanding the sheer frivolity of Keys and his minions, the testimony of Gee is most disturbing for when asked on direct examination on September 25th 2008, if Judge Wood had directed him to seize the telephone of Calkins' attorney, Gee responded "NO" that he had done so of his own volition.[5] Thus, the motion to quash filed by the County Attorney was either false and frivolous; Gee perjured himself of his own volition; or, Wood directed him to mislead the recusal Judge. In either scenario, Wood is involved in that either Gee testified falsely, Wood directed it, or

---

[5]

He further stripped himself of all derived judicial immunity by his testimony.

7

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



the County Attorney violated the same rules that all litigants must observe in Court by filing the motion to quash that contradicted Gee's own testimony. Indeed, as Exhibit "G" annexed hereto and duly incorporated herein by reference shows, Wood told Internal Affairs ( of the Sheriff's Office) one story, while Gee, under oath told another. However, one thing is very clear, someone is not telling the truth. Thus, because Wood's testimony is crucial is discovering who committed a crime, his testimony must be had.

8.     Annexed hereto as exhibit "H" and duly incorporated herein by reference is the e-mail sent by Marilyn Lewis, another subordinate of Mike Wood. On September 25th 2008, Lewis on direct examination, and again at the direction of Wood, testified falsely that she was contacted by the UPLC ( The Texas Unauthorized Practice of Law Committee). This too is false, as Easton was serving under the district 4 chair of that same Committee at the time, and became aware of Wood and Lewis' involvement when Lewis contacted the Committee, and in addition Lewis followed up with a fax on Mike Wood's stationary. Thus, Wood is not only hiding his own misconduct, he is directing that his employees swear falsely when summoned to Court. Accordingly, if the judiciary is to remain and honorable institution, Mike

8

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Wood should disqualify himself and prevent any further inquiries in this case.[6]

## V. VOID PROCEEDINGS

9.    In both criminal and civil cases, a judge's disqualification arising from a constitutional o r statutory provision  "affects jurisdiction"  and renders the proceeding a nullity. *Davis v. State*, 956 S.W.2d 555, 558 (Tex. Crim. App. 1997); *Lopez v. State*, 57 S.W.3d 625, 627 (Tex. App. Corpus Christi 2001, pet. ref'd); see *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982) ("The constitutional prohibition has long been held to make any order involving judicial discretion by a constitutionally disqualified judge absolutely void,' a nullity.'"). **Further, even if the parties consent, there can be no waiver of constitutional or statutory disqualification provisions.** *Ex parte Vivier*, 699 S.W.2d 862, 863-64 (Tex. Crim. App. 1985) ; *Lee v. State*, 555 S.W.2d 121, 124 (Tex. Crim. App. 1977); see Buckholts, 632 S.W.2d at 148) *("[D]isregard of the constitutional disqualification is error that can be raised at any point in the proceeding")*. No judge shall sit in any case wherein the judge may be interested, or  where either of the

---

[6] It is obvious to the public-at-large- that Wood and his entire staff take the "Leona Helmsley" approach to the law which is: " **Only the little people are compelled to obey it—not us.**" *See United States v. Helmsley*, 941 F.2d 71 (2nd Cir.1991) *("Only the little people pay taxes...)"*

9

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case. *Tex. Const. Art. V. 11.* In addition on information and belief and as will proved up at hearing Judge Wood concedes that he had no jurisdiction in this case based on the failure of Crain, Caton & James to serve the proposed ward before dividing up the Estate.

## VI. CONCLUSION

10. On September 24th 2008, and despite not having any reason to do so, Judge Wood entered these cases by (1) invoking an affirmative defense to the motion to recuse, (2) bringing a third party into the case, (3) maligning and disparaging counsel and making false statements in his pleadings, (4) seeking sanctions, and (5) participating in the recusal. Thus, no matter how deliberate or inadvertent these actions were, he took an adversarial posture and position in a case where his personal lawyer, and his law firm, Crain, Caton and James were involved. Accordingly he stands disqualified as a matter of law.

**WHEREFORE, PREMISES CONSIDERED**, Movant prays that Mike Wood enter an order disqualifying himself from any further involvement in these cases.

10

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas



Deputy
SONG THI NGAN TRAN

Respectfully Submitted,
/s/Michael Easton
P.O. Box 646,
Richmond, Texas 77406
281-415-8655
EastProLaw@msn.com

## CERTIFICATE OF SERVICE

On this the12th Day of February 2009, I certify that I served all parties including Mike Wood with a true and correct copy of this motion.

/s/ Michael Easton

11

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



# VERIFICATION

STATE OF TEXAS
COUNTY OF FORT BEND

    Before me, personally appeared Michael Easton, who after being placed under oath did affirm that he has read the amended motion to disqualify Mike Wood and that all the statements contained therein are true and correct to the best of his information, knowledge and belief.

_____
MICHAEL EASTON

Sworn and subscribed to me on this the 12ᵗʰ day of February 2009.



RHONDA M CLARK
My Commission Expires
August 30, 2009

_____
NOTARY PUBLIC

12

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 12 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN





# Office of the Harris County Attorney
## Michael A. Stafford

## FACSIMILE TRANSMISSION

TO:    Sharon Garnder              Fax# (713) 658-1921
           Susan Norman              Fax# (281) 605-1822
           Suzanne P. Kornblit       Fax# (713) 524-2423

FROM:    Fred Keys                Fax# (713) 755-8924

DATE:    September 24, 2008

RE:    Cause No. 378,993; Mary Olive Calkins; In Probate Court No. 2, Harris County, Texas

        Cause No. 275,123; Dick C. Calkins, Testamentary Trusts; In Probate Court No. 2, Harris County, Texas

PAGES:    18 + Transmittal Sheet

### NOTICE

This facsimile contains **CONFIDENTIAL INFORMATION** which may also be **LEGALLY PRIVILEGED** and which is intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for the delivering or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the address listed below via the Postal Service.

**Exhibit A**
**Page 1 of 19**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 13 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



No. 378 993

IN RE: § IN PROBATE COURT No. 2
§
MARY OLIVE CALKINS § HARRIS COUNTY, TEXAS

No. 275 123

IN RE: § IN PROBATE COURT No. 2
DICK C. CALKINS §
TESTAMENTARY TRUSTS § HARRIS COUNTY, TEXAS

MOTION TO QUASH WITNESS SUBPOENA

To the Honorable Olen Underwood, Presiding Judge Second Administrative Judicial Region:

The Honorable Mike Wood, Judge in Harris County Probate Court No. 2, moves to quash the witness subpoena issued by Susan C. Norman on behalf of Richard S. Calkins. The subpoena purports to command Judge Wood to appear to testify in his own recusal hearing set on September 25, 2008, at 1201 Franklin, Project Court No. 2, Harris County, Texas.[1]

Ms. Norman has a reputation of abuse of both the Texas recusal statute and the federal removal process for purposes of delay and cost building.[2] Her faithful cohort, Michael Bitgood

---

[1] Exhibit A, Copy of the Witness Subpoena.

[2] Exhibit B, Judge Gray Miller's Memorandum and Order dated June 2, 2006, page 3, "A notice of removal may not be filed again in the proceedings of *In re the Guardianship of the Person and Estate of Perry Lee Whatley* (Cause Number 355095), or any related matter, without the prior written approval of the undersigned Judge." fn. 2, "Norman and Easton have abused the removal procedures several other times in an effort to frustrate the guardianship proceedings. *See e.g. Southwest Boston Senior Servs., Inc. v. Perry Lee Whatley*, No 05-11881-PBS (D. Mass. 2005); *In Re Perry Lee Whatley*, H-05-cv-2663 (S.D. Tex. 2005); *Perry Lee Whatley v. Susan C. Norman*, H-05-cv-3622 (S.D. Tex. 2005).

Exhibit A
Page 2 of 19

Page 1 of 4

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



Easton, is also notorious for abuse of the judicial system.[3]  But, to his credit, Mr. Easton has survived many investigations by the Texas State Bar for the unauthorized practice of law and proudly announces business-as-usual.

This court is somewhat aware of the sad history of the *Whatley* case, involving the same cast of characters (different clients, similar case).[4]  In *Whatley* Ms. Norman and her clients were involved in multiple motions to recuse Judge Wood; removals to federal courts before Judge Lynn Hughes, Judge Patti Saris (Massachusetts), Judge Kenneth Hoyt (twice), Judge Vanessa Gilmore, and Judge Gray Miller; multiple mandamuses, appeals, and dismissals.  The direct appeal of *Whatley* is pending in the Fourteenth Court of Appeals, Cause No. 14-06-00970-CV.  Simultaneously, the Whatley probate matter is being re-litigated as a meretricious civil rights claim[5] in *Sun Life v. Walker*, In the 125th Judicial District, Harris County, Texas, Judge Paul Murphy sitting by designation.  Judge Wood's Motion for Final Summary Judgment based upon judicial immunity is pending in that court; and has been since August 10, 2007.

Now the antics resume.  As much as Ms. Norman would love to make him so, Judge Wood is not a party in this case.  He is the judge.[6]  Like in *Whatley*, Judge Wood has done nothing outside his judicial capacity in *Calkins*.  He has no knowledge of this case except in his capacity as judge.  He is absolutely immune from suit.  *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman*, 435 U.S. 349, 362-64, 98 S.Ct.

---

[3]  Exhibit C, Houston Press, June 26, 2003, "Bar Card – The antics of an ex-con raise questions about his paralegal role."

[4]  Exhibit D, Order Recusing Judge Wood.

[5]  Judge Hughes appropriately noted in the Whatley's first attempt at removal, "Because Whatley improperly removed this case -- meretriciously claiming defensive civil-rights violations in an application for appointment of temporary guardianship – it is remanded to the Harris County, Texas, Probate Court Two."

[6]  "Judge Olsen is not a party to this appeal. He is the trial judge." *In re Bauer*, 2001 WL 549027, 1 (Tex.App.-Hou. [1st Dist.] 2001, review denied) (Not designated for publication.)

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 15 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas


_____ Deputy
SONG THI NGAN TRAN



SEP-24-2008 09:36AM FROM-Harris County Atty's Office + T-056 P.004/019 F-250

1099, 1107-09, 55 L.Ed.2d 331 (1978); *Mireles v. Waco,* 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991); *Bradt v. West,* 892 S.W.2d 56, 67 -68 (Tex.App.-Houston [1 Dist.],1994, writ denied).

In order to compel Judge Wood to testify regarding his mental processes in arriving at a judicial decision, Mr. Calkins must show extraordinary circumstances that would justify compelling the judge to testify. *Tate v. State,* 834 S.W.2d 566, 569-70 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd); *Thomas v. Walker,* 860 S.W.2d 579, 581 (Tex.App.-Waco 1993, no writ) ("Regarding Judge Walker's ruling quashing the subpoenas *duces tecum* secured by Relator to obtain Judge Black's testimony and that of his wife at the recusal hearing, no abuse of discretion on Judge Walker's part has been shown.") Any inquiry into Judge Wood's mental processes in arriving at his decisions would be improper and would threaten the foundation of an honorable and independent judiciary. *See Tate v. State,* 834 S.W.2d 566, 569 (Tex.App.-Houston [1st Dist.] 1992, writ ref'd). When no substitute for a judicial witness is available, the demands of justice may require the testimony of a judge as a character witness. *Joachim v. Chambers,* 815 S.W.2d 234, 238-39 (Tex.1991). These are not the circumstances of this case.

### PRAYER

Judge Mike Wood respectfully asks the court to quash the witness subpoena issued by Ms. Susan Norman on behalf of Richard Calkins. For the record – Judge Wood is **NOT** asking for sanctions against Ms. Norman, her client, or Mr. Easton. To be redundantly clear, this motion to quash is not an attempt by Judge Wood to gain any interest, pecuniary or otherwise, in the *Calkins* cases. However, Judge Wood and his counsel would be remiss, as members of the Texas State Bar to ignore the numerous abuses described above and fail to encourage the court to use its inherent powers to admonish Ms. Norman and Mr. Easton that this court will not tolerate abusive methods of operation.

Exhibit A
Page 4 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 16 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Respectfully submitted,



FRED A. KEYS, JR.
Assistant County Attorney
Texas State Bar No. 11373900
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 755-3609 (telephone)
(713) 755-8924 (facsimile)

ATTORNEYS FOR JUDGE MIKE WOOD

OF COUNSEL:
MIKE A. STAFFORD
Harris County Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on: September 24, 2008, a true and correct copy of Judge Wood's

Motion to Quash was served by fax and by certified mail, return receipt requested, to all parties

of record.

FRED A. KEYS, JR.

Exhibit A
Page 5 of 19

Page 4 of 4

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 17 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

# Exhibit A

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 18 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



SEP-24-2008 09:36AM FROM-Harris County Atty's Office        +        T-056  P.007/019  F-250

**THE STATE OF TEXAS**
**WITNESS SUBPOENA / SUBPOENA DUCES TECUM**
**PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE RULE 176**

CAUSE NO 378,993

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| MARY OLIVE CALKINS | § | NUMBER TWO (2) OF |
| | § | HARRIS COUNTY, TEXAS |

CAUSE NO. 275,123

| | | |
|---|---|---|
| IN RE: | § | IN THE PROBATE COURT |
| DICK C. CALKINS | § | NUMBER TWO (2) OF |
| TESTAMENTARY TRUSTS | § | HARRIS COUNTY, TEXAS |

To: Any sheriff or constable of the State of Texas or other person authorized to serve and execute subpoenas as provided in Texas Rule of Civil Procedure 176.5.

You are commanded to summon **Michael James Wood, Judge of Probate Court Number 2 of Harris County, Texas, 201 Franklin, Probate Court No. 2, Harris County, Texas,** to appear at **1201 Franklin, Project Court No. 2, Harris County, Texas,** on September 25, 2008, at 10:00 a.m., before Honorable Olen Underwood, and give testimony in this case on behalf of the Movant and to remain in attendance from day-to-day until lawfully discharged.

**Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. Tex. R. Civ. P. 176.8(a).

**DO NOT FAIL** to return this writ to the Probate Court No. 2 of Harris County, Texas, with either the attached officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED on September 9, 2008.

By: _Susan C. Norman_ R/P
SUSAN C. NORMAN
Texas Bar Number 15083020
P.O. Box 806
Richmond, Texas 77406-0806
Phone: 281-802-5341
Fax: 281-605-1822

This subpoena was issued at the request of Movant, Richard Stephen Calkins, whose attorney of record is Susan C. Norman, P.O. Box 806, Richmond, Texas 77406-0806, Phone: 281-802-5341.

**Exhibit A**
**Page 7 of 19**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 19 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas



_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN

# Exhibit B

Exhibit A
Page 8 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 20 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



SEP-24-2008 09:37AM FROM-Harris County Atty's Office + T-056 P.008/019 F-250

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Perry Lee Whatley,<br>*Guardianship Matter.* | §<br>§<br>§<br>§ | Civil Action H-05-3860 |

### Memorandum and Order

Before proceeding with a case, a federal court has a duty to examine the basis for its subject matter jurisdiction, on its own motion if necessary. *See Torres v. Southern Peru Copper Corp.,* 113 F.3d 540, 542 (5th Cir. 1997). After considering the notice of removal, the numerous pleadings in this case, and the applicable case law, the court is convinced that it does not have jurisdiction to entertain this probate and guardianship dispute. Remand to the proper Probate Court is therefore appropriate.

Removal in this case was improper. Susan C. Norman (purportedly representing Perry Lee Whatley) and Michael Easton removed this case[1] from Probate Court Two of Harris County, Texas by invoking the removal provisions of 28 U.S.C. § 1443(1) and § 1443(2). This statute states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons withing the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

---

[1] *In re the Guardianship of the Person and Estate of Perry Lee Whatley,* Cause Number 355095.

**Exhibit A**
**Page 9 of 19**

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 21 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



28 U.S.C. § 1443. Courts have construed the phrase "under any law providing for equal civil rights" as meaning civil rights with respect to racial equality rather than the denial or abridgment of broad-based constitutional rights that apply to all citizens equally. *See, e.g., Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). Of particular note, the Fifth Circuit has stated that "broad first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Id.* The provisions of 28 U.S.C. § 1443(1) and § 1443(2) do not support removal based on the allegations proffered by Susan Norman and Michael Easton. In their various filings, Norman and Easton explicitly and implicitly allege a host of claims—such as conspiracy, denial of due process rights, kidnaping, fraud, perjury—for which they seek damages under 42 U.S.C. § 1983. None of these, however, touches upon racial equality.

Moreover, the terms of the statute provide for removal by a defendant. The underlying state matter was an application for the appointment of a guardian of a person and estate. The parties to the guardianship contest were Perry Lee Whatley, Dawn Johnson Whatley, Jeanie Anderson, Robert Daniel Whatley, and Mylus J. "Jimmy" Walker, Jr. Neither Susan Norman nor Michael Easton were defendants in the guardianship or even parties. They therefore had no basis to remove the guardianship contest.

Despite their own lack of standing to remove this case, Norman and Easton challenge the standing of the parties urging remand. The court will therefore assume *arguendo* that there is not a properly presented motion for remand before it. Although a court may not raise the issue of remand on its own motion, it must nevertheless consider the existence of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 230 (5th Cir. 1990). Federal jurisdiction is normally determined by examining the face of the state court complaint or

2

Exhibit A
Page 10 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 22 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



petition that was removed. As noted by the United States District Court of Massachusetts in *Southwest Boston Senior Services, Inc. v. Perry Lee Whatley*, No. 05-11881-PBS (D. Mass. 2005), the application for appointment of a guardian of a person and estate filed in the Texas Probate Court presents neither a federal question nor diverse citizenship of parties. As that court explained:

> Here, the Application for Appointment of Guardian of Person and Estate filed in the Texas Probate Court presents no federal question. In addition, there is no diversity of jurisdiction because all parties to the Texas Proceeding – Robert Daniel Whatley, Jeanie Anderson, and Perry Lee Whatley – were domiciled in Texas at the time the Texas Proceeding began.

Dkt. 10, Ex. E.

This dispute is squarely a probate matter. Probate matters are firmly committed to the province of state courts. Because this court is without subject matter jurisdiction, this matter is REMANDED to Probate Court Two of Harris County, Texas pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction. A notice of removal may not be filed again in the proceedings of *In re the Guardianship of the Person and Estate of Perry Lee Whatley* (Cause Number 355095), or any related matter, without the prior written approval of the undersigned judge.[2] It is further directed that the order for mediation (Dkt. 105) is VACATED. All pending motions in this case are DENIED as moot.

Signed on June 2, 2006, at Houston, Texas.

Gray H. Miller
United States District Judge

---

[2] Norman and Easton have abused the removal procedures several other times in an effort to frustrate the guardianship proceedings. *See, e.g., Southwest Boston Senior Servs., Inc. v. Perry Lee Whatley*, No. 05-11881-PBS (D. Mass. 2005); *In Re Perry Lee Whatley*, H-05-cv-2663 (S.D. Tex. 2005); *Perry Lee Whatley v. Susan C. Norman*, H-05-cv-3622 (S.D. Tex. 2005).

3

Exhibit A
Page 11 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 23 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



SEP-24-2008 09:38AM FROM-Harris County Atty's Office + T-056 P.012/019 F-250

# Exhibit C

Exhibit A
Page 12 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 24 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



# Appendix 1

## Popular Press

News

**Lucky's Pub • Best of Houston Launch Party • 2 Tickets for $10 thru September 23rd**

write to the editor | email a friend | print article | write your comment

### Bar Card

The antics of an ex-con raise questions about his paralegal role

By Zoe Carmichael
Published on June 26, 2003

When he was in federal prison, Michael Easton studied the law and the Scriptures. Now Easton, who is also an ordained Baptist minister, counsels attorneys he is fighting in court on the Bible, sending them spiritual advice by fax and e-mail, or in letters emblazoned with the Texas state seal.



Easton says he's the one being unfairly targeted.

He refers to himself and the attorney for whom he works, Peter J. Riga, as Duke & Duke after the Eddie Murphy-Dan Aykroyd pair in the film *Trading Places*. ("And remember, Valentine...it makes no difference whether our clients make money or lose money, we at Duke & Duke always get the commissions.")

Easton, 50, a fanatical baseball fan, sits in his office wearing a Texas Rangers shirt, shorts and running shoes. Sometimes he talks like a rap star, speaking in a rhyming homeboy patois. Other times he rattles off baseball statistics. He has an almost photographic memory, and can name the winner and relate details of every World Series. His Hyundai Elantra sports the bumper sticker "Real Men Love Jesus."

He smokes cigarettes as he relishes victories over his legal adversaries with quotes from the Bible and *Jungle Book*, which he watches time and again with his five-year-old son. "How delicious," he says with a grin, taking a drag on his cigarette.

So Easton is an ex-con as well as a minister and devotee of sports minutiae. One thing he is not is an attorney. And therein lies the problem for this very active paralegal.

Some attorneys say Easton steps out of the bounds of the duties a paralegal customarily performs, acting as a lawyer himself. They accuse him of hiding behind his paralegal status, pulling stunts that would get an authentic attorney disciplined.

### Most Popular

Viewed   Commented   News

Advanced Article Search →

- **The Passion of Victoria Osteen**
  A flight attendant went after the Osteens in court, bringing on trials and tribulation for one and all
- **Gangsters in Bacliff**
  The unincorporated town is up to its elbows in youth gangs, poverty and crime
- **Ike, You Bastard**
  Houston gets hit with big one
- **Language Barrier at Child Protective Services**
  For the first year, Baby Raymond lived happily with his family. Then the agency took him away and even though his Chinese-American family fought to get him back, they couldn't find the right words
- **BBQ on TCJ: Pierson & Company Bar-B-Que**

Most Popular sponsored by AQUARIUM WORLD





### Blogs

- **Manifesto Of The Powerless**
  Tue Sep 23, 9:12 AM
- **If It Ain't The Air Pollution, It's The Wind**
  Mon Sep 22, 5:05 PM
- **Bullross Room Unlikely to Rebuild**
  Mon Sep 22, 3:27 PM
- **More Ike-Related Music News**
  Mon Sep 22, 1:08 PM
- **Helping Out Those Hurt In Brennan's Fire**
  Mon Sep 22, 6:03 PM
- **Ike Co International's Wine Hit Pretty Hard by Hurricane Ike**
  Fri Sep 19, 11:22 AM
- **NFL Review: Week Three: Bad Challenges, Tricky Snaps and Playboy Bunnies**
  Tue Sep 23, 9:10 AM
- **Top Ten Astrodome Sports Moments**
  Tue Sep 23, 8:46 AM

Recent Articles   Related Articles

### Recent Articles by Zoe Carmichael

- **Bar Card**
  The antics of an ex-con raise questions about his paralegal role
- **Teamwork**
  New drill squad tryouts follow racial allegations in Texas City

### Houston Press Insiders

- Local food, music and news blasts
- Free Stuff

Subscribe
[E-Mail Address]  [Go]


backpage.com

buy, sell, trade (5,011)
musician (666)
rentals (3,796)
jobs (4,010)
adult entertainment (5,422)

Free Classified Houston, Tx

Best of Houston®

★ ★ ★ ★ ★ ★ ★ ★
Businesses NOW OPEN
★ ★ ★ ★ ★ ★ ★ ★



tuesdays 8/7c
series premiere
tonight

abc start here
abc.com

Exhibit A
Page 13 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 25 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

 Deputy

SONG THI NGAN TRAN



Easton dismisses the complaints, saying the attorneys who criticize him simply resent his ability with the law, and that he does nothing unethical.

While the arguments continue, the Texas Supreme Court's Unauthorized Practice of Law Committee is delving once again into complaints about Easton -- for the 14th time in 14 years. He says he's been cleared of any wrongdoing in the first 13 inquiries, and remains confident that it will happen again.

Easton knows the law as well as many attorneys, and some legal assignments he has been involved in have turned into precedent-setting case law. Easton, who says he is a Puerto Rican who legally changed his name, is often crass and unkind about the background of others.

He's called one black adversary "homeboy" and a white opponent "trailer trash." In a court pleading, he recently referred to a sheriff's deputy as "Barney Fife." But even his harshest critics call him brilliant. They also say he is unethical and rude, and that he oversteps the boundaries between paralegal and attorney.

Some of his earlier experience with the law came at times as a criminal defendant.

In 1990, he was convicted and sentenced to three years for felony theft of a diamond ring from Gordon's Jewelers in Westwood Mall in 1986.

He pleaded guilty in 1999 to making false statements to a government agency and trying to deceive a bank to obtain a loan. Easton had sued in an unsuccessful effort to block the state from revoking his private investigator's license in 1991.

In 1999, Easton received two 27-month prison terms after pleading guilty to bankruptcy fraud and fraud involving student loans. He also had his state probation revoked. Three years earlier, a judge had found he acted in bad faith in pursuing an involuntary bankruptcy action against a landlord, and Easton was hit with about $92,000 in sanctions.

Six years ago, U.S. District Judge David Hittner forbade Easton from filing cases under his own name in the Southern District, but Easton now is working on a case under attorney Riga's name in that same jurisdiction. In 1997, Hittner wrote in a court order that he was "concerned about the vindictive tone, continually demonstrated by Easton in the pleadings and documents authored by him and submitted to the court and to other state and federal courts, as well as in correspondence with others in the legal community in general."

Attorney Damian LaCroix is now echoing those same sentiments about this premier paralegal, who was paroled from prison only last November. LaCroix's firm of Cain, Buche & LaCroix represented plaintiff Sanjeev Dabubhai Patel and his Akal Investments Corporation in what seemed like a standard civil suit over about $850,000 in disputed funds. Patel said he'd lent the funds to the defendants, longtime business associate Suresh Kumar Shah and Shah's Vaishnavi Enterprises Inc.

The defendants argued that the money received from Patel was a refund, although a state district court jury ruled for Patel last November. Shah was ordered to pay the plaintiff about $1.1 million, which included interest on the original funds.

Shah's attorney is Riga, and the plaintiff's lawyers soon found themselves facing his zealous paralegal, Easton. LaCroix and partner John Karl Buche say Easton has engaged in all sorts of nefarious delay tactics to keep Shah from having to pay up on the judgment.

LaCroix said Easton's methods include racial slurs, harassment, constant bombardment with letters, motions and filings, and even a lawsuit.

1 2 3 Next Page »

→ Stung
Seven African-American girls tried out for the Texas City Stingarettes drill team this year. None of them made the squad.

**National Features**

Village Voice
Wall Street's Biggest Schmucks
Your guide to understanding AIG's profile of doom.
By Ward Harkavy

Miami New Times
The Last Temptation of Elton Gissendanner.
A prison stay and bankruptcy can't keep this 80-year-old politician down.
By Gus Garcia-Roberts

**Index**
SERVICES
Employment
  Muscle Spasm Study
    View Ad | View Site
  Central Market
    View Ad | View Site
  Drivers Who Want A Future
    View Ad | View Site
General
  Media School - Creative Arts
    View Ad | View Site
    MORE »

877TipPool.com

Why you should get to know me: "I'd let you take credit for the violin hickey on my neck."
More Personals »

NOW CLICK THIS
Best of Houston Launch Party
Ad Index
Virtual Job Fair
Digital Jukebox

backpage.com
Ditka Bears NFL Hand Signed FULL SIZE Helmet
1000's Of Movies For Less Than 1 Single DVD. Don't Miss Out!
Poodle Puppies Available
Teeny Tiny Chihuahua Teacup Puppies MICRO POCKET PUPS
tinypawsandclaw s
More buy, sell, trade ads



Exhibit A
Page 14 of 19

http://www.houstonpress.com/2003-06-26/news/bar-card/          9/23/2008

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 26 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN





News

NEWS   BLOGS   RESTAURANTS   CALENDAR   MUSIC   MOVIES   ARTS   BEST OF   CLASSIFIED   PROMOTIONS   SEARCH   AD INDEX

Lucky's Pub  •  Best of Houston Launch Party  •  2 tickets for $10 thru September 23rd

write to the editor | email a friend | print article | write your comment

## Bar Card

### Continued from page 1

Published on June 26, 2003

"He has sued us personally and sued our secretary for doing her job," LaCroix said.



Easton says he's the one being unfairly targeted.

Easton said he isn't suing them, but his client is.

John Karl Buche, a law partner of LaCroix's, said no one fights Easton, because lawyers and even judges are afraid of him.

"He has sued several judges and a handful of attorneys," Buche said. "I have 23 published lawsuits in which he was a plaintiff. Everyone is scared to do anything about him, because they know he will sue them. He causes so much misery. He keeps people tied up in court for years."

But Easton said he has changed, and hasn't filed a lawsuit in ten years. His client is the one doing the suing, he said.

Buche and LaCroix took their complaints to the unauthorized legal practice committee, accusing Easton of representing clients in court, advising clients and otherwise handling the duties of an attorney rather than a paralegal. Buche said his firm has been "inundated with the most vindictive, embarrassing and unprofessional correspondence and pleadings," He added, "I expect to be sued for addressing this issue and I routinely receive threats to be sued and sanctioned for everything under the sun."

The two contend that attorney Riga permits Easton to act as an attorney, and even to file pleadings that aren't reviewed by the lawyer.

"I must confess that I am deeply troubled by what I have witnessed and by the fact that Mr. Easton is permitted vis-à-vis Peter Riga, with seeming impunity, to harass and plague the Houston legal community," Buche said. "Michael Easton is the de facto lawyer on our case for virtually ever legal issue encountered."

## Most Popular

Viewed     Commented     News

The Passion of Victoria Osteen
A flight attendant went after the Osteens in court, bringing on trials and tribulation for one and all

Gangsters in Acres Homes
The unincorporated town is up to its elbows in youth gangs, poverty and crime

Ike, You Bastard
Houston gets hit with big one

Language Barrier at Child Protective Services
For the first year, Baby Raymond lived happily with his family. Then the agency took him away and even though his Chinese-American family fought to get him back, they couldn't find the right words

BBQ on ICJ: Pierson & Company Bar-B-Que

More Popular sponsored by
AQUARIUM-WORLD



Looking For An Apartment?

## Blogs

Manifesto Of The Powerless
Tue Sep 23, 9:12 AM

If It Ain't The Air Pollution, It's The Wind
Mon Sep 22, 5:05 PM

Ballroom Room Unlikely to Rebuild
Mon Sep 22, 3:27 PM

More Ike-Related Music News
Mon Sep 22, 1:08 PM

Helping Out Those Hurt in Brennan's Fire
Mon Sep 22, 6:03 PM

BevCo International's Wine Hit Pretty Hard by Hurricane Ike
Fri Sep 19, 11:22 AM

NFL Review, Week Three: Bad Challenges, Tricky Snaps and Playboy Bunnies
Tue Sep 23, 9:20 AM

Top Ten Astrodome Sports Moments
Tue Sep 23, 8:46 AM

Recent Articles     Related Articles

Recent Articles by Zoe Carmichael

Bar Card
The antics of an ex-con raise questions about his paralegal role

Teamwork
New drill squad tryouts follow racial allegations in Texas City

Sting

Advanced Archive Search

## Houston Press insiders

• Local food, music and news blasts
• Free Stuff

Subscribe
E-Mail Address   [Go]

backpage.com

buy, sell, trade (5,011)
musician (666)
rentals (3,796)
jobs (4,610)
adult entertainment (5,427)

Free Classifieds Houston, TX

Best Houston

Businesses NOW OPEN



dilech

We'll give you clear, straight forward solutions

Apply for a home loan at our low fixed rate of

call (800) 214-2978 or

APPLY ONLINE

Exhibit A
Page 15 of 19

http://www.houstonpress.com/2003-06-26/news/bar-card/2          9/23/2008

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ _____ Deputy
SONG THI NGAN TRAN



SEP-24-2008 09:39AM FROM-Harris County Atty's Office + T-056 P.016/019 F-250

In a document submitted to the committee's chairman, Riga denied the accusations against him and Easton. Riga said that everything in the pleadings that leave his office is filed with his consent. Riga wrote that Easton does refer to himself as quasi-counsel, which Buche complained about. But Riga said that is no cause for disciplinary action.

"Mr. Buche and LaCroix obviously started a fire they can't put out, and now they grieve me," Riga wrote to the committee. "In fact, Mr. Easton has had hours upon hours of amusement with these lawyers, as he does not lack the candor or sense of humor to play along with them."

Riga has on his letterhead numerous degrees, as well as the titles "attorney at law," "notary public" and "author and novelist." According to his ten-plus-page résumé, Riga holds a law degree and a Ph.D. from the University of California, Berkeley, as well as a theology diploma and advanced degrees from Louvain University in Belgium. For years, he served as general counsel for the Arab Defamation League in Houston.

Riga said that other lawyers are too sensitive and become easily offended by Easton and his e-mails and faxes.

In the Patel case, Easton wrote, "The notion that you are going to be wearing an 'Indian Head Rag' and run the Shahs [the clients'] hotels is again part of that gold-rimmed Cadillac mentality that you dream about."

In a March 31 fax from "Quasi-Counsel" to LaCroix, Easton wrote in large bold type, "Damian, who's your daddy in case law? I'll bet you'll never let that slip by you again. See, I ought to send you a bill for all this knowledge that law school never taught you...Now say 'Pa-Pa, Da, Da.' (Just kidding my friend.)"

---

Robert Schuwerk, a professor of law at the University of Houston Law Center and a specialist in legal ethics, said there are disciplinary actions and even criminal laws regarding paralegals who overstep their bounds -- as well as attorneys who permit it.

While Schuwerk had no specific information on the allegations involving Easton, he said that in general a paralegal is barred from representing clients in the courtroom. "He can't appear in court unsupervised," the professor said. "Whether or not anyone wants to call him on it is another matter."

Schuwerk said that Easton is probably unable to become an attorney because of his criminal record, and if he had been an attorney, he likely would have been disbarred for engaging in earlier felonious activity. He said that what paralegals do and what lawyers do is markedly different.

"Paralegals can do drafts of things, and do things like document reviews. They can have very limited client contact, only if the lawyer is telling them exactly what to say and do. They can't appear in court, period."

In the battle involving the civil case, Easton himself has accused LaCroix of unethical practices. That came after LaCroix used the word "whore" in court and threatened to put his foot up Easton's ass.

Tim J. Clyne, an investigator on the committee, said Easton may have an abrasive style, but the past complaints were not shown to involve harm to the public or the need for litigation against him. "It irritates some people, but no harm, no foul," Clyne said.

« Previous Page 1 2 3 Next Page »

write your comment



Exhibit A
Page 16 of 19

http://www.houstonpress.com/2003-06-26/news/bar-card/2

9/23/2008

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 28 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ **Deputy**
SONG THI NGAN TRAN





### Houston Press

News

Lucky's Pub • Best of Houston Launch Party • 2 Tickets for $10 thru September 23rd

letter to the editor | email a friend | print article | write your comment

# Bar Card

## Continued from page 2

Published on June 26, 2003

LaCroix was incredulous that the committee's investigator would play down Easton's conduct; the attorney said there is ample documentation of Easton's conduct.



Easton says he's the one being unfairly targeted

"How can an organization have the same person in front of it [13] times and not see that there is a problem?" Buche asked. "There is a problem with the system."

He concluded, "The day I get in trouble for reporting this, I don't want to be a lawyer anymore. What is happening now is no different than allowing a convicted felon to have a law license."

Easton argues that LaCroix and Buche just want to dwell on his past.

"I've paid for my sins and bad judgment," he wrote them in an e-mail. "(I don't call them mistakes. Mistakes are when you forget your car keys, not when you think you are slicker than grease itself.)"

"He is making an absolute mockery of the civil judicial system," LaCroix said. "This isn't a situation where a couple of lawyers get their feelings hurt. We are litigators. But this is over the top."

Easton said he has been open about not being a lawyer and that his detractors are the hypocrites.

"I say things they wish they could say," Easton said. "I think I hold up a mirror to lawyers. They see themselves in me, and they don't like what they see."

◂ Previous Page  1  2  3

### Most Popular

| Viewed | Commented | New |

- **The Passion of Victoria Osteen**
  A flight attendant went after the Osteens in court, bringing on trials and tribulation for one and all
- **Gangsters in Bagliff**
  The unincorporated town is up to its elbows in youth gangs, poverty and crime
- **Ike, You Bastard**
  Houston gets hit with big one
- **Language Barrier at Child Protective Services**
  For the first year, Baby Raymond lived happily with his family. Then the agency took him away and even though his Chinese-American family fought to get him back, they couldn't find the right words
- **BBQ on TCJ, Pierson & Company Bar-B-Que**

Most Popular sponsored by AQUARIUM WORLD



### Blogs

- **Traffic Problem To Be Solved (Maybe)**
  Tue Sep 23, 1:23 PM
- **Ike Spawns A Peace Treaty**
  Tue Sep 23, 1:01 PM
- **Joan Jett: Still Fierce at 50**
  Tue Sep 23, 1:16 PM
- **Lonesome Oury and Mean: Rich Hornbuckle, Renaissance Man**
  Tue Sep 23, 12:35 PM
- **The Effects of Hurricane Ike on the Oyster Industry**
  Tue Sep 23, 2:11 PM
- **Helping Out Those Hurt In Brennan's Fire**
  Mon Sep 22, 6:03 PM
- **Ten Reasons Why the Texans Didn't Challenge the Call on Justin McCareins' Sideline Catch**
  Tue Sep 23, 11:50 AM
- **NFL Review, Week Three: Bad Challenges, Tricky Snaps and Playboy Bunnies**
  Tue Sep 23, 9:20 AM

### Recent Articles    Related Articles

**Recent Articles by Zoe Carmichael**

- **Bar Card**
  The antics of an ex-con raise questions about his paralegal role
- **Teamwork**

### Houston Press Insiders

- Local food, music and news blasts
- Free Stuff

Subscribe

E-Mail Address [____] [Go]

backpage.com

buy, sell, trade (4,946)
musician (663)
rentals (3,589)
jobs (3,873)
adult entertainment (5,365)

Free Classifieds Houston, TX

Best of Houston®

★★★★★★★★★★★★★
Businesses NOW OPEN
★★★★★★★★★★★★★



Exhibit A
Page 17 of 19

http://www.houstonpress.com/2003-06-26/news/bar-card/3

9/23/2008

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



# Exhibit D

Exhibit A
Page 18 of 19

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 30 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



NO. 355,095

| | § | |
|---|---|---|
| IN RE: THE PERSON AND | § | IN PROBATE COURT NO. 2 |
| | § | |
| ESTATE OF PERRY LEE WHATLEY, | § | OF |
| | § | |
| A PROPOSED WARD | § | HARRIS COUNTY, TEXAS |
| | § | |

### ORDER ON MOTION TO RECUSE AFTER HEARING

On January 24, 2008, came on to be heard, the Motion to Recuse filed pursuant to 18a of the Texas Rules of Civil Procedure in the above captioned cause. The Court has considered the motion, its attachments, the court's file, all evidence presented, and all citations of authority. The record indicates that, throughout the long and convoluted history of this case, the Honorable Michael Wood's behavior performance as a judge has been thoughtful, unbiased, and impartial. He has been a well-informed, well-prepared neutral jurist who has done nothing on the bench that would warrant recusal.

The moving parties have gone so far as to sue Judge Wood in federal court and attempted to subpoena him to testify in that action. The Harris County Attorney responded on behalf of Judge Wood and filed a motion to quash the subpoena which included a request for sanctions. Once this request was made, Judge Wood was placed in an adversarial posture, however inadvertent, towards the movants and effectively recused him from sitting on further proceedings in this case.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

Presiding Judge
Second Administrative Judicial Region of Texas
301 N. Main, Suite 228
Conroe, Texas 77301
Fax No. 409 538-8167

SIGNED this _____

JUDGE PRESIDING

Exhibit A
Page 19 of 19

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 31 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



**Law Offices of Peter J. Riga**, *Ph.D., J.S.D., J.D., LL. M., St.D., Th.D., Ph.L.*
*[Emeritus 2003] Attorneys & Counselors at Law*
P.O. Box 52518
Houston, Texas 77052-2518
EastProLaw@msn.com
(281) 415-8655 (Direct Ring)

Michael Easton

·August 27, 2008

Susan C. Norman
Attorney at Law
P.O. Box 806
Richmond, Texas 77406

In Re:     The matter of Calkins In Probate Court No. 2 of Harris
County, Texas; Cause No. 275,123, Cause No. 378,993

Dear Ms. Norman:

I want to thank you for offering to associate me as your legal assistant in the Calkins matter in Probate Court 2 of Harris County, Texas. I must, for the following specific reasons, **decline** your offer at this time.

1.    This is Mike Wood's Court. Judge Wood hates me with a passion and his hatred has spilled over to members of his staff. As an example I attach this e-mail allegedly sent by people who are supposed to act and represent the Supreme Court of Texas with honor and integrity. In this e-mail it is clear that Judge Wood, his staff, Ray Black, and of course "Jimmy" Walker, are all conspiring to have me "barred" from the Courthouse(s) for what appears to be no more than a degree of competence on my part. I am still deliberating on whether to reopen my lawsuit against the Unauthorized Practice of Law Committee ("UPLC") based on this email.

2.    In 2006, Judge Wood – who by his own admission did not serve me with a show cause order as required by law – issued a bogus writ of attachment to have me arrested and brought before him on the spurious charge that I sent him an ex-parte email e-mail to his private e-mail address. The writ contained something unknown to law, in that it

Exhibit B
Page 1 of 5

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 32 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Susan C. Norman
Page 2
August 27, 2008

carried a "no-bond" provision. Under the Texas Code of Criminal Procedure a "no-bond" provision is reserved only for those who are charged with "Capital" murder in which the death penalty is sought. What is worse is that years after the fact, Fred Keys, the Judge's lawyer, finally appears with the "show-cause" and as it turns out, the returns show that I was never served with the "show-cause" at all. Wood and Ann Greene directed the Harris County constable's office to my home, to my neighbors, and to my place of employment. These constables did not hesitate, while acting at Wood's direction, to tell my neighbors that Peter and I were "wanted" on serious criminal charges, which caused the neighbors to question whether to allow their children to play with my children any further. As it later developed, I never sent Judge Wood anything at all via e-mail, and the e-mail was the work of Ray Black, one of his preferred *ad litems*. What is sadder to me is how two members of the Court of Appeals assumed the worst, wrote the worst, and allowed Wood to get away with this without a shred of evidence beyond Wood's fabricating the evidence, the accusations, and the results, all by himself.

3. If it were not for Justice Paul C. Murphy (Senior Chief Justice, Retired, 14th Court of Appeals) and the Honorable Olen Underwood, a man whom I treasure, what would have happened to me? I would have spent time in jail (unlimited), been humiliated in front of my family, and suffered untold collateral consequences for nothing more than a well-placed lie, engineered by the regulars in Probate Court 2.

4. If Mike Wood – and his staff, at his direction – can't break you down with the above, he simply cheats by tampering with the Clerk's file, and in turn the Appellate Record in an attempt to avoid appellate review of his atrocities by removing documents from the record so that if the case is appealed, the offending matters would never be in the record.

Exhibit B
Page 2 of 5

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 33 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Susan C. Norman
Page 3
August 27, 2008

We worked hard in Whatley, got the Legislature to change the law, and succeeded at getting the Senators and House Members to take a long hard look at Judge Wood; some even went public with their outrage. The law now works – to a degree – and it will work as long as honest judges refuse to act, or refuse to direct their staffs to act as Mike Wood does at Probate Court No. 2. As a "reward" for all of our efforts, I had to face the UPLC for the 17th time; you have had the State Bar all over you based on Whatley; while Wood – and Black and Walker since they are the friends of Mike Wood – have escaped any type of criminal or disciplinary actions. Peter lost the friendship of a dear friend, a sitting federal judge. Judge Wood's ability to succeed in calling the Court of Appeals and other Judges is morally disheartening to me. The judiciary as a whole, **operates solely on the public trust.** When it comes to Mike Wood, however, it seems to me that it cannot be trusted.

There are no rules, no laws, and no ethics or morals that are observed in Probate Court 2; just a run-away "train" that takes from the elderly and then passes it around to Judge Wood's friends and supporters.

There might come a time when some brave public official such as Ken Madigson, or Don DeGabrielle might say enough is enough, and finally hold Wood, Walker, Black, and the regulars in Probate Court No. 2 to account. At that time, in a court of law – just as did Pat Gregory, Wood's predecessor – they might understand that there is only so much the public can stand, or will take before the "axe" drops on them, as they have so often dropped it on lawyers they don't like, people who object, or simple support staff such as myself, for doing their job. Probate Court 2 Deputy Sheriff Gee's behavior last week directed at Rhonda Clark and you is a continuing example as to why I will not step foot in that Court, as Mike Wood has shown that he will - and can direct his staff in Probate Court No. 2 to – say and do anything to anyone to make Mike Wood's agenda stick. Lying is no obstacle at all, given what Gee told his superiors at the Sheriff's office.

Exhibit B
Page 3 of 5

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
**Page 34 of 84**

_____ _Deputy
SONG THI NGAN TRAN



Susan C. Norman
Page 4
August 27, 2008

If the Calkins matter is ever assigned to another Court such as Judge McCullough, a man who fears God, I will be happy to assist you and go to Court with you again. However, as long as the case is in Mike Wood's court you must accept the fact that you will be abused, humiliated, grieved, and held up to ridicule. I cannot be put through that again by Wood and his staff. I might also add that you should keep an eye on your purse, satchels, and other things while in Probate Court No. 2, for it is not beyond them to plant contraband on you or your parcels, and then have you charged with a crime. They did it to me, and they will do it to you. Thus, take a witness, take a media reporter, contact the media with all your evidence organized, and make sure that someone is with you at all times when you are in there.

I wish you the best, and I will pray that the Lord give you the grace and strength to get through this one ,as well.

Yours truly,

Michael Easton

/me

Exhibit B
Page 4 of 5

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 35 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

 **SMALL BUSINESS**
Email

Print - Close Window

**Subject:** FW: Michael Easton and the unauthorized practice of law

**Date:** Wed, 7 Dec 2005 16:58:07 -0600

**From:** "Lewis, Marilyn (Probate Courts)" <Mlewis@iic.co.harris.tx.us>

**To:** rjb@rjblacklaw.com

Ray,

FYI and could you forward this to Jimmy Walker as well?

Thanks.

Marilyn

-----Original Message-----
**From:** Gunnels, Meg (Probate Courts)
**Sent:** Wednesday, December 07, 2005 4:56 PM
**To:** Lewis, Marilyn (Probate Courts); Wood, Judge Mike (Probate Court)
**Subject:** FW: Michael Easton and the unauthorized practice of law

FYI

-----Original Message-----
**From:** Martha Failing PC [mailto:mfailing@mindspring.com]
**Sent:** Wednesday, December 07, 2005 11:10 AM
**To:** Gunnels, Meg (Probate Courts)
**Subject:** Michael Easton and the unauthorized practice of law

Meg—I am a member of the Houston UPL subcommittee and was assigned the Michael Easton case before the current lawyer. Easton has been before our committee a number of times and we don't seem to be able to get anything done. He is very aggressive.

I understand he has been driving Court 2 crazy and that you have referred him to the committee for another look.

Would you consider filing a complaint directly with Rodney Gilstrap, the state chair of the committee? His address is P. O. Drawer A, Marshall, Texas 75671. His email address is gilstrip1957@yahoo.com. I am asking this because we can't move the case in Houston.

Please let me know if you have any questions about this. 713-521-0026 in case you want to call. We would all appreciate getting him out of the courts—from Montgomery to Brazoria counties and everybody in between. Thanks.

Martha Failing PC
mfailing@mindspring.com

R BLACK-SUPP
01873

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 36 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY LEE WHATLEY | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. H-05-3860 |
| v. | § | |
| | § | |
| | § | |
| MYLUS JAMES WALKER, JR., ET AL | § | |
| *Defendant.* | § | |

---

### DEFENDANT PROBATE JUDGE MIKE WOOD'S MOTION TO REMAND

TO THE HONORABLE JUDGE GILMORE:

Defendant, Judge Mike Wood, asks the court to summarily remand because the plaintiffs' improvidently removed this case for purpose of harassment and delay. Other grounds are shown as follows:

1.    The underlying case, *In Re: The Guardianship of the Person and Estate of Perry Lee Whatley, an Incapacitated Person*, Cause No. 355,095, in Probate Court No. 2, Harris County, Texas, was filed April 14, 2005. It is too late to remove. 28 U.S.C. § 1446(b).

2.    Plaintiff Michael Easton, *pro se*, fails to affirmatively assert that all defendants have consented in writing to the removal.

Exhibit C
Page 1 of 6

1

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 37 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



3.    The state court contempt hearing Mr. Easton seeks to avoid does not arise under federal law, and does not present grounds for federal-question jurisdiction. The federal court lacks subject-matter jurisdiction.

4.    Plaintiff Michael Easton, *pro se*, has no standing in the probate court or in this court. He claims that Ms. Whatley has assigned to him an interest that he represents *pro se*. In this court he claims standing as ". . . an intervenor as matter of right in the State Court Proceedings, and an assignee in part of the assigned claim of Dawn Johnson Whatley."[1]  As he alludes in his notice of removal at footnote 4, Judge Guy Herman judicially determined on March 8, 2006, that Mr. Easton has no standing as a party in the underlying probate matter.[2] Because he is not a defendant in the underlying lawsuit, he has no standing to remove.

5.    Mr. Easton did not comply with Local Rule 81: Notices for removal shall have attached only the following documents:

> 5.1.    All executed process in the case;
>
> 5.2.    Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;
>
> 5.3.    All orders signed by the state judge;
>
> 5.4.    The docket sheet;
>
> 5.5.    An index of matters being filed; and

---

[1]    Document 42, p. 3, Plaintiffs' Second Amended Complaint.
[2]    Judge Herman's Orders are attached as Exhibits A. B, & C.

Exhibit C
Page 2 of 6

2

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 38 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____    Deputy
SONG THI NGAN TRAN



5.6.    A list of all counsel of record, including addresses, telephone numbers and parties represented.

6.    Mr. Easton does not get a free pass in state court because he claims to be a plaintiff in this 42 U.S.C. § 1983 cause of action. The contempt hearing Mr. Easton attempts to remove concerns his conduct as a *pro se* litigant in Judge Wood's court. Judge Wood called Mr. Easton before the bar to explain why Mr. Easton continues to send *ex parte* communications via email to Judge Wood's personal email address, rather than the court's email address, after Mr. Easton was expressly ordered by the court not to do so. The notice of removal was filed after hours on March 8, 2006. The contempt hearing scheduled for 9:00 a.m., March 9, 2006, was stayed pending remand. This is the fourth attempt to remove this case. Judge Hughes summarily remanded. Judge Saris remanded. Judge Hoyt remanded. Mr. Easton has a history of removal and mandamus actions. *See Michael Easton v. The Honorable John W. Peavy*, 1998 WL 79055 (Tex.App. – Hous. (1st Dist.)) (not designated for publication); *Easton v. The Honorable Dwight E. Jefferson*, 1996 WL 89332(Tex.App. – Hous. (1st Dist.)) (not designated for publication); *Michael Easton v. The Honorable Eugene Chambers*, 1994 WL 286353 (Tex.App. – Hous. (14th Dist.)) (not designated for publication); *Michael Easton v. The Honorable Eugene Chambers*, 1994 WL 220304 (Tex.App. – Hous. (1st Dist.)) (not designated for publication); *Michael Easton v. The Honorable*

Exhibit C
Page 3 of 6

3

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



*Eugene Chambers*, 1994 WL 117759 (Tex.App. – Hous. (14th Dist.)) (not designated for publication); *Michael Easton v. The Honorable Katherine Tyra*, 1994 WL 8628 (Tex.App. – Hous. (1st Dist.)) (not designated for publication); *Michael Easton v. Justice of the Peace Gary C. Franks*, 870 S.W.2d 568 (Tex.App. – Hou. – 1st Dist. 1993)); *Michael Easton v. The Honorable Hollis Gorman*, 1993 WL 293011 (Tex.App. – Hous. (1st Dist.)) (not designated for publication); *Michael Easton v. The Honorable Oliver Kitzman*, 1993 WL 46588 (Tex.App. – Hous. (1st Dist.)) (not designated for publication). Mr. Easton is not a lawyer, but has more hits on Westlaw than many lawyers. His *"pro se"* appearance and removal should be strictly scrutinized.

### Prayer

Judge Wood asks the court to remand *In Re: The Guardianship of the Person and Estate of Perry Lee Whatley, an Incapacitated Person*, Cause No. 355,095, in Probate Court No. 2, Harris County, Texas, to dismiss the claims against him with prejudice, and order the plaintiffs to get leave of this court before filing further removal or § 1983 actions in this probate matter.

Exhibit C
Page 4 of 6

4

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 40 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Respectfully submitted,



FRED A. KEYS, JR.
Assistant County Attorney
State Bar No. 11373900
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  713-755-3609
Facsimile:  713-755-8924

OF COUNSEL:

MIKE STAFFORD
Harris County Attorney

5

Exhibit C
Page 5 of 6

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 41 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____Deputy
SONG THI NGAN TRAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on March 10, 2006, by certified mail return receipt requested to Scott Rothenberg, Attorney at Law, 6800 W Loop South, Ste 425, Bellaire, TX 77401-4505, Susan C Norman, Attorney at Law, 9135 Katy Freeway, Ste 100, Houston, TX 77024, Peter J Riga, Attorney at Law, 8700 Commerce Park Dr, Ste 116, Houston, TX 77036-7423, Craig A Washington, Attorney at Law, 2323 Caroline, Ste 1000, Houston, TX 77004, Jesse Blanco, Jr., Attorney at Law, PO Box 680875, San Antonio, TX 78268, Michael Easton, 8700 Commerce Park Drive, Ste 116, Houston, TX 77036-7423, Mylus J Walker, Jr., Dinkins Kelly et al , 815 Walker, Ste 240, Houston, TX 77002 and Michele Quattlebaum, Preston & Cowan LLP, 909 Fannin St, Ste 1400, Houston, TX 77010-1006.

FRED A. KEYS, JR.
Assistant Harris County Attorney

Exhibit C
Page 6 of 6

6

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 42 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



02/05/08 16:07 FAX                                                        @002/002

NO. 355,095

| | § | |
| --- | --- | --- |
| IN RE: THE PERSON AND | § | IN PROBATE COURT NO. 2 |
| | § | |
| ESTATE OF PERRY LEE WHATLEY, | § | OF |
| | § | |
| A PROPOSED WARD | § | HARRIS COUNTY, TEXAS |
| | § | |

2008 FEB -5 PH 4: 39

## ORDER ON MOTION TO RECUSE AFTER HEARING

On January 24, 2008, came on to be heard, the Motion to Recuse filed pursuant to 18a of the Texas Rules of Civil Procedure in the above captioned cause. The Court has considered the motion, its attachments, the court's file, all evidence presented, and all citations of authority. The record indicates that, throughout the long and convoluted history of this case, the Honorable Michael Wood's behavior performance as a judge has been thoughtful, unbiased, and impartial. He has been a well-informed, well-prepared neutral jurist who has done nothing on the bench that would warrant recusal.

The moving parties have gone so far as to sue Judge Wood in federal court and attempted to subpoena him to testify in that action. The Harris County Attorney responded on behalf of Judge Wood and filed a motion to quash the subpoena which included a request for sanctions. Once this request was made, Judge Wood was placed in an adversarial posture, however inadvertent, towards the movants and effectively recused him from sitting on further proceedings in this case.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

Presiding Judge
Second Administrative Judicial Region of Texas
301 N. Main, Suite 228
Conroe, Texas 77301
Fax No. 409 538-8167

SIGNED this _Feb 5 2008_

JUDGE PRESIDING

Exhibit D
Page 1 of 1

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 43 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



FEB 1 3 2008

Cause No. 2006-36929

| | | |
|---|---|---|
| SUN LIFE ASSURANCE<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MYLUS JAMES WALKER JR.<br>*Defendant.* | § | 125TH JUDICIAL DISTRICT |

---

**JUDGE MIKE WOOD'S RESPONSE TO THE INTERVENORS' MOTION TO VACATE
INTERLOCUTORY ORDER OF DISMISSAL WITHOUT PREJUDICE**

---

To the Honorable Senior Chief Justice Paul C. Murphy, sitting by designation:

1. Any claim under TEX. PROBATE CODE § 671 remains premature.

2. The intervenors' reliance upon Judge Underwood's ORDER ON MOTION TO RECUSE AFTER HEARING is misplaced.

3. Judge Burwell DENIED the intervenors' September 9, 2005 MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD ON June 6, 2006. Her Order denying the MOTION will be the law of the case if upheld on the intervenors' pending direct appeal. Judge Underwood's Order grants recusal on similar issues raised in the September 9, 2005 MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD.

### Stage of the Proceedings

4. On April 13, 2007, this court granted Judge Wood's Third Amended Plea to the Jurisdiction, but left open the question of bond liability under TEX. PROBATE CODE § 671. The court granted the intervenors leave to amend the bond issue, which resulted in the 170-page Fifth Amended Plea in Intervention. The amended plea raised no new cause of action against Judge

Judge Wood's Response to Intervenors' Motion to Vacate . . .                      Page 1 of 14

**Exhibit E
Page 1 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



Wood. Nevertheless, Judge Wood responded to the amended pleading with his Fourth Amended Plea to the Jurisdiction.

5.     On July 27, 2007, the court dismissed without prejudice the intervenors' claims under §671 and denied without explanation Judge Wood's 4th Amended Plea to the Jurisdiction.

6.     On August 10, 2007, Judge Wood filed his first Motion for Summary Judgment. The intervenors responded, Judge Wood filed his reply, and the court has heard oral argument. The court's decision is pending.

7.     On February 5, 2008, Judge Underwood issued his ORDER ON MOTION TO RECUSE AFTER HEARING, finally granting the intervenors' motion to recuse Judge Wood.

8.     Under the current stage of the proceedings the intervenors' latest motion is another attack on Judge Wood's pending Motion for Summary Judgment. Judge Wood objects to and asks the court to strike all exhibits attached to the intervenors' Motion to Vacate Interlocutory Order of Dismissal Without Prejudice. For court records to be admissible as evidence in support of a motion for summary judgment, copies of the records must be *certified.*[1]

### Argument and Authorities

### TEX. PROBATE CODE § 671

#### Judge's Duty

(a) The court shall use reasonable diligence to determine whether a guardian is performing all of the duties required of the guardian that pertain to the guardian's ward.

(b) The judge, at least annually, shall examine the well-being of each ward of the court and the solvency of the bonds of the guardians of the estates.

(c) If after examining the solvency of a guardian's bond under this section a judge determines that the guardian's bond is not sufficient to protect the ward or the ward's estate, the judge shall require the guardian to execute a new bond.

(d) The judge shall notify the guardian and the sureties on the bond as provided by law. If damage or loss results to a guardianship or ward because of gross neglect of the judge to

---

[1]     *Spencer v. City of Dallas*, 819 S.W.2d 612, 615-18 (Tex.App.-Dallas 1991, no writ) (requiring nonmovant to meet same evidentiary principles as movant when submitting response to summary judgment).

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 2 of 14

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



use reasonable diligence in the performance of the judge's duty under this section, the judge shall be liable on the judge's bond to those damaged by the judge's neglect.

(e) The court may request an applicant or court-appointed fiduciary to produce other information identifying an applicant, ward, or guardian, including social security numbers, in addition to identifying information the applicant or fiduciary is required to produce under this code. The court shall maintain the information required under this subsection, and the information may not be filed with the clerk.

9. The intervenors offer no facts applicable to Judge Wood's violation of any subsection of § 671, above. However, if they could, the ministerial duties imposed by § 671 have no general effect on a judge's absolute immunity. *Twilligear v. Carrell*, 148 S.W.3d 502, 505 (Tex.App.-Houston [14ᵗʰ Dist.] 2004, pet. denied) ("In this case, because the actions required of probate judges under section 671 are directly related to conducting the guardianship proceedings pending in their courts, they are both judicial acts and within the jurisdiction of the probate judges by whom they are required; and are, thus, protected by judicial immunity.") "Judges have no liability for failing to perform their duties under section 671 beyond whatever liability can be found, if any, on their bonds, *as expressly provided in that section.*" *Id.* (Emphasis added.) The intervenors are premature. For example, how can they possibly know whether "the guardian's bond is not sufficient to protect the ward or the ward's estate"? *See* (c), above. There has been no final accounting and part of the estate's funds is tied up in litigation in this court.

10. Further, to state a claim against a probate judge's bond, the intervenors must allege and prove that the disputed funds were not spent for the expenses of the estate or the welfare of the ward. *Genzer v. Fillip*, 134 S.W.2d 730, 733 (Tex.Civ.App. – Austin 1939, writ dism'd, judgment correct) (County judge was not liable on official bond for alleged negligence resulting in loss of ward's estate, where notwithstanding appointment of guardian was void, all of ward's funds had been spent for ward's use and benefit.)

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 3 of 14

**Exhibit E**
**Page 3 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 46 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

*Song Thi Ngan Tran* Deputy
SONG THI NGAN TRAN



### Constitutional Disqualification or Recusal?

11. At the outset, the intervenors' best-case scenario does not void Judge Wood's judicial immunity. The intervenors must show that he acted with "complete absence of all jurisdiction,"[2] not that his orders were subsequently declared void. This they cannot do.

12. The intervenors do not support with authority their blanket legal conclusion that Judge Underwood's ORDER ON MOTION TO RECUSE AFTER HEARING is a constitutional disqualification. The facts and much authority support the position that it is not.

13. The saga began on August 5, 2005, when Daniel Shea, Ms. Whatley's former attorney, issued a witness subpoena to Judge Wood to ". . . appear before Hon. Russell Austin sitting by assignment in the County Probate Court at Law No. 2 . . . on the 9th day of August 2005 at 1:30 pm, to testify as a witness on behalf of the Party in the above styled Probate Action concerning a Motion to Recuse . . . ."[3] *See Sommers v. Concepcion*, 20 S.W.3d 27, 42 (Tex.App.--Houston [14th Dist.] 2000, pet. denied) ("Allowing recusal in every situation where a party decides to sue the judge, **or threatens to call the judge as a witness**, would result in unwarranted recusal and provide an easy means of recusing a judge.") (Bold emphasis added.)

14. On August 9, 2005 Senior Assistant County Attorney Frank Sanders filed a Motion to Quash the above witness subpoena.[4] The prayer consisted of one sentence: "WHEREFORE PREMISES CONSIDERED, movant prays that the subpoena directed to him in the above cause be quashed and an *appropriate* sanction entered pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code." (Emphasis added.) This issue is important enough to restate Chapter 10 here, with comment:

---

[2] *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991).
[3] Exhibit A, Witness Subpoena to Judge Wood.
[4] Exhibit B, Motion to Quash.

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 4 of 14

**Exhibit E
Page 4 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 47 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



§ 10.001. Signing of Pleadings and Motions

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

10.002. Motion for Sanctions

(a) A party may make a motion for sanctions, describing the specific conduct violating Section 10.001.

(b) The court on its own initiative may enter an order describing the specific conduct that appears to violate Section 10.001 and direct the alleged violator to show cause why the conduct has not violated that section.

(c) The court may award to a party prevailing on a motion under this section the reasonable expenses and attorney's fees incurred in presenting or opposing the motion, and if no due diligence is shown the court may award to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation.

Comment: Under subsection (a), the prayer to the Motion to Quash merely asked for "an *appropriate* sanction" without describing any specific, violative conduct. Section (b) is not applicable because no sanction was imposed. Likewise, (c) does not apply because no sanctions were imposed.

§ 10.003. Notice and Opportunity to Respond

The court shall provide a party who is the subject of a motion for sanctions under Section 10.002 notice of the allegations and a reasonable opportunity to respond to the allegations.

Comment: There nothing in the record to indicate that Judge Austin noticed Mr. Shea, or anyone else of a hearing on a sanctions allegation. Judge Austin granted the motion to quash on August 9, 2005, the same day that it was filed, without mention of sanctions. Senior Assistant County Attorney Frank Sanders submitted an Order to Judge Austin that

Judge Wood's Response to Intervenors' Motion to Vacate . . .          Page 5 of 14

**Exhibit E**
**Page 5 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 48 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



he had "approved as to form." Judge Austin signed the submitted Order, granting the motion to quash without sanctions.[5]

### § 10.004. Violation; Sanction

(a) A court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both.

(b) The sanction must be limited to what is sufficient to deter repetition of the conduct or comparable conduct by others similarly situated.

(c) A sanction may include any of the following:

(1) a directive to the violator to perform, or refrain from performing, an act;

(2) an order to pay a penalty into court; and

(3) an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees.

(d) The court may not award monetary sanctions against a represented party for a violation of Section 10.001(2).

(e) The court may not award monetary sanctions on its own initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party or the party's attorney who is to be sanctioned.

(f) The filing of a general denial under Rule 92, Texas Rules of Civil Procedure, shall not be deemed a violation of this chapter.

**Comment:** Judge Austin had sanction options under section (c) (1) & (2), which he could have *appropriately* imposed without granting Judge Wood any pecuniary or property interest in the case. *In fact, Judge Austin imposed no sanction at all.*

### § 10.005. Order

A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed.

**Comment:** Judge Austin's Order Granting the Motion to Quash does not mention sanctions. No sanction order issued.

### § 10.006. Conflict

Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter.

---

[5] Exhibit C, Judge Austin's Order Granting Judge Wood's Motion to Quash.

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 6 of 14

**Exhibit E**
**Page 6 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 49 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



15. "The Texas Constitution disqualifies a trial judge from sitting 'in any case wherein he may be interested.' TEX. CONST. art. V, § 11. Similarly, Texas Rule of Civil Procedure 18b(1)(b) requires a judge to disqualify himself from any case in which he may have "an interest in the subject matter in controversy." However, the interest of a judge, in order that he may be disqualified, must, in general, be a direct pecuniary or property interest in the subject matter of litigation."[6]

16. On September 9, 2005, Susan Norman and Daniel Shea filed the now infamous MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD.[7] The Motion is less than candid, listing as "*Irrefutable Fact*" in paragraph 3: "*At the conclusion of the motion, Judge Wood, the named 'movant' requested that sanctions be imposed. Thus, Judge Wood, by praying for affirmative relief in the form of sanctions, did more than request that his subpoena be quashed. He acquired a pecuniary interest in the case and cast himself as an adversary to the Whatleys.*" Full disclosure would have been that Judge Wood's attorney prayed for, ". . . **an appropriate sanction entered pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code.**" Any sanction that awarded Judge Wood a pecuniary or property interest in the case would have been *inappropriate* and thus was not prayed for.

17. On June 1, 2006, the Fourteenth Court of Appeals remanded the case,[8] finding that Judge Burwell had not ruled upon the September 9, 2005 MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD. After remand, on June 6, 2006, Judge Burwell *denied* the infamous September 9th Motion.[9] *In re Whatley*, 2006 WL 2257399, 1 (Tex.App.-Houston [14

---

[6] *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex.App.-Beaumont,1993, writ denied.)
[7] Exhibit D, MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD. Infamous, because this is the one motion-to-recuse referred to Judge Burwell that was not ruled upon, remained pending, and caused the September 29th, October 13th, and December 14th – 2005, orders issued by Judge Wood to be declared void by the Court of Appeals on June 1, 2006.
[8] *In re Whatley*, 2006 WL 2948230, 4 (Tex.App.-Houston [14 Dist.],2006, no pet.).
[9] Exhibit E, Judge Burwell's Order.

Judge Wood's Response to Intervenors' Motion to Vacate . . .            Page 7 of 14

**Exhibit E**
**Page 7 of 29**

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas



_____ Deputy
SONG THI NGAN TRAN



Dist.], 2006, no pet.) (SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING, August 8, 2006) ("Since our opinion issued, the pending recusal motion was denied by Judge Gladys Burwell.") The intervenors now argue on direct appeal that Judge Burwell erred because she had no assignment and did not hold a hearing on the motion. Judge Burwell's decision to deny the motion is currently pending before the Fourteenth Court of Appeals. Judge Burwell's ruling is on direct appeal from Judge Wood's final judgment in the guardianship.[10] Her ruling would be the law of the case if upheld on appeal.

> Court of Appeals of Texas, Houston (14th Dist.).
> Perry LEE and Dawn Johnson Whatley, Joined by Michael Easton, Appellants,
> v.
> Mylus James WALKER, Jeanie Anderson, Robert Daniel Whatley, and Michael James Wood, Appellees.
> No. 14-06-00970-CV.
> May 24, 2007.
>
> From the Probate Court No. 2 of Harris County, Texas Trial Court "Cause No. "355,095"
>
> **Appellants' Opening Brief**
>
> Michael Easton, P.O. Box 52518, Houston, Texas 77052, 713-771-8494, EastProLaw @msn.com.
>
> Peter J. Riga, P.O. Box 52518, Houston, Texas 77052, 713-771-8494, EastProLaw @msn.com.
>
> [pages 18 - 19]
>
> Thus, the arguments made by Appellees in the Probate Court that Judge Burwell denied the pending motion to disqualify Judge Wood on June 6, 2006, fall based on four grounds:
>
> 1. Lack of jurisdiction, as the case was on direct appeal and had not been abated or remanded. CR: Vol. 2, (May 11, 2007), 000480, lines 2-5;
>
> 2. Lack of jurisdiction, based on the lack of an order of assignment;
>
> 3. Judge Burwell's own pleadings, judicial admissions, and her affidavit stating that her involvement in this case terminated on November 3, 2005, and that she was not reappointed to hear any other matters. CR: Vol. 1 (May 11, 2007), 000098-000103; and,
>
> 4. This ex parte and unnoticed hearing was "conducted" by a judge who was without an order of assignment; was "conducted" in Clear Lake City, Texas, outside of the county seat as defined by this Court in Mellon Services v Touche Ross, supra CR: Vol. 1, (May 11, 2007), 000103-000107. (County seat is the place where the county courthouse is located, and no other place!) [FN18]
>
> FN18. This is yet another example of Guy Herman's inappropriate actions: calling Judge Burwell and directing her to go to Clear

---

[10] A probate order or judgment is final if it conclusively disposes of and is decisive of the issue or controverted question for which that particular part of the proceeding was brought, even if the decision does not fully and finally dispose of the entire probate proceeding. *Fischer v. Williams*, 331 S.W.2d 210, 213 (Tex.1960).

Judge Wood's Response to Intervenors' Motion to Vacate ...                    Page 8 of 14

**Exhibit E**
**Page 8 of 29**

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 51 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Lake City, Texas, and then rule on a matter without giving notice to anyone, and after she filed her affidavit in the case.

## ORDER ON MOTION TO RECUSE AFTER HEARING

18.  Judge Underwood issued his ORDER ON MOTION TO RECUSE AFTER HEARING on February 5, 2008.[11] The purpose of this analysis is not to challenge the ruling. Since February 5, 2008, Judge Wood stands recused. There is no appeal. The purpose of this analysis is twofold: (1) The language of the ORDER is not as clear as is represented to this court by the intervenors; and (2) the intervenors' application of the ORDER to this case is their same "void" argument.

19.  Like the decision in *Whatley*,[12] Judge Underwood finds that Judge Wood ". . . has done nothing on the bench that would warrant recusal."

20.  The second paragraph of Judge Underwood's Order gives the reason for granting recusal and is best broken down sentence-by-sentence.

  a.  *"The moving parties have gone so far as to sue Judge Wood in federal court and attempted to subpoena him to testify in that action."* It is true that the moving parties, intervenors in this case, have sued Judge Wood in federal court. However, there is nothing in the record to show that Judge Wood was subpoenaed to testify in the federal cases. The only witness subpoena issued or quashed was the August 5, 2005, Daniel Shea witness subpoena discussed in ¶ 13, above. Mr. Shea subpoenaed Judge Wood to testify in the hearing to recuse him (Judge Wood) on August 9, 2005.

---

[11]  Exhibit F, ORDER ON MOTION TO RECUSE AFTER HEARING.

[12]  *In re Whatley*, Not Reported in S.W.3d, 2006 WL 2948230, 2 (Tex.App.-Hous. (14 Dist., October 13, 2006)) Although relator's argument is that the September 9th disqualification portion of the recusal motion was not referred, we find no merit to that argument. The September 9th motion was referred to the Presiding Judge and was assigned to Judge Burwell. Because this motion contained both recusal and disqualification grounds, and the motion was referred to the Presiding Judge, Judge Wood did not violate his mandatory duty to either recuse himself or refer the motion. FN3

FN3.  Relator does not challenge Judge Burwell's failure to rule on the September 9th motion. Thus, we do not address this issue or the grounds for recusal and disqualification asserted in this motion.

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 9 of 14

**Exhibit E**
**Page 9 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 52 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ _____ Deputy
SONG THI NGAN TRAN



b. *"The Harris County Attorney responded on behalf of Judge Wood and filed a motion to quash the subpoena which included a request for sanctions."* The only known motion to quash with *"an appropriate sanction"* was filed to quash Daniel Shea's witness subpoena. Senior Assistant County Attorney Frank Sanders filed the motion to quash on August 9, 2005, and is discussed in detail in ¶¶ 13 & 14, above. As noted and discussed above, the prayer asked for ". . . an *appropriate* sanction entered pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code."

c. *"Once this request was made, Judge Wood was placed in an adversarial posture, however inadvertent, towards the movants and effectively recused him from sitting on further proceedings in this case."* "Adversarial posture" is ground for recusal, but not for constitutional disqualification.[13] "Adversarial posture" might include either TEX. R. CIV. P. 18b(2) (a) or (b). *But* as to 18b(2)(b), *see Ludlow v. DeBerry*, 959 S.W.2d 265, 271 (Tex.App.-Houston [14 Dist.],1997, no writ.) (discussing the "extrajudicial source" doctrine in *Liteky v. U.S.*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), "[T]hus, the Supreme Court reasoned that judicial remarks during the course of a trial that are critical or disapproving or even hostile to counsel, parties, or their cases, ordinarily do not support recusal. *Id.* Such remarks *may* do so if they reveal an opinion deriving from an extrajudicial source and such remarks *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.")) Thus, Judge Underwood's most likely authority for granting recusal for "adversarial posture"

---

[13]   *Compare* TEX. CONST. art. V, § 11 (prohibiting a judge from sitting in any case in which: he may be interested, a party is related to the judge by consanguinity or affinity in degree prescribed by law, or the judge shall have been counsel in the case), *with* TEX.R. CIV. P. 18b(2)(a), (b) (requiring a judge to recuse himself in any proceeding in which his impartiality might reasonably be questioned or he has a personal bias or prejudice concerning a party). Therefore, despite that Ms. Norman and Mr. Shea's motion was titled a *motion for constitutional disqualification/recusal*, its substance was instead a motion to recuse under rule 18b.

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 10 of 14

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 53 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



would be 18b(2)(a): *"his impartiality might reasonably be questioned;"* which is ground for recusal, but not disqualification.

21. The intervenors have presented no evidence (other than *their* motion) to support their claim that Judge Wood has any pecuniary or personal interest in Mr. Whatley's guardianship. And, it is obvious that Judge Underwood finds that Judge Wood had no pecuniary or personal interest in the case.[14] Without such interest, there are no grounds for constitutional disqualification.

22. Why is the distinction important? A trial judge may be removed from presiding over a particular case because: (1) he is disqualified under Article V, section 11 of the Texas Constitution; (2) he is disqualified under Section 74.053 of the Government Code; or (3) he is subject to recusal under civil procedure Rules 18a and 18b. *In re Union Pacific Resources Co.,* 969 S.W.2d 427, 428 (Tex.1998)(orig. proceeding). The grounds and procedures for each type of removal are fundamentally different. *In re Union Pacific Resources Co., 969 S.W.2d at 428.* "When a judge continues to sit in violation of a constitutional proscription, mandamus is available to compel the judge's mandatory disqualification without a showing that the relator lacks an adequate remedy by appeal. . . . This makes sense, because any orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect." *Id.* Conversely, "the erroneous denial of a recusal motion does not void or nullify the presiding judge's subsequent acts. While a judgment rendered in such circumstances may be reversed on appeal, it is not fundamental error and can be waived if not raised by proper motion." *Id.* This is precisely why the intervenors directly appealed Judge Burwell's Order denying the same

---

[14] Judge Underwood's ORDER ON MOTION TO RECUSE AFTER HEARING, February 5, 2008: "The record indicates that, throughout the long and convoluted history of this case, the Honorable Michael Wood's behavior performance as a judge has been thoughtful, unbiased, and impartial. He has been a well-informed, well-prepared neutral jurist who has done nothing on the bench that would warrant recusal."

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 11 of 14

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 54 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



September 9, 2005, Motion to Disqualify/Recuse the Honorable Mike Wood. Their direct appeal is pending, see above, p. 8.

### Application to *Sun Life*

23.     The intervenors continue to skirt the issue. "Complete absence of all jurisdiction" means that they must prove to this court that Probate Court No. 2 has no subject matter jurisdiction over this contested guardianship case. Otherwise, absolute immunity applies.[15] It does not matter how many orders issued by the probate court are subsequently declared void. Orders are not "void" until a higher court says so. *In re Easton*, 203 S.W.3d 438, 441-442 (Tex. App. – Houston [14th] 2006, no pet.) ("In his first issue, relator [Mr. Easton] contends all of Judge Wood's aforementioned actions and orders are void because several motions for recusal were still pending against Judge Wood. As we have previously noted, Whatley's motion of September 9, 2005, was unresolved at the time Judge Wood issued his order of February 7, 2006.") The facts in the *Brandt* case[16] are strikingly similar to this case. "[T]hus, the question is not whether [Judge] West acted improperly when he signed the specific order complained of, but whether he had the jurisdiction necessary to sign an order of that kind, i.e., a show-cause order, in the case. He clearly did. Signing a show-cause order-even a void one-in a case before him is an act within a district judge's 'jurisdiction,' as that term is used for judicial immunity purposes. Therefore, regardless of the motion to recuse, West acted within his 'jurisdiction,' *as that term is used in judicial immunity analyses*, when he signed the show-cause order."

---

[15]     *Stump v. Sparkman*, 435 U.S. 349, 362-64, 98 S.Ct. 1099, 1107-09, 55 L.Ed.2d 331 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991).
[16]     *Bradt v. West*, 892 S.W.2d 56, 67 - 68 (Tex.App.-Houston [1 Dist.],1994, writ denied).

Judge Wood's Response to Intervenors' Motion to Vacate . . .                    Page 12 of 14

**Exhibit E**
**Page 12 of 29**

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 55 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy

SONG THI NGAN TRAN



24. The intervenors have never established how Judge Wood, under the facts of this case, violated any specific constitutional right or how *his* acts[17] were objectively unreasonable. In determining whether an official enjoys qualified immunity, the court asks (1) whether the plaintiff has demonstrated a violation of a clearly established federal constitutional or statutory right and (2) whether the official's actions violated that right to the extent that an objectively reasonable person would have known.[18]

## Conclusion

25. The intervenors' <u>Motion to Vacate Interlocutory Order of Dismissal without Prejudice</u> is further response to Judge Wood's motion for final summary judgment. In their motion the intervenors do not offer any new facts to show that their claim under TEX. PROBATE CODE § 671 has ripened. The intervenors' do not support with fact or law their conclusory notions interpreting Judge Underwood's ORDER ON MOTION TO RECUSE AFTER HEARING. Neither the words "disqualify" nor "disqualification" appear anywhere on the four corners of Judge Underwood's ORDER. The intervenors asked for disqualification. They got recusal. In any case, even if their fanciful interpretation prevails, it does not matter because their best case does not defeat either absolute or qualified immunity under 42 U.S.C. § 1983.

## Prayer

26. Judge Wood respectfully asks the court to grant final summary judgment, and for any other relief to which he may be justly entitled.

---

[17] Judge Underwood's ORDER ON MOTION TO RECUSE AFTER HEARING, February 5, 2008: "The record indicates that, throughout the long and convoluted history of this case, the Honorable Michael Wood's behavior performance as a judge has been thoughtful, unbiased, and impartial. He has been a well-informed, well-prepared neutral jurist who has done nothing on the bench that would warrant recusal."

[18] *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *see also Beltran v. City of El Paso*, 367 F.3d 299, 303 (5th Cir.2004).

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Deputy_
SONG THI NGAN TRAN



Respectfully submitted,

OF COUNSEL:
MIKE A. STAFFORD
Harris County Attorney

FRED A. KEYS, JR.
Assistant County Attorney
Texas State Bar No. 11373900
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 755-3609 (telephone)
(713) 755-8924 (facsimile)

ATTORNEYS FOR JUDGE WOOD

## CERTIFICATE OF SERVICE

I hereby certify that on: February 12, 2008, a true and correct copy of Judge Wood's Response to Intervenors' Motion to Vacate Interlocutory Order of Dismissal Without Prejudice has been served by certified mail, return receipt requested, to all parties of record.

FRED A. KEYS, JR.

Judge Wood's Response to Intervenors' Motion to Vacate . . .                Page 14 of 14

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

SONG THI NGAN TRAN _____ Deputy



CTH 8/5/05
Del. 8/5/05

### THE STATE OF TEXAS

TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE SUBPOENAS AS PROVIDED IN RULE 176.5 T.R.C.P.

### WITNESS SUBPOENA
CAUSE NO. 355,095

In Re: Guardianship of the Person
and Estate of Perry Lee Whatley

IN THE COUNTY PROBATE COURT
AT LAW NO. 2
HARRIS COUNTY, TEXAS

### YOU ARE HEREBY COMMANDED TO SUMMON:

Hon. Mike Wood, Judge, Probate Court No. 2, and Individually
Harris County Family Law Center, 1115 Congress Ave., 6th Floor, Houston, TX 77002-1989
in Harris County, Texas, and who is represented to reside within one hundred-fifty miles of the
Courthouse of Harris County, Texas, in which the above suit is pending or who may be found
within such distance at the time of the hearing, to appear before Hon. Russell Austin sitting by
assignment in the County Probate Court at Law No. 2, 1115 Congress, Houston, TX 77002 in and
for Harris County, on the 9th day of August 2005 at 1:30 pm, to testify as a witness on behalf of
the Party in the above styled Probate Action concerning a Motion to Recuse, attached hereto as
Exhibit "1," The law also provides for constitutional disqualification when he has a
pecuniary interest in the outcome of a case." to attend from day to day until lawfully
discharged.

DO NOT FAIL to return this writ to said Court, with return thereon, showing the manner of
execution.

Witness my official signature this the 5th day of August, 2005

Requested by: Daniel J. Shea
Attorney at Law
1928 West Bell Street
Houston, TX 77002

By: _Daniel Shea_

Daniel J. Shea TBN#18163850

(Issued in accordance to T.R.C.P. 176.4)

A CERTIFIED COPY
ATTEST: **FEB 1 2 2008**
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_Anne B. Woods_ Deputy
ANNE R. WOODS

Exhibit E
Page 15 of 29

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 58 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



PROBATE COURT 2

236998        No. 355,095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF THE | § | IN PROBATE COURT |
| PERSON AND ESTATE OF PERRY | § | |
| LEE WHATLEY | § | |
| | § | NUMBER TWO OF |
| | § | |
| | § | HARRIS COUNTY, TEXAS |

## MOTION TO QUASH SUBPOENA

To the Honorable Judge of Said Court:

COMES NOW Judge Mike Wood, Judge of Probate Court Two of Harris County, Texas, and presents this motion to quash a subpoena directed to him in the above captioned cause. In support of this motion, movant would show the following:

I.

A subpoena was served on Movant for a hearing at 1:30 p.m. on August 9, 2005. A true and correct copy of the subpoena is attached hereto as Exhibit A. Movant has no knowledge of this case other than the information that transpired in his presence while he was carrying out his official duties as Judge of his probate court. In the absence of a threshold showing of any extraordinary circumstances or improper conduct by the trial judge, any inquiry into his mental processes would be improper and would threaten the foundations of an independent and honorable judiciary. See *U.S. v. Morgan*, 313 U.S. 409, 422 (1941); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971); *Beverly v. U.S.*, 468 F.2d 743 (5th Cir. 1972). The party that served the subpoena on Movant has neither alleged nor proven any extraordinary circumstances that would justify compelling movant to testify.

IV.

Case law clearly holds that a judge's testimony should never be compelled when any other means exist to resolve a dispute. See *Joachim v. Chambers*, 815 S.W.2d 234, 237-240 (Tex. 1991); *Tate v. State*, 834 S.W.2d 566, 570 (Tex. App. — Houston [1st Dist.] 1992, pet. ref'd).

Page 1 of 2

A CERTIFIED COPY
ATTEST:     FEB 12 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



WHEREFORE PREMISES CONSIDERED, movant prays that the subpoena directed to him in the above cause be quashed and an appropriate sanction entered pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code.

Respectfully submitted,

MIKE STAFFORD
Harris County Attorney

By _Frank Sanders_
Frank Sanders  SBN 17588500
Assistant County Attorney
1019 Congress Ave., 15th Floor
Houston, Texas 77002
(713) 755-7961
(713) 755-8924 fax

Page 2 of 2

A CERTIFIED COPY
ATTEST: **FEB 12 2008**
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_Anne R. Woods_ Deputy
ANNE R. WOODS

**Exhibit E
Page 17 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 60 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



NO. 355,095

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF THE PERSON AND ESTATE OF PERRY LEE WHATLEY | § § § § § § § | IN PROBATE COURT |
| | | NUMBER TWO OF |
| | | HARRIS COUNTY, TEXAS |

## ORDER

BE IT REMEMBERED that on the date hereinbelow written came on for hearing the Motion to Quash Subpoena served on Judge Mike Wood, and the Court having considered such Motion and the argument of counsel, it is hereby:

GRANTED, and the aforesaid subpoena IS hereby QUASHED.

SIGNED this ____ day of _____, 2005.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

MIKE STAFFORD
County Attorney 99999939

By _____
Frank Sanders SBN 17588500
Assistant County Attorney
1019 Congress Avenue, 15th Floor
Houston, Texas 77002
(713) 755-7961
(713) 755-8924 fax

RECORDER'S MEMORANDUM
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

A CERTIFIED COPY
ATTEST: FEB 1 2 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

**Exhibit E**
**Page 18 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



PROBATE COURT #2

NO. 355,095

| IN RE: THE PERSON AND ESTATE | § | IN THE PROBATE COURT OF |
| OF PERRY LEE WHATLEY, | § | HARRIS COUNTY, T E X A S |
| A PROPOSED WARD. | § | COURT NUMBER (2) TWO |

### MOTION TO DISQUALIFY/RECUSE THE HONORABLE MIKE WOOD

TO THE HONORABLE MIKE WOOD:

Movant, the Proposed Ward, Perry Lee Whatley, joined by Dawn Johnson Whatley, respectfully file this their motion to recuse/disqualify Judge Mike Wood and in support they would show as follows:

#### I. IRREFUTABLE FACTS

1. On or about August 3, 2005, Judge Wood hired the County Attorney of Harris County, Texas, to file a motion to quash his subpoena.

2. Judge Wood filed a motion which states in part:

"Comes now Judge Mike Wood, Judge, Probate Court Two of Harris County . . . ."

3. At the conclusion of the motion, Judge Wood, the named "movant," requested that sanctions be imposed. Thus, Judge Wood, by praying for affirmative relief in the form of sanctions, did more than request that his subpoena be quashed. He acquired a pecuniary interest in the case and cast himself as an adversary to the Whatleys.[1]

#### II. THE LAW ON POINT

4. Judge Wood's disqualification was mandatory when he took the extraordinary step of filing a motion to quash in which he requested sanctions. Thus, he became a party to the

---

[1] The motion to quash is annexed hereto as exhibit "A" and duly incorporated herein by reference.

-1-

A CERTIFIED COPY
ATTEST: _FEB 1 2 2008_
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

**Exhibit E**
**Page 19 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 62 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



underlying suit. The Texas Constitution prohibits Judge Wood from continuing as a judge in this case. *"No judge shall sit in any case wherein he may be interested...."* TEX. CONST. art. 5, §§ 11-ff. (emphasis added).

5. The interest that disqualifies a judge is an interest, however small, which rests on a direct pecuniary or personal interest in the result of the case. *Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex.1979). In *Cameron*, the Supreme Court held a party may not cause the recusal of a judge by naming the judge as a party to the suit. However, that is not what happened here. Judge Wood, by requesting sanctions, cast himself in an adversarial role. Thus, as a direct result of his actions, "[c]onstitutional disqualification [will render] any order involving judicial discretion absolutely void." *Buckholts I.S.D. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982).

6. Among other examples of constitutional disqualification is a case in which a judge voluntarily participates in a mandamus action that challenges the judge's refusal to recuse himself. *Rapp v. Van Dusen*, 350 F.2d 806, 810 (3d Cir.1965); *U.S. v. Craig*, 875 F. Supp. 816, 818 (S.D. Fla.1994). In *Rapp*, the court of appeals said, "A judge who is challenged by a motion to recuse *should not hire his own lawyer* or designate the lawyers for the real party in interest as his lawyer." *Id.* at 810 (emphasis added). In *Craig*, the district court held that the challenged judge was required to be recused because the judge filed a brief in response to a mandamus action following the judge's refusal to recuse himself. "By filing a response, the judge made an appearance in the case and became aligned with the party opposing recusal." *Id.* at 818. *See also Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 166 (3d Cir. 1993)(judge should not have written letter to plaintiff objecting to statements in the plaintiff's petition for mandamus that was filed to challenge the denial of a motion to recuse).

7. Here, the rule applies with equal if not greater force for a request for sanctions

-2-

A CERTIFIED COPY

ATTEST: ___FEB 12 2008___
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_Qnack. Woods_ Deputy
ANNE R. WOODS

**Exhibit E**
**Page 20 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 63 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



suggests either misconduct on the part of the movants or the filing of a frivolous motion which, in the instant case, was not even remotely true. Accordingly, having cast himself voluntarily in the role of an adversary, Judge Wood stands disqualified as a matter of law.

III. REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Movants request that prior to any further proceedings in this case, HONORABLE MIKE WOOD either recuse himself and request that the Presiding Judge of the Statutory Probate Courts assign another judge to sit in this case, or request that the aforesaid Presiding Judge assign another Judge to hear this motion. Movants also request that this Court take this motion under consideration within three days of its filing, or set it for an alternate date for hearing pursuant to TEX. R. CIV. P. 18a(b). Movants also request such other and further relief, whether at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted:

LAW OFFICE OF SUSAN C. NORMAN          DANIEL J. SHEA, P.C. .

By: _Susan Norman_                     By: _Daniel Shea_
   SUSAN C. NORMAN                          DANIEL J. SHEA
   State Bar No.15083020                    State Bar No. 18163850
   9135 Katy Freeway, Suite 100             1928 West Bell Street
   Houston, Texas 77024                     Houston, TX 77019-4814
   713-465-3344                             (713) 942-7500
   713-468-6243 Facsimile                   (713) 942-7507 Facsimile

ATTORNEY FOR PERRY LEE                  ATTORNEY FOR SPOUSAL GUARDIAN
WHATLEY, PROPOSED WARD                  DESIGNEE, DAWN JOHNSON WHATLEY

NOTICE OF EXPECTED PRESENTATION

ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD ARE HEREBY NOTIFIED THAT MOVANT EXPECTS THE MOTION TO BE PRESENTED TO THE JUDGE THREE DAYS AFTER THE FILING OF SUCH MOTION UNLESS OTHERWISE ORDERED BY THE JUDGE PURSUANT TO TEX. R. CIV. P 18A(B). ANY OTHER PARTY MAY FILE WITH THE CLERK AN OPPOSING OR CONCURRING STATEMENT AT ANY TIME BEFORE THE MOTION IS HEARD.

-3-

A CERTIFIED COPY

ATTEST: __FEB 1 2 2008__
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_Anne R. Woods_ _____ Deputy
   ANNE R. WOODS

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ _____ **Deputy**
SONG THI NGAN TRAN



NO. 335,095

| | | |
|---|---|---|
| *IN RE*: THE PERSON AND ESTATE | § | IN THE PROBATE COURT OF |
| OF PERRY LEE WHATLEY, | § | HARRIS COUNTY, T E X A S |
| A PROPOSED WARD. | § | COURT NUMBER (2) TWO |

<u>AFFIDAVIT OF DANIEL J. SHEA</u>

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF HARRIS | § |

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared DANIEL J. SHEA, known to me by presentation of his Texas Driver's License to be the person whose signature appears below and who, being by me duly sworn, did depose as follows:

"I am the counsel for DAWN JOHNSON WHATLEY, Spousal Designee identified in the pleadings in this case. I am over the age of eighteen (18) years, mentally competent, and not otherwise disqualified by law from making an affidavit. I have read the above and foregoing *Motion to Disqualify/Recuse Honorable Mike Wood*. I have first hand knowledge of the facts set forth therein and they are true and correct. I also certify that Exhibit "A" is a true and correct copy of the Motion to Quash Subpoena by Honorable Mike Wood."

AFFIANT SAYS NOTHING FURTHER.



DANIEL J. SHEA

SUBSCRIBED AND SWORN TO BY DANIEL J. SHEA this 8th day of September, 2005 to certify which, witness below my hand and seal of office.

NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S

NOTARIAL SEAL WITH
DATE OF EXPIRATION:

FILED
2005 SEP -9 AM 10:55
COUNTY CLERK
HARRIS COUNTY TEXAS

-4-

A CERTIFIED COPY
ATTEST: FEB 12 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

Exhibit E
Page 22 of 29

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 65 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



CERTIFICATE OF SERVICE

This is to certify that the above and foregoing *Motion to Disqualify/Recuse Honorable Mike Wood* has been filed with the Court and provided to all parties-in-interest or their attorney(s) of record pursuant to TEX. R. CIV. P. 21 and further, that the same has been served pursuant to TEX. R. CIV. P. 21a on the 9th day of September, 2005 to the individuals and in the manner indicated below:

Mr. John L. Green                              Facsimile: (713) 660-9921
4888 Loop Central Dr., Suite 445
Houston, TX 77081-2226
ATTORNEY FOR DAWN JOHNSON
WHATLEY, SPOUSAL APPLICANT

Mr. Ray J. Black, Jr.                          Hand Delivery in Open Court
One Riverway, Suite 1700
Houston, TX 77056-1997
ATTORNEY *AD LITEM*

Mr. Roy L. Fuller                              Hand Delivery in Open Court
1300 Rollingbrook, Suite 608
Baytown, TX 77521-3863
ATTORNEY FOR APPLICANTS
ROBERT DANIEL WHATLEY
AND JEANIE ANDERSON

DANIEL J. SHEA

-5-

A CERTIFIED COPY
ATTEST: FEB 1 2 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

**Exhibit E**
**Page 23 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 66 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



No. 355,095

IN RE: GUARDIANSHIP OF THE    §   IN PROBATE COURT
PERSON AND ESTATE OF PERRY  §
LEE WHATLEY              §   NUMBER TWO OF
                         §   HARRIS COUNTY, TEXAS

PROBATE COURT 2

## MOTION TO QUASH SUBPOENA

To the Honorable Judge of Said Court:

COMES NOW Judge Mike Wood, Judge of Probate Court Two of Harris County, Texas, and presents this motion to quash a subpoena directed to him in the above captioned cause. In support of this motion, movant would show the following:

I.

A subpoena was served on Movant for a hearing at 1:30 p.m. on August 9, 2005. A true and correct copy of the subpoena is attached hereto as Exhibit A. Movant has no knowledge of this case other than the information that transpired in his presence while he was carrying out his official duties as Judge of his probate court. In the absence of a threshold showing of any extraordinary circumstances or improper conduct by the trial judge, any inquiry into his mental processes would be improper and would threaten the foundations of an independent and honorable judiciary. See U.S. v. Morgan, 313 U.S. 409, 421 (1941); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971); Beverly v. U.S., 468 F.2d 743 (5th Cir. 1972). The party that served the subpoena on Movant has neither alleged nor proven any extraordinary circumstances that would justify compelling movant to testify.

IV.

Case law clearly holds that a judge's testimony should never be compelled when any other means exist to resolve a dispute. See Joachim v. Chambers, 815 S.W.2d 234, 237-240 (Tex. 1991); Tate v. State, 834 S.W.2d 566, 570 (Tex. App. – Houston [1st Dist.] 1992, ref d).

Page 1 of 2

A CERTIFIED COPY

ATTEST: _____ AUG 01 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
NADIA D. CAMPBELL

EXHIBIT
"A"

A CERTIFIED COPY

ATTEST: _____ FEB 12 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

Exhibit E
Page 24 of 29

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 67 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



WHEREFORE PREMISES CONSIDERED, movant prays that the subpoena directed
to him in the above cause be quashed and an appropriate sanction entered pursuant to
Chapter 10 of the Texas Civil Practice and Remedies Code.

Respectfully submitted,

MIKE STAFFORD
Harris County Attorney

By: _____
Frank Sanders  SBN 17518500
Assistant County Attorney
1019 Congress Ave, 15th Floor
Houston, Texas 77002
(713) 755-7861
(713) 755-8924 fax

Page 2 of 2

A CERTIFIED COPY

ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
NADIA D. CAMPBELL

A CERTIFIED COPY
ATTEST: FEB 1 2 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

Exhibit E
Page 25 of 29

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 68 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



THE STATE OF TEXAS

Del. 8/5/05

TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON
AUTHORIZED TO SERVE SUBPOENA AS PROVIDED IN RULE 176.5 T.R.C.P.

WITNESS SUBPOENA
CAUSE NO. 255,993

In the Guardianship of the Person
and Estate of Perry Lee Whatley

IN THE COUNTY PROBATE COURT
AT LAW NO. 2
HARRIS COUNTY, TEXAS

YOU ARE HEREBY COMMANDED TO SUMMON:

Hon. Mike Wood, Judge, Probate Court No. 1, and individually
Harris County Family Law Center, 1115 Congress Ave., 6th Floor, Houston, TX 77002-1929
in Harris County, Texas, and who is represented to reside within one hundred-fifty miles of the
Courthouse of Harris County, Texas, in which the above suit is pending or who may be found
within such distance at the time of the hearing, to appear before Hon. Russell Austin sitting by
assignment in the County Probate Court at Law No. 2, 1115 Congress, Houston, TX 77002 in and
for Harris County, on the 9th day of August 2005 at 1:30 pm, to testify as a witness on behalf of
the Party in the above styled Probate Action concerning a Motion to Recuse, attached hereto as
Exhibit "1." The law also provides for constitutional disqualification when he has a
pecuniary interest in the outcome of a suit." to attend from day to day until lawfully
discharged.

DO NOT FAIL, to return this writ to said Court, with return thereon, showing the manner of
execution.

Witness my official signature this the 5th day of August 2005.

Requested by: Daniel J. Shea
Attorney at Law
1928 West Bell Street
Houston, TX 77002

By: _____

Daniel J. Shea TBN 18163830

(Issued in compliance to T.R.C.P. 176.4)

A CERTIFIED COPY
ATTEST: AUG 9 2005
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
NADIA D. CAMPBELL

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blackouts
additions and changes were present at the time
the instrument was filed and recorded.

A CERTIFIED COPY

ATTEST: FEB 1 2 2008
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

Exhibit E
Page 26 of 29

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 69 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



PROBATE COURT 2

NO. 355,095

| | |
|---|---|
| GUARDIANSHIP OF | IN PROBATE COURT NO. 2 |
| PERRY LEE WHATLEY, | OF |
| AN INCAPACITATED PERSON | HARRIS COUNTY, TEXAS |

474873

**ORDER DENYING MOTION TO RECUSE**

On the 2nd day of November, 2005, came on to be considered Perry Lee Whatley and Dawn Johnson Whatley's Motion to Disqualify/Recuse The Honorable Mike Wood, Judge, Harris County Probate Court No. 2 (the "Recusal Motion"), which was filed on or about September 9, 2005. After considering the motion, the relevant case law, and the argument of counsel, the Court finds that, in the absence of any grounds for recusal, the Recusal Motion should be denied. It is, therefore,

ORDERED that Perry Lee Whatley and Dawn Johnson Whatley's Motion to Disqualify/Recuse the Honorable Mike Wood, Judge, Harris County Probate Court No. 2, which was filed on or about September 9, 2005, is hereby DENIED.

SIGNED this 6th day of June, 2006, AT 16603 Buccanear Lane, Harris County Annex, Houston, Texas, AT 8:36 A.m.

_____
JUDGE PRESIDING

FILED
2006 JUN -8 PM 3:08
COUNTY CLERK
HARRIS COUNTY, TEXAS

Witnessed by Mary Alice King
6-6-06
Harris county deputy clerk

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

A CERTIFIED COPY
FEB 12 2008
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

**Exhibit E**
**Page 27 of 29**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 70 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



08/05/08  16:07 FAX                                                         002/002

DATA ENTRY
PICK UP THIS DATE

NO. 355,095

IN RE: THE PERSON AND §    IN PROBATE COURT NO. 39
ESTATE OF PERRY LEE WHATLEY, §
A PROPOSED WARD §    OF
    §    HARRIS COUNTY, TEXAS

946340

CLERK HOURS FILING
FILED

### ORDER ON MOTION TO RECUSE AFTER HEARING

On January 24, 2008, came on to be heard, the Motion to Recuse filed pursuant to 18a of the Texas Rules of Civil Procedure in the above captioned cause. The Court has considered the motion, its attachments, the court's file, all evidence presented, and all citations of authority. The record indicates that, throughout the long and convoluted history of this case, the Honorable Michael Wood's behavior performance as a judge has been thoughtful, unbiased, and impartial. He has been a well-informed, well-prepared neutral jurist who has done nothing on the bench that would warrant recusal.

The moving parties have gone so far as to sue Judge Wood in federal court and attempted to subpoena him to testify in that action. The Harris County Attorney responded on behalf of Judge Wood and filed a motion to quash the subpoena which included a request for sanctions. Once this request was made, Judge Wood was placed in an adversarial posture, however inadvertent, towards the movants and effectively recused him from sitting on further proceedings in this case.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

> Presiding Judge
> Second Administrative Judicial Region of Texas
> 301 N. Main, Suite 228
> Conroe, Texas 77301
> Fax No. 409 538-8167

SIGNED this _FEB 5 2008_

_____
JUDGE PRESIDING

A CERTIFIED COPY
ATTEST: **FEB 12 2008**
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

Exhibit E
Page 28 of 29

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 71 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



# Appendix 1

02/05/08  16:07 FAX                                                    @001/002



## Second Administrative Judicial Region of Texas
## Olen Underwood
### Presiding Judge

*Kasri Craufill*
*Regional Administrator*

*Nathan Jansen*
*Regional Assistant*

February 5, 2008

County Clerk, Harris County
VIA FACSIMILE

Attached please find ORDER ON MOTION TO RECUSE in Cause No.355,095; In Re: The Person and Estate of Perry Lee Whatley, A Proposed Ward; Probate Court No. 2 of Harris County, Texas.

Please file in your normal manner and return copy to this office.

cc:  Harris County Probate Court No. 2       Roy Fuller
     VIA FACSIMILE                            VIA FACSIMILE

     Susan Norman                             Ray Black, Jr.
     VIA FACSIMILE                            VIA FACSIMILE

     Gary M. Riebschlager                     Jimmy Walker
     VIA FACSIMILE                            VIA FACSIMILE

207 West Phillips, Third Floor ✦ Conroe, Texas 77301
(936) 538-8176 ✦ Fax (936) 538-8167

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

A CERTIFIED COPY
ATTEST: **FEB 12 2008**
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
ANNE R. WOODS

**Exhibit E**
**Page 29 of 29**

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 72 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN





**Mike Stafford**
**Harris County Attorney**

# *NOTICE*

PLEASE DELIVER THE FOLLOWING PAGES TO: SUSAN NORMAN
### FAX: (281) 605-1822

Re: *In re: Mary Olive Calkins;* cause no. 378,993; Harris County Probate Court No. 2 and *In re Dick C. Calkins*; cause no 275,123; Harris County Probate Court No. 2. (C.A. File No. 08TRL0133).

FROM: STEPHEN SMITH
TELEPHONE: 713.755.7156 *** TELECOPIER: 713.755.8924

PAGES: 8 + TRANSMITTAL SHEET

DATE: SEPTEMBER 24, 2008

COMMENTS: DEPUTY CHUNG GEE'S MOTION TO QUSAH SUBPOENA AND MOTION FOR PROTECTIVE ORDER.

THANK YOU,

STEPHEN SMITH/

*THIS FACSIMILE TRANSMISSION CONTAINS CONFIDENTIAL INFORMATION WHICH MAY ALSO BE LEGALLY PRIVILEGED AND WHICH IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ABOVE ADDRESS VIA THE POSTAL SERVICE.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE TELEPHONE FRANCES SMITH AT 713.755.1287 RESPECTIVELY. THANK-YOU.

Exhibit F
Page 1 of 9

1019 Congress, 15ᵗʰ Floor • Houston, Texas 77002 • Phone: 713-755-5101 • Fax: 713-755-8924

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 73 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Song Thi Ngan Tran
SONG THI NGAN TRAN _____ Deputy





Mike Stafford
## Harris County Attorney

September 24, 2008

Beverly Kaufman
County Clerk
201 Caroline, 8th Floor ,
Houston, Texas 77002

Re: In re Mary Olive Calkins; cause no. 378,993; Harris County Probate Court
No. 2 and In re Dick C. Calkins; cause no. 275,123; Harris County Probate
Court No. 2; CA File No. 08 TRL0133

Dear Ms. Kaufman,

Enclosed for filing is Deputy Chung Gee's Motion to Quash Subpoena and
Motion for Protective Order and Order.

Thank you for your courtesy and assistance in this matter.

Very truly yours,

MIKE STAFFORD
County Attorney

STEPHEN SMITH
Assistant County Attorney
(713) 755-7156

cc: Susan Norman
Attorney for Richard Stephen Calkins
Via Facsimile: (281) 605-1822

Exhibit F
Page 2 of 9

1019 Congress, 15th Floor • Houston, Texas 77002 • Phone: 713-755-5101 • Fax: 713-755-8924

Confidential information may have been redacted from the document in compliance with the Public Information Act.

Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 74 of 84

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



CAUSE NO 378,993

| IN RE: | § | IN THE PROBATE COURT |
|---|---|---|
| MARY OLIVE CALKINS | § | NUMBER TWO (2) OF |
| | § | HARRIS COUNTY, TEXAS |

CAUSE NO. 275,123

| IN RE: | § | IN THE PROBATE COURT |
|---|---|---|
| DICK C. CALKINS | § | NUMBER TWO (2) OF |
| TESTAMENTARY TRUSTS | § | HARRIS COUNTY, TEXAS |

### MOTION TO QUASH SUBPOENA
### AND MOTION FOR PROTECTIVE ORDER

To the Honorable Judge of Said Court:

Comes now Harris County Sheriff's Deputy Chung Gee, and makes the following Motion to Quash the subpoena served upon him in this case, and a Motion for Protective Order, and would respectfully show unto the court as follows:

#### I.

The attached subpoena, Ex. 1, was served upon Deputy Gee. The subpoena would require him to testify in a recusal hearing in this case set for September 25, 2008.

#### II.

Deputy Gee is the bailiff in Harris County Probate Court No. 2, in which the Honorable Mike Wood is the presiding judge. As the bailiff he is entitled to derived judicial immunity. Under the concept of "derived judicial immunity", the judicial immunity that attaches to judges also attaches to persons who serve as officers of the court or whose activities are intimately associated with the judicial process. *Dallas Cty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). *Edwards v. Pena*, 38 S.W.3d 191, 196 (Tex. App.-Corpus Christi 2001, no pet.). When derived judicial immunity applies, a defendant receives the same immunity as a judge. *Id.* at 554. This

Exhibit F
Page 3 of 9

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 75 of 84**

_Song Thi Ngan Tran_ Deputy
SONG THI NGAN TRAN



form of immunity applies to personnel such as court clerks, *bailiffs*, court-appointed counsel, and other administrative staff members. *City of Houston v. West Capitol Fin. Servs.*, 961 S.W. 2d 687, 690 (Tex. App.-Houston [1st Dist.] 1998, pet. dism'd.).  See also *Clements v. Barnes*, 834 S.W.2d 45, 46 (Tex.1992) (court-appointed bankruptcy trustee had derived judicial immunity); *Delcourt v. Silverman*, 919 S.W. 2d 777, 783 (Tex. App. –Houston [14th Dist.] 1996, writ denied) (court-appointed psychologist had derived judicial immunity).

Because he is entitled to derived judicial immunity, the subpoena served upon him should be quashed and a protective order issued.

### III.

In addition, pursuant to Tex. R. Evid. 605, a presiding judge may not testify in that trial as a witness. Pursuant to derived judicial immunity, this rule should also apply to the Court's bailiff.

### IV.

There has been no showing by movant that Deputy Gee's testimony is relevant to this hearing. Therefore the subpoena should be quashed and a protective order issued because his testimony is not relevant to this hearing.

### V.

Wherefore premises considered Deputy Gee requests that the subpoena served on him be quashed and a protective order issued.

Exhibit F
Page 4 of 9

2

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 76 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



Respectfully submitted,

MIKE STAFFORD
Harris County Attorney

By: _____

STEPHEN SMITH
Assistant County Attorney
State Bar No. 18684400
1019 Congress, 15th Floor
Houston, Texas 77002-1700
Telephone: 713/755- 7156
Facsimile: 713/755-9824

**ATTORNEYS FOR CHUNG GEE**

## CERTIFICATE OF SERVICE

I certify that on September 24, 2008, a true and correct copy of the foregoing was served by certified mail, return receipt requested, or by hand delivery, or by electronic document transfer to all parties and/or counsel of record.

_____

STEPHEN SMITH
Assistant County Attorney

Exhibit F
Page 5 of 9

3

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood on Constitutional Grounds**
**Page 77 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



THE STATE OF TEXAS
WITNESS SUBPOENA / SUBPOENA DUCES TECUM
PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE RULE 176

CAUSE NO 378,993

| IN RE: | § | IN THE PROBATE COURT |
| MARY OLIVE CALKINS | § | NUMBER TWO (2) OF |
| | § | HARRIS COUNTY, TEXAS |

CAUSE NO.  275,123

| IN RE: | § | IN THE PROBATE COURT |
| DICK C. CALKINS | § | NUMBER TWO (2) OF |
| TESTAMENTARY TRUSTS | § | HARRIS COUNTY, TEXAS |

To:  Any sheriff or constable of the State of Texas or other person authorized to serve and execute subpoenas as provided in Texas Rule of Civil Procedure 176.5.

You are commanded to summon Chung Gee, Deputy Sheriff, Harris County, Texas, 201 Franklin, Probate Court No. 2, Harris County, Texas, to appear at 1201 Franklin, Project Court No. 2, Harris County, Texas,, on September 25, 2008, at 10:00 a.m., to appear before Honorable Olen Underwood, and give testimony in this case on behalf of the Movant and to remain in attendance from day-to-day until lawfully discharged.

Chung Gee, Deputy Sheriff, Harris County, Texas, is commanded to produce and permit inspection of the following documents or tangible things:
The Originals of records as set forth in Exhibit "A" and
two (2) copies of each Original produced.

Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. Tex. R. Civ. P. 176.8(a).

DO NOT FAIL to return this writ to the Probate Court No. 2 of Harris County, Texas, with either the attached officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED on September 9, 2008.

By: _Susan C Nolman B/P_
SUSAN C. NORMAN
Texas Bar Number 15083020
P.O. Box 806
Richmond, Texas 77406-0806
Phone: 281-802-5341
Fax: 281-605-1822

This subpoena was issued at the request of Movant, Richard Stephen Calkins, whose attorney of record is Susan C. Norman, P.O. Box 806, Richmond, Texas 77406-0806, Phone: 281-802-5341.

Exhibit F
Page 6 of 9

1

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ _____ Deputy
SONG THI NGAN TRAN



## RETURN OF SERVICE OF SUBPOENA

I, _____, delivered a copy of this subpoena to Chung Gee, Deputy Sheriff, Harris County, Texas, 201 Franklin, Probate Court No. 2, Harris County, Texas, in Harris County, Texas, on the _____ day of _____, 2008, at _____ o'clock ___.m., and tendered to the witness a fee of $ 11.00 in cash.

I, _____, was unable to deliver a copy of this subpoena to _____ for the following reasons:

_____

_____

_____

_____

By:_____
Person who is not a party and is
18 years of age or older.

## ACCEPTANCE OF SERVICE OF SUBPOENA BY
## WITNESS UNDER TEXAS RULE OF CIVIL PROCEDURE 176

I accept service of this subpoena.

_____
Signature of Witness

_____
Printed Name of Witness

_____
Date

FEE FOR SERVICE OF SUBPOENA: _____

Exhibit F
Page 7 of 9

2

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds**
**Page 79 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_Song Thi Ngan Tran_ _____ Deputy
SONG THI NGAN TRAN



<u>EXHIBIT A</u>

All written reports, communications, notes, tape, audio, or DVD recordings, statements, related to Susan C. Norman, arising out of Deputy Chung Gee's employment with Harris County Sheriff's Department, and assignment to Probate Court Number 2 of Harris County, Texas from August 1, 2008, to date of response to this subpoena.

All written reports, communications, notes, tape, audio, or DVD recordings, statements, related to Rhonda Clark arising out of Deputy Chung Gee's employment with Harris County Sheriff's Department, and assignment to Probate Court Number 2 of Harris County, Texas from August 1, 2008, to date of response to this subpoena.

Exhibit F
Page 8 of 9

3

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
A Certified Copy                      **on Constitutional Grounds**
Attest: 10/30/2015                          **Page 80 of 84**
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

CAUSE NO 378,993

IN RE:
MARY OLIVE CALKINS

§  IN THE PROBATE COURT
§  NUMBER TWO (2) OF
§  HARRIS COUNTY, TEXAS

CAUSE NO. 275,123

IN RE:
DICK C. CALKINS
TESTAMENTARY TRUSTS

§  IN THE PROBATE COURT
§  NUMBER TWO (2) OF
§  HARRIS COUNTY, TEXAS

## ORDER

Came on to be heard the Motion to Quash Subpoena and Motion for Protective Order of Chung Gee and it appearing to the Court that such motion should be granted it is hereby,

Ordered, Adjudged, and Decreed that the subpoena served on Chung Gee is hereby quashed and a protective order issued prohibiting him from testifying in this hearing.

Signed this _____ day of September, 2008.

_____
Judge Presiding

Exhibit F
Page 9 of 9

4

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 81 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN





**TOMMY THOMAS**
Sheriff of Harris County
1200 Baker Street
HOUSTON, TEXAS 77002-1206
www.hctx.net/so

August 29, 2008

To: Don McWilliams, Major
Fred Brown, Major

From: J.T. Hart, Captain

Re: Complaint (?) of Susan Norman

I am in receipt of the paperwork faxed to the Office of Inspector General (OIG) by Ms. Susan Norman and received on August 27th per the date/time stamp of the fax machine (Cover sheet states August 28, 2008).

Upon review of the documents provided, I can find no complaint. Instead, I find copies of various documents to include:

Cover sheet (1 page)
First Supplement to the motion to Recuse (4 pages)
A letter to Deputy C. Gee (2 pages marked "Ex A")
A letter to Ms. Norman from a Michael Easton (5 pages marked "Ex B")
A second copy of First Supplement to the motion to Recuse (4 pages)
A second copy of a letter to Deputy C. Gee (2 pages marked "Ex A")
A second copy of a letter to Ms. Norman from a Michael Easton (5 pages marked "Ex B")

Total number of pages reviewed twenty three.

In this review I did not find a complaint directed to either the Sheriff's Office in general nor to the OIG specifically. As this reviewer cannot look into the mind of Ms. Norman, I have concluded that she either failed to make a coherent complaint on whatever matter she meant to have addressed or she means to convey her complaint in a different manner.

During the review I did find in the letter addressed to Deputy Gee referenced above, a threat of a Federal lawsuit being filed against the Department in relation to an incident that occurred in the courtroom to which Deputy Gee is assigned (Probate Court #2, 1201 Caroline, Suite 660, Judge Mike Wood presiding). During that incident Deputy Gee confiscated an electronic device from an employee of Ms. Norman. The device was returned to Ms. Norman after the hearing in which she was participating was concluded.

On August 29, 2008, at approximately 1100 hours I met with Judge Wood in his chambers. Judge Wood informed me that the previous to the incident he had observed an assistant of Ms. Norman hand what appeared to him to be a recorder to Ms. Wood as she left the courtroom. On the day of the incident Judge Wood ordered Deputy Gee to confiscate any recording device he may observe.

According to an incident report prepared by Deputy Gee, he "...observed a white female sitting in the back pointing an electronic object with blinking lights towards the bench area." In accordance with the judge's orders and in his belief that the device was being used to record the proceedings Deputy Gee secured the device and placed in on the bench in front of Judge Wood. Based on the information provided by Judge Wood it is obvious that Deputy Gee was acting under his orders when he confiscated the electronic device. Subsequently, IF this is the incident of which Ms. Norman wished to complain there is no basis for an investigation.

Exhibit G
Page 1 of 2

Office: 713.755.7260     **OFFICE OF INSPECTOR GENERAL**     Fax: 713.755.9564

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood
on Constitutional Grounds
Page 82 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

*Song Thi Ngan Tran*
SONG THI NGAN TRAN    Deputy



# COPY

Based on the information provided by Judge Wood it is obvious that Deputy Gee was acting under his orders when he confiscated the electronic device. Subsequently, IF this is the incident of which Ms. Norman wished to complain there is no basis for an investigation.

I also spoke with Deputy Gee and asked him if it was standard practice for him to make the admonishment , which I have witnessed numerous times over the years, to the courtroom on the day of the incident that orders that all electronic devices be turned off or silenced (verbiage differs between bailiffs)? Deputy Gee said that it is standard practice to make this admonishment.

NOTE: To the right of the entrance doors to Probate Court #2 there is a sign posted that states in part: Please turn off all cell phones, pagers, etc.

As Ms. Norman has, in her correspondence, made an overt threat of filing a Federal lawsuit against the Department, a copy of her correspondence was forward to Mr. Fred Keys of the County Attorney's Office for his information.

Cc:     Fred Keys, County Attorney's Office

Exhibit G
Page 2 of 2

2

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 83 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas



SONG THI NGAN TRAN _____ **Deputy**



SBC Yahoo! Mail - rjb@rjblacklaw.com

 **SMALL BUSINESS**
**Email**

Print - Close Window

**Subject:** FW: Michael Easton and the unauthorized practice of law
**Date:** Wed, 7 Dec 2005 16:58:07 -0600
**From:** "Lewis, Marilyn (Probate Courts)" <MLewis@itc.co.harris.tx.us>
**To:** rjb@rjblacklaw.com

Ray,

FYI and could you forward this to Jimmy Walker as well?

Thanks,

Marilyn

-----Original Message-----
**From:** Gunnels, Meg (Probate Courts)
**Sent:** Wednesday, December 07, 2005 4:56 PM
**To:** Lewis, Marilyn (Probate Courts); Wood, Judge Mike (Probate Court)
**Subject:** FW: Michael Easton and the unauthorized practice of law

FYI

-----Original Message-----
**From:** Martha Failing PC [mailto:mfailing@mindspring.com]
**Sent:** Wednesday, December 07, 2005 11:10 AM
**To:** Gunnels, Meg (Probate Courts)
**Subject:** Michael Easton and the unauthorized practice of law

Meg--I am a member of the Houston UPL subcommittee and was assigned the Michael Easton case before the current lawyer. Easton has been before our committee a number of times and we don't seem to be able to get anything done. He is very aggressive.

I understand he has been driving Court 2 crazy and that you have referred him to the committee for another look.

Would you consider filing a complaint directly with Rodney Gilstrap, the state chair of the committee? His address is P. O. Drawer A, Marshall, Texas 75671. His email address is gilstrap1957@yahoo.com. I am asking this because we can't move the case in Houston.

Please let me know if you have any questions about this. 713-521-0026 in case you want to call. We would all appreciate getting him out of the courts--from Montgomery to Brazoria counties and everybody in between. Thanks,

Martha Failing PC
mfailing@mindspring.com

**RECORDER'S MEMORANDUM.**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded

R BLACK-SUPP
01873

**Exhibit H**
**Page 1 of 1**

http://b3.mail.yahoo.com/ym/rjblacklaw.com/ShowLetter?box=Inbox&MsgId=560_1117...  12/13/2005

Confidential information may have been redacted from the document in compliance with the Public Information Act.

**Appendix 1, First Amended Motion Disqualify Judge Wood**
**on Constitutional Grounds**
**Page 84 of 84**

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

REPORTER'S RECORD
VOLUME 1 OF 2 VOLUMES


TRIAL COURT CAUSE NO. 378,993

IN RE:  GUARDIANSHIP OF        )    IN PROBATE COURTS
                               )
MARY OLIVE CALKINS,            )    NOS. 1 2, 3, 4 OF
                               )
AN ADULT INCAPACITATED         )
                               )
PERSON                         )    HARRIS COUNTY, TEXAS


TRIAL COURT CAUSE NO. 275,123

IN RE:  DICK C. CALKINS,       )    IN PROBATE COURTS
                               )
                               )
                               )    NOS. 1 2, 3, 4 OF
                               )
                               )
TESTAMENTARY TRUST             )    HARRIS COUNTY, TEXAS


- - - - - - - - - - - - - - - - - - - - - - - - - - -

**MOTIONS**

- - - - - - - - - - - - - - - - - - - - - - - - - - -


On the 10th day of August, 2011, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Patrick Sebesta, Judge presiding, held in Angleton, Brazoria County, Texas;

Proceedings reported by machine shorthand.

A P P E A R A N C E S

FOR CAROLYN CALKINS JAMES, INDIVIDUALLY:

    **MR. G. WESLEY URQUHART**
    Attorney at Law
    2444 Times Boulevard, Suite 316
    Houston, Texas  77005-3243
    (713) 661-1219
    (713) 669-1219 Fax
    SBOT NO. 20415575

FOR CAROLYN CALKINS JAMES, AS NEXT FRIEND OF MARY OLIVE CALKINS:

    **MR. KENNETH A. ZIMMERN**
    Zimmern Law Firm, P.C.
    3700 Montrose Boulevard
    Houston, Texas  77006
    (713) 529-4999
    (713) 523-4747 Fax
    SBOT NO. 2227880

FOR CAROLYN CALKINS JAMES, INDIVIDUALLY, AND FOR CAROLYN CALKINS JAMES, AS NEXT FRIEND OF MARY OLIVE CALKINS:

    **MR. JOSEPH PATTERSON**
    Patterson & Edquist
    120 W. Myrtle Street
    Angleton, Texas  77515
    (979) 849-3433
    (979) 848-8308 Fax
    SBOT NO. 15601800

ATTORNEY AD LITEM FOR MARY OLIVE CALKINS:

    **MS. SUZANNE KORNBLIT**
    Kornblit & Associates
    3410 Mercer
    Houston, Texas  77027
    (713) 524-2430
    (713) 524-2423 Fax
    SBOT NO. 11683600

FOR RICHARD STEPHEN CALKINS, INDIVIDUALLY; RENE FLORES
JESSE BLANCO, 642 CONTESTANTS:


    **MR. L.T. "BUTCH" BRADT**
    Law Firm of L.T. "Butch" Bradt, P.C.
    5151 San Felipe, Suite 1950
    Houston, Texas  77056
    (713) 681-2696
    (713) 255-3242 Fax
    SBOT NO. 02841600


FOR RICHARD STEPHEN CALKINS, AS AGENT FOR MARY OLIVE
CALKINS:

    **MS. SUSAN C. NORMAN**
    Law Offices of Susan C. Norman, P.C.
    P.O. Box 52518
    Houston, Texas  77052
    (713) 882-2066
    SBOT NO. 15083020


FOR RICHARD STEPHEN CALKINS:

    **MR. JIMMY PHILLIPS, JR.**
    Attorney at Law
    515 N. Velasco
    P.O. Drawer 29
    Angleton, Texas 77515
    (979) 849-8511
    (979) 849-1409 Fax
    SBOT NO. 15953000


FOR RICHARD STEPHEN CALKINS:

    **MR. A. G. CROUCH**
    Crouch Law Firm
    235 West Sealy
    Alvin, Texas 77511
    (281) 331-5288
    (281) 331-9346 Fax
    SBOT NO. 20415575

FOR LINDA C. GOEHRS:

    **MR. MICHAEL HAYS**
    Hays, McConn, Rice & Pickering, P.C.
    1233 West Loop South, Suite 1000
    Houston, Texas   77027
    (713) 654-1111
    (713) 650-0027 Fax
    SBOT NO. 09304500


FOR DEFENDANT U.S. SPECIALTY INSURANCE COMPANY:

    **MR. BRANDON K. BAINS**
    Langley Weinstein
    901 Main Street, Suite 600
    Dallas, Texas   75202
    (214) 722-717
    (214) 722-7161 Fax
    SBOT NO. 24050126


642 CONTESTANT:

    **MR. MICHAEL EASTON**
    310 Morton Street, Suite 646
    Richmond, Texas   77469-3119
    (281) 415-8655


642 CONTESTANT:

    **MS. ELSIE MARTIN-SIMON**
    Attorney at Law
    1915 Commonwealth, Suite 203
    Houston, Texas   77006
    (713) 521-3168
    (713) 521-0470 Fax
    SBOT NO. 18382800

Honorable Olen Underwood, erred in granting the motion to recuse Judge Mike Wood and that the Honorable Presiding Judge, Olen Underwood, also erred in failing to rule on the motion to recuse Steve King before he appointed Judge Pat Sebesta.

Now, for the record and so that the Appellate Court understands it, we were at a hearing in May of this year, at the criminal courthouse at 1201 Franklin in Houston, when Judge Underwood asked the parties could any Judge in this state be fair to the parties in this case. The parties responded yes.

Judge Underwood then said make a list of the Judges that you think could be fair. The parties submitted a list of Judges. The first round was 20 Judges. The second round was 20 more Judges. The third round was 20 more Judges. The fourth round was 20 more Judges.

On the fifth round, the name Patrick Sebesta appeared on both parties' lists. Judge Underwood came out and announced to them that he was going to appoint Judge Sebesta to hear this case.

If they're claiming that that appointment is no good based on that notice of appeal and what they claim is in their notice of appeal, then we need to ask now or forever hold their peace as they say in weddings

THE COURT: All right. Thank you.

MR. URQUHART: Excuse me. Your Honor --

THE COURT: Mr. Urquhart.

MR. URQUHART: -- Mr. Easton has misrepresented, once again, the facts to the Court. And he will continue to do so as long as he's allowed to practice law without a license in this Court and thereby committing a criminal offense. He has no standing as a challenger at all, and he should not be addressing this Court.

Now, what he misrepresented to you is that we put Your Honor's name on the fifth list that Judge Underwood requested. We put your name on the first list. They put your name on the subsequent list.

Furthermore, it is not our position that Your Honor's appointment is tainted in any way because Judge Underwood did not recuse -- did not recuse Judge King.

As a matter of fact, there's a recent case dated May 12th, 2011, out of the -- I believe it's the First Court of Appeals, *Hull versus South Coast Catamarans* says that it's okay for Judge Underwood to do what he did with regard to your assignment and the fact that Judge King has not been recused.

And there is another case. Mr. --

REPORTER'S CERTIFICATE

THE STATE OF TEXAS    )

COUNTY OF HARRIS      )

I, Ida H. Salinas, Deputy Court Reporter in and for Probate Courts Nos. 1, 2, 3, and 4, of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $1445.00  and will be paid by Ms. Susan Norman.

WITNESS MY OFFICIAL HAND this the 23rd day of August, 2011.

_____
Ida H. Salinas, RPR, CSR 4469
Expiration Date:  12/31/2012
Deputy Court Reporter
Probate Courts 1, 2, 3, 4
Harris County, Texas
111 E. Locust
Angleton, Texas 77515
(281) 756-1258

No. 441,165

| | | |
|---|---|---|
| IN RE: | § | PROBATE COURT |
| MARY OLIVE HULL CALKINS, | § | NUMBER FOUR |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## AMENDED ORDER GRANTING APPLICANT'S MOTION TO RECUSE

On this day, the Court on its own motion finds it necessary to amend its prior Order Granting Applicant's Motion to Recuse signed on July 30, 2015 and hereby substitutes this Order. The Court considered Applicant, Carolyn Calkins James's Motion to Recuse the Honorable Christine Butts as presiding judge over Cause No. 441,165 in Probate Court Number Four and, having considered the Motion, the Court is of the opinion that it is in the best interest of the above-referenced cause that the Motion be GRANTED. It is therefore

ORDERED that the Honorable Christine Butts recuses herself from Cause No. 441,165 together with all subdockets, if any; and it is further

ORDERED that the Honorable Christine Butts will take no further action in this cause except to refer this cause to the presiding statutory probate judge for the State of Texas.

Pursuant to Section 25 of the Texas Government Code, the undersigned hereby requests that the presiding statutory probate judge for the State of Texas, the Honorable Guy Herman, assign a statutory probate judge to preside in this cause.

Signed September 2 , 2015.

**FILED**

2015 SEP -3  AM 7: 58

*Stan Stanart*
COUNTY CLERK
HARRIS COUNTY, TEXAS

Christine Butts, Judge
Harris County Probate Court No. 4

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

Appendix 10, Judge Butts Amended Order of Recusal
Page 1 of 1





| Courts | Property Records | Personal Records | Other |

# Probate - November 1837 to present

Case Number: 441165 [Search]

| | Images available from Sept. 1, 1999 to present |
| --- | --- |

● Party Name  ○ Attorney

[Clear]

File Date (From): ____ 🗓 (To): ____ 🗓 [Search]

Case Type: Probate ▼

105 Event Record(s) Found.

Probate - reflect(s) filings accepted through 2015-10-30

| Case | | Court File Date | Commenced By | Status | Nature | Style | Location | View All |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 441165 | 2 | 07/08/2015 | Application | OPEN | App to Probate Will and Issuance of Letters Testamentary | MARY OLIVE HULL CALKINS , DECEASED | | Parties |

| Case | File Date | Event | Comments | Pgs | Document ID |
| --- | --- | --- | --- | --- | --- |
| 441165 | 07/08/2015 | Case Initiated - | POSTDOD 07-08-2015PWLTRETURN | | PBT-2015- |

http://www.hcclerk.net/applications/masterinquiry/Probate.aspx

11/2/2015

A CERTIFIED COPY

ATTEST: **NOV 0 2 2015**

STAN STANART, County Clerk
Harris County, Texas

*Brittany R. Jackson-Griffin* _____ Deputy

Brittany R. Jackson-Griffin

**Appendix 9, Probate Clerk Docket for 441165**
**Page 1 of 8**



| | | | |
|---|---|---|---|
| | Application | DATE 07-20-2015 | 14 | [221762](#) |
| 441165 07/08/2015 | Abstract of Notice | | 1 | [PBT-2015-221764](#) |
| 441165 07/08/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 07/08/2015 | Citation Issued | 1 PERS BY INRICHARD STEPHEN CALKINSPWLT | 0 | |
| 441165 07/08/2015 | Conform Copies | EFILE COPIES FOR CITATIONS | 0 | |
| 441165 07/08/2015 | Receipt# 1199212 generated for the amount of $ 440.50 | | 0 | |
| 441165 07/09/2015 | PW-LT-Posting | | 1 | [PBT-2015-222996](#) |
| 441165 07/09/2015 | Basic Personal - Out / Private | RICHARD STEPHEN CALKINS, 7400 BELLERIVE, #704, HOUSTON, HARRIS COUNTY, TEXAS 77036 BY P/P | 1 | [PBT-2015-222999](#) |
| 441165 07/09/2015 | BASIC-CERTIFIED MAIL Personal | PHILLIP CALKINS STRAUSS, 200 BOHLS ROAD, WIMBERLY, HAYS COUNTY, TEXAS 78676 BY CERT MAIL | 1 | [PBT-2015-223004](#) |
| 441165 07/13/2015 | Application to Compel (Dep.) | | 46 | [PBT-2015-227311](#) |
| 441165 07/13/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 07/14/2015 | Receipt# 1200181 generated for the amount of $ 4.00 | | 0 | |
| 441165 07/14/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 07/14/2015 | Notice of Hearing | | 3 | [PBT-2015-229301](#) |
| 441165 07/14/2015 | Notice of Hearing | | 3 | [PBT-2015-248656](#) |
| 441165 07/15/2015 | Receipt# 1200805 generated for the amount of $ 2.00 | | 0 | |
| 441165 07/16/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 07/16/2015 | Application for Temporary Administration | W/CAPPLICATION FOR APPOINTMENT OF TEMPORARY ADMINISTRATION | 22 | [PBT-2015-232700](#) |

A CERTIFIED COPY

**NOV 0 2 2015**

ATTEST: _____
STAN STANART, County Clerk
Harris County, Texas                     **Appendix 9, Probate Clerk Docket for 441165**
**Page 2 of 8**

*Brittany R. Jackson-Griffin* _____ Deputy

Brittany R. Jackson-Griffin



| | | | | | |
|---|---|---|---|---|---|
| 441165 | 07/17/2015 | Contest to a Will (Indep.) | ANSWER & WILL CONTEST OF RICHARD STEPHEN CALKINSPOSTRETURN DATE: 8/3/2015 | 3 | PBT-2015-233482 |
| 441165 | 07/17/2015 | Citation Issued | POST ANSWER AND WILL CONTEST | 0 | |
| 441165 | 07/17/2015 | Application to Probate Will and Issuance of Letters Testamentary | PW-LTPOSTRETURN DATE: 8/3/2015 | 20 | PBT-2015-233492 |
| 441165 | 07/17/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 07/17/2015 | Receipt# 1201291 generated for the amount of $ 2.00 | | 0 | |
| 441165 | 07/17/2015 | Purported Will | | 10 | PBT-2015-233030 |
| 441165 | 07/17/2015 | Purported Codicil | | 3 | PBT-2015-233033 |
| 441165 | 07/17/2015 | Purported Codicil | | 3 | PBT-2015-233039 |
| 441165 | 07/17/2015 | Citation Issued | | 0 | |
| 441165 | 07/20/2015 | Citation Returned | SERVED CITATION ON APPLICATION FOR PROBATE OF LAST WILL BY POSTING | 2 | PBT-2015-233713 |
| 441165 | 07/20/2015 | Miscellaneous Order | ORDER DENYING AUTOPSY REQUESTORDER NOT ENTERED | 1 | PBT-2015-235139 |
| 441165 | 07/20/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 07/20/2015 | Citation Returned | SERVED PERSONAL CITATION TO RICHARD STEPHEN CALKINS ON 7/15/15 | 2 | PBT-2015-236540 |
| 441165 | 07/20/2015 | Responses | RESPONSE AND OPPOSITION OF RICHARD STEPHEN CALKINS TO APPLICATION OF CAROLYN JAMES FOR APPOINTMENT OF CAROLYN JAMES AS TEMPORARY ADMINISTRATOR OF THE ESTATE OF MARY OLIVE HULL CALKINS | 35 | PBT-2015-235157 |
| 441165 | 07/20/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 07/20/2015 | Instrument Over 25 Pages | | 0 | |
| 441165 | 07/20/2015 | Receipt# | | | |

A CERTIFIED COPY

ATTEST: **NOV 0 2 2015**

STAN STANART, County Clerk

Harris County, Texas

*Brittany R. Jackson-Griffin*

Brittany R. Jackson-Griffin

_____ Deputy

**Appendix 9, Probate Clerk Docket for 441165**
**Page 3 of 8**



| | | | |
|---|---|---|---|
| | 1201583 generated for the amount of $ 331.00 | 0 | |
| 441165 07/21/2015 PW-LT-CODICIL (S) Posting | | 1 | PBT-2015-235306 |
| 441165 07/21/2015 MISCELLANEOUS Posting | | 1 | PBT-2015-235529 |
| 441165 07/21/2015 Receipt# | 1201720 generated for the amount of $ 27.00 | 0 | |
| 441165 07/21/2015 Receipt# | 1201823 generated for the amount of $ 4.00 | 0 | |
| 441165 07/27/2015 ELECTRONIC FILING FEE | | 0 | |
| 441165 07/27/2015 Subpoena Returned | | 5 | PBT-2015-244327 |
| 441165 07/28/2015 Application to Transfer Docket (Indep.) | APPLICANT CAROLYN JAMES MOTION TO TRANSFER TO ORIGINAL STATUTORY PROBARE COURT ALTERNATIVELY MOTION TO PRESIDING JUDGE OF GUARDIANSHIP CASES | 22 | PBT-2015-246202 |
| 441165 07/28/2015 ELECTRONIC FILING FEE | | 0 | |
| 441165 07/28/2015 ELECTRONIC FILING FEE | | 0 | |
| 441165 07/28/2015 Notice of Hearing | JULY 30, 2015 AT 2:00PM | 1 | PBT-2015-244358 |
| 441165 07/28/2015 Receipt# | 1203376 generated for the amount of $ 2.00 | 0 | |
| 441165 07/28/2015 Receipt# | 1203449 generated for the amount of $ 2.00 | 0 | |
| 441165 07/29/2015 ELECTRONIC FILING FEE | | 0 | |
| 441165 07/29/2015 Misc. Notice | NOTICE OF WITHDRAW OF | | |

A CERTIFIED COPY

ATTEST: **NOV 0 2 2015**

STAN STANART, County Clerk

Harris County, Texas

**Appendix 9, Probate Clerk Docket for 441165**

**Page 4 of 8**

_Brittany R. Jackson-Kriffin_

_____ Deputy

Brittany R. Jackson-Griffin



## APPENDIX 9

| Case | Date | Type | Description | Pages | Instrument |
|------|------|------|-------------|-------|------------|
| | | | APPLICATION FOR APPOINTMENT OF TEMPORARY ADMINSTRATION | 2 | PBT-2015-247303 |
| 441165 | 07/29/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 07/29/2015 | Instrument Over 25 Pages | | 0 | |
| 441165 | 07/29/2015 | Basic Personal - Out / Private | CAROLYN JAMES, 1511 ½ HAZARD STREET, HOUSTON, TEXAS 77019ON THE APPLICATION TO PROBATE WILL AND CODICILS | 1 | PBT-2015-246440 |
| 441165 | 07/29/2015 | Basic Personal - Out / Private | CAROLYN JAMES, 1511 ½ HAZARD STREET, HOUSTON, TEXAS 77019ON ANSWER AND WILL CONTEST | 1 | PBT-2015-246448 |
| 441165 | 07/29/2015 | Receipt# 1203750 generated for the amount of $ 2.00 | | 0 | |
| 441165 | 07/30/2015 | Receipt# 1203931 generated for the amount of $ 2.00 | | 0 | |
| 441165 | 07/30/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 07/30/2015 | Receipt# 1203963 generated for the amount of $ 27.00 | | 0 | |
| 441165 | 07/31/2015 | RECUSAL ORDER | ORDERED THAT APPLICANT CAROLYN CALKINS JAMES'S MOTION TO RECUSE IS GRANTED. SIGNED 7/30/15 | 2 | PBT-2015-248837 |
| 441165 | 07/31/2015 | Objection | STATEMENT IN OPPOSITION TO THE MOTION TO RECUSE FILED BY COUBSEL FOR CAROLYN JAMES AND OBJECTION TO COMBINED RECUSAL WIH OTHER RELIEF | 5 | PBT-2015-249565 |
| 441165 | 07/31/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 07/31/2015 | Receipt# 1204368 generated for the amount of $ 2.00 | | 0 | |
| 441165 | 08/03/2015 | Citation | SERVED CITATION ON ANSWER AND | | PBT-2015- |

A CERTIFIED COPY

ATTEST: NOV 0 2 2015

STAN STANART, County Clerk
Harris County, Texas

**Appendix 9, Probate Clerk Docket for 441165**
**Page 5 of 8**

Brittany R. Jackson-Griffin _____ Deputy

Brittany R. Jackson-Griffin



| | | | | |
|---|---|---|---|---|
| | Returned | WILL CONTEST BY POSTING | 2 | 249640 |
| 441165 08/03/2015 | Citation Returned | SERVED CITATION ON APPLICATION FOR PROBATE OF LAST WILL AND CODICILS BY POSTING | 2 | PBT-2015-249708 |
| 441165 08/03/2015 | Responses | APPLICANT REPLY TO STATEMENT IN OPPOSITION TO THE MOTION TO RECUSE AND OBJECTION TO COMBINED RECUSAL | 10 | PBT-2015-252246 |
| 441165 08/03/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 08/03/2015 | Receipt# 1204448 generated for the amount of $ 2.00 | | 0 | |
| 441165 08/04/2015 | Receipt# 1204792 generated for the amount of $ 2.00 | | 0 | |
| 441165 08/05/2015 | Order to Transfer Docket (Dep.) | THIS INSTRUMENT RETURNED UNSIGNED BY JUDGES OFFICE | 2 | PBT-2015-253557 |
| 441165 08/05/2015 | Answer | CAROLYN JAMES ANSWER AND CONTEST TO PURPORTED 2007 WILL | 3 | PBT-2015-255979 |
| 441165 08/05/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 08/06/2015 | Receipt# 1205626 generated for the amount of $ 2.00 | | 0 | |
| 441165 08/07/2015 | Citation Returned | SERVED PERSONAL CITATION TO CAROLYN JAMES ON 08/03/15 | 2 | PBT-2015-258178 |
| 441165 08/07/2015 | Citation Returned | SERVED PERSONAL CITATION TO CAROLYN JAMES ON 08/03/15 | 2 | PBT-2015-258180 |
| 441165 08/12/2015 | Citation Returned | UNSERVED PERSONAL CITATION TO PHILLIP CALKINS STRAUSS | 5 | PBT-2015-263069 |
| 441165 09/03/2015 | RECUSAL ORDER | AMENDED ORDER GRANTING APPLICANTS MOTION TO RECUSE, ENTERED ON 09-02-15. | 1 | PBT-2015-296895 |
| 441165 09/09/2015 | RECUSAL ORDER | ORDERED CAUSE BE TRANSFERED TO COURT 2. SIGNED 9/8/15 | 1 | PBT-2015-295806 |
| 441165 09/09/2015 | Notice of Hearing | SEPTEMBER 15, 2015 AT 10:00 AM | 2 | PBT-2015-295914 |
| 441165 09/09/2015 | ELECTRONIC | | 0 | |

A CERTIFIED COPY

ATTEST: __NOV 0 2 2015__
STAN STANART, County Clerk
Harris County, Texas

**Appendix 9, Probate Clerk Docket for 441165**
**Page 6 of 8**

*Brittany R. Jackson-Griffin* _____ Deputy

Brittany R. Jackson-Griffin



FILING FEE

| | | | | |
|---|---|---|---|---|
| 441165 09/09/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 09/09/2015 | Application for Temporary Administration | W/CSECOND APPLICATION FOR APPOINTMENT OF TEMPORARY ADMINISTRATION | 22 | PBT-2015-296090 |
| 441165 09/10/2015 | Receipt# 1213080 generated for the amount of $ 2.00 | | 0 | |
| 441165 09/10/2015 | Receipt# 1213113 generated for the amount of $ 2.00 | | 0 | |
| 441165 09/15/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 09/15/2015 | Application of Miscellaneous kind | W/CMOTION FOR RECUSAL AND OR DISQUALIFICATION OF JUDGE MIKE WOOD | 6 | PBT-2015-301183 |
| 441165 09/15/2015 | Receipt# 1214009 generated for the amount of $ 4.00 | | 0 | |
| 441165 09/15/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 09/15/2015 | Instrument Over 25 Pages | | 0 | |
| 441165 09/15/2015 | Exhibit | EXHIBITS TO MOTION TO RECUSE | 191 | PBT-2015-301705 |
| 441165 09/15/2015 | Receipt# 1214162 generated for the amount of $ 27.00 | | 0 | |
| 441165 09/17/2015 | Miscellaneous Order | ORDER OF REFERRAL: REQUESTING ASSIGNMENT OF A JUDGE TO HEAR THE MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF JUDGE MIKE WOOD; ASIGNED 9/15/15 | 1 | PBT-2015-305141 |
| 441165 10/05/2015 | Letter | | 2 | PBT-2015-323594 |
| 441165 10/06/2015 | Responses | APPLICANT CAROLYN JAMES' RESPONSE TO MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF | 52 | PBT-2015-328197 |

A CERTIFIED COPY

NOV 0 2 2015

ATTEST: _____
STAN STANART, County Clerk
Harris County, Texas          **Appendix 9, Probate Clerk Docket for 441165**
                              **Page 7 of 8**

*Brittany R. Jackson-Griffin* _____ Deputy

Brittany R. Jackson-Griffin



JUDGE MIKE WOOD

| | | | | |
|---|---|---|---|---|
| 441165 | 10/06/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 10/07/2015 | Receipt# 1219152 generated for the amount of $ 27.00 | | 0 | |
| 441165 | 10/16/2015 | RECUSAL ORDER | ORDERED THAT RICHARD STEPHEN CALKIN'S MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF JUDGE MIKE WOOD IS DENIED. SIGNED 10/16/15 | 2 | PBT-2015-339130 |
| 441165 | 10/19/2015 | Miscellaneous Order | MINUTE ORDER; SIGEND 9/8/15 | 1 | PBT-2015-340003 |
| 441165 | 10/19/2015 | Miscellaneous Order | MINUTE ORDER; SIGNED 9/28/15 | 1 | PBT-2015-340006 |
| 441165 | 10/19/2015 | Court Letters | FROM TANYA SCANLON | 2 | PBT-2015-340010 |
| 441165 | 10/19/2015 | Court Letters | FROM TANYA SCANLON | 2 | PBT-2015-340011 |
| 441165 | 10/20/2015 | Notice of Hearing | NOV 3, 2015 AT 10 AM | 2 | PBT-2015-342466 |
| 441165 | 10/20/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 10/20/2015 | Receipt# 1221802 generated for the amount of $ 2.00 | | 0 | |
| 441165 | 10/22/2015 | ELECTRONIC FILING FEE | | 0 | |
| 441165 | 10/22/2015 | APPEARANCE | ENTRY OF SEPARATE APPERANCE AS COUNSEL-JAMES H. DYER FOR RICHARD STEPHEN CALKINS | 1 | PBT-2015-346021 |
| 441165 | 10/23/2015 | Receipt# 1222543 generated for the amount of $ 2.00 | | 0 | |

A CERTIFIED COPY

ATTEST: **NOV 0 2 2015**

STAN STANART, County Clerk
Harris County, Texas

Brittany R. Jackson-Griffin

_____ Deputy

Brittany R. Jackson-Griffin

**Appendix 9, Probate Clerk Docket for 441165
Page 8 of 8**



CAUSE NO. 441,165

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN PROBATE COURT |
| | § | |
| MARY OLIVE HULL CALKINS, | § | NUMBER FOUR OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## MOTION TO RECUSE
## THE HONORABLE CHRISTINE BUTTS
## AND
## MOTION TO CONSOLIDATE WITH GUARDIANSHIP CASES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Applicant Carolyn Calkins James ("Applicant" or "Carolyn James"), pursuant to Tex. R. Civ. P. 18a & 18b(2)(a),(b) in the above-entitled and numbered cause, and files this her Motion to Recuse the Honorable Christine Butts ("Judge Butts") as presiding judge in the above-captioned cause in Probate Court No. 4 of Harris County, Texas, and Motion to Consolidate with pending Guardianship cases, and in support would show:

### Synopsis

Carolyn James respectfully asserts that justice demands that Judge Butts be recused from the present case. Recusal is sought because **Judge Butts recused herself *sua sponte* in the underlying guardianship case** involving the same parties and same issues. The judge has admitted there is a reasonable question as to Judge Butts' impartiality and extra-judicial conduct reflects a personal bias or prejudice *against* Carolyn James and/or a personal bias or prejudice *in favor* of Carolyn James' opponents in this case.

### BACKGROUND.

1. Applicant Carolyn Calkins James is daughter of Mary Olive Calkins. Mary Olive Calkins ("Decedent") died on July 8, 2015, at the age of 93 years.

2. **Seven years ago**, on March 18, 2008, Applicant Carolyn James filed her application for guardianship asserting that her mother Mary Olive was mentally incapacitated, and therefore needing the appointment of a guardian pursuant to the Texas Probate Code. This guardianship action is styled Cause No. 378,993; *In re Guardianship of Mary Olive Calkins, an incapacitated person*; in the Probate Court No. 2, Harris County, Texas. **This case is still pending.**

3. Additionally, there are a **total of four cases all pending** in the Harris County Probate Courts:

    A.      Cause No. 378,993; *In re Guardianship of Mary Olive Calkins*, In Probate Court No. 2 of Harris County, Texas;

    B.      Cause No. 378,993-<u>401</u>; *In re Guardianship of Mary Olive Calkins*, In Probate Court No. 2 of Harris County, Texas;

    C.      Cause No. 275,123; *In re Dick C. Calkins Testamentary Trusts*, In Probate Court No. 2 of Harris County, Texas; and,

    D.      Cause No. 275,123-<u>401</u>; *In re Dick C. Calkins Testamentary Trusts*, In Probate Court No. 2 of Harris County, Texas.

4. There has been no judge presiding over these guardianship cases since 2012. The last judge, Judge Sebesta, resigned and recused himself *sua sponte* on or about December 3, 2012.

5. All of the statutory probate judges in Harris County either recused themselves *sua sponte* or were ordered recused. *See* Orders of Recusal, **Exhibits A**, **B** and **C** (S*ua sponte* recusal). Judge Wood, who was the first probate judge, was recused by order the Regional Judge for the Second Administrative District of Texas. *See* Order Recusal of Judge Wood, attached as **Exhibit D**. (Applicant asserts the recusal of Judge Wood is void, rendered without subject matter jurisdiction, and facilitated the parade of probate judges who have either recused themselves or been recused by a groundless motions to recuse. *See* TEX. CIV. PRAC. & REM. CODE § 30.017.)

6. On July 8, 2015, Carolyn James applied to admit Decedent Mary Olive Calkins's will to probate. Applicant also moved for emergency intervention. On **July 15, 2015**, this Court held a hearing on the motion. Respondent Richard Calkins pointed out that Judge Christine Butts had recused herself *sua sponte* in the underlying guardianship case and all sub-docket cases. *See* Judge Butts's Order of Recusal, Exhibit A. The Court proceeded with the hearing, but held that she did not have jurisdiction of the motion. The Court declined to rule.

<u>ARGUMENT AND AUTHORITIES</u>.

<u>Applicant CAROLYN JAMES entitled to an impartial Judge.</u>

7. Attorneys (and Judges) must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system. TEX. CODE JUDICIAL CONDUCT, preamble, *reprinted in* TEX. GOV'T CODE ANN., title 2, subt. G, app. B. In this regard, the Texas Code of Judicial Conduct requires that judges observe high standards of conduct so that the integrity and independence of the judiciary is preserved; conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary; refrain from conveying or permitting others to convey the impression that they are in a special position to influence them; and refrain from financial dealings that tend to reflect adversely on their impartiality or exploit their judicial position. *See generally id.; Aguilar v. Anderson,* 855 S.W.2d 799, 814 (Tex. App. – El Paso 1993, writ denied) (Barajas, J., concurring and dissenting).

8. The purpose of a recusal motion under TEX. R. CIV. P. 18a is to insure that all litigants have the opportunity to have an impartial judge preside over their case. *Brosseau v. Ranzau,* 911 S.W.2d 890, 892 (Tex. App.– Beaumont 1995, no writ).

Applicant Carolyn James' Motion to Recuse and Motion to Consolidate with Guardianship case          3

Grounds for Recusal.

9.      TEX. R. CIV. P. 18b (2) provides, in part, that judges shall recuse themselves when their **impartiality might be questioned** or when they have a **personal bias** or prejudice concerning the subject matter or a party. TEX. R. CIV. P. 18b(2)(a),(b). Judicial decisions rendered under circumstances that suggest bias, prejudice, or favoritism undermine the integrity of the courts, breed skepticism and mistrust, and thwart the principles on which the judicial system is based. *Sun Exploration and Production Co. v. Jackson,* 783 S.W.2d 202, 206 (Tex.1989) (Spears, J., concurring).

The Standard.

10.      In determining whether to recuse pursuant to TEX. R. CIV. P. 18b, the inquiry should be "whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a **reasonable doubt that the judge is actually impartial**." *Rogers,* 909 S.W.2d at 881(Enoch, J., concurring); *see, e.g., Aguilar,* 855 S.W.2d at 804-05 (Osborn, J., concurring).

Judge recused herself from the guardianship cases.

11.      Pursuant to the Texas Estate Code, the proper venue for a probate proceeding is in *the Court in which the decedent's estate is pending*.  *See* TEX. ESTATE CODE § 33.002 (Action related to probate proceeding in statutory probate court).  There are four cases pending in Harris Court regarding the decedent's estate. *See* ¶¶ 3 & 13 (*E.g.*, Cause No. 378,993; *In re Guardianship of Mary Olive Calkins*; in Probate Court No. 2 of Harris County, Texas).  The Harris County Probate Courts Local Rules mandate that a subsequent application to admit will to probate shall be filed in the same court in which the guardianship was pending.  HARRIS COUNTY PROB. CT. LOC. R. 2.2 & 2.5, attached as **Exhibit E**.

Applicant Carolyn James' Motion to Recuse and Motion to Consolidate with Guardianship case                    4

12.     When the ward or proposed ward dies while a guardianship is pending, the probate court must settle the guardianship. *See* TEX. ESTATE CODE § 1204.001 (Settlement of guardianship); *see also Zipp v. Wuemling*, 218 S.W.3d 71, 74 (Tex. 2007) (probate court retains jurisdiction *after death* to settle the estate); *In re Guardianship of Bayne*, 171 S.W.3d 232, 236 (Tex. App. – Dallas 2005, pet. denied) (guardianship [of estate] stays open after death of proposed ward).

13.     There are four ongoing cases pending in the Harris County Probate Courts:

A.      Cause No. 378,993; *In re Guardianship of Mary Olive Calkins*, In Probate Court No. 2 of Harris County, Texas;

B.      Cause No. 378,993-401; *In re Guardianship of Mary Olive Calkins*, In Probate Court No. 2 of Harris County, Texas;

C.      Cause No. 275,123; *In re Dick C. Calkins Testamentary Trusts*, In Probate Court No. 2 of Harris County, Texas; and,

D.      Cause No. 275,123-401; *In re Dick C. Calkins Testamentary Trusts*, In Probate Court No. 2 of Harris County, Texas.

14.     **On March 11, 2011, Judge Butts recused herself** from these cases. *See* Judge Butts's Order of Recusal, Exhibit A. The Honorable Christine Butts cannot preside over the guardianship cases still pending when the Decedent died. A judge may recuse herself in any proceeding in which one of the grounds listed in Tex. R. Civ. P. 18b(b) are present. *See* TEX. R. CIV. P. 18b(b); *Dunn v. County of Dallas*, 794 S.W.2d 566, 562 (Tex. App. – Dallas 1990, no writ). A voluntary recusal is an admission that the judge is <u>not</u> impartial or that one or more of the grounds listed in TEX. R. CIV. P. 18b is present. *Id.* For example, a voluntary recusal is an admission that the judge's impartiality may reasonably be questioned.

15.     Once a judge enters a voluntary recusal, **the judge must**: (1) request that the regional judge assign another judge to hear the case, and (2) **take no further action in the case** unless there is "good cause." TEX. GOV'T CODE § 24.002. Applicant asserts that no good cause exists to take

Applicant Carolyn James' Motion to Recuse and Motion to Consolidate with Guardianship case                    5

action in the pending guardianship cases four years after the Court's voluntary recusal. Consequently, Judge Butts cannot rule in the pending guardianship cases.

16.    Additionally, the probate court cannot bifurcate or sever multiple proceedings on the application of a will to probate. *See* TEX. ESTATE CODE § 256.101 (previously Tex. Probate Code § 83(a)); *see also Harkins v. Crews*, 907 S.W.2d 51, 57 (Tex. App. – San Antonio 1995, writ denied) (probate code favors the use of a single proceeding to determine validity of wills). Consequently, the settlement of the guardianship and the probate of the Decedent's Will should be in a single probate court before one judge. Bifurcating the proceedings will lead to inconsistent rulings regarding the same estate.

17.    All of these cases involve the same parties and same issues. Carolyn James is still the applicant. Richard Stephen Calkins is still the respondent. The question of whether the 2007 testamentary documents were obtained by undue influence and/or fraudulent inducement is still present.

<u>Personal opinion of Court offered without evidence.</u>

18.    During the hearing on July 15, 2015, Applicant sought emergency intervention to obtain an autopsy of Decedent to substantiate the diagnosis refuted by Respondent for more than seven years that Decedent suffered senile dementia, Alzheimer's type. Under Texas law, Carolyn James is entitled to request and obtain an autopsy to establish the cause of death. *See* TEX. CODE OF CRIM. PROC. ART 49.13 (a)(2). In the midst of the July 15th hearing, the parties agreed to the autopsy *on the record*. *See* Transcript of hearing, attached as **Exhibit F**.

19.    Despite the Rule 11 Agreement, and the pending contest, Judge Butts declined to rule on Applicant's motion. Instead, she opined that she had no jurisdiction yet. *See* Exhibit F. Judge Butts then opined that in her opinion, she did <u>not</u> think an autopsy should be performed. *See id.*

Applicant Carolyn James' Motion to Recuse and Motion to Consolidate with Guardianship case                    6

Effectively, the Judge Butts refused to enforce the Rule 11 Agreement. Additionally, Applicant asserts that this opinion is extra-judicial and gratuitous. Further, because the Court declined to hear the dispute, the opinion was issued without any evidence.

<u>Timely motion</u>.

20. Applicant Carolyn James is obligated to raise this motion to recuse before the Honorable Christine Butts rules on any motions in the probate case, or Applicant may waive her objection.

21. This motion to recuse is timely and properly verified. *See* TEX. R. CIV. P. 18a. *See* Verification of G. Wesley Urquhart, attached as **Exhibit G**. Applicant Carolyn James hereby requests a hearing on her motion to recuse pursuant to TEX. R. CIV. P. 18a.

<u>CONCLUSION</u>.

22. In sum, Applicant CAROLYN JAMES respectfully asserts that a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial. Recusal is sought because there is a reasonable question as to the Judge's impartiality and the conduct of the Court reflects a personal bias or prejudice against Applicant Carolyn James and/ or in favor of Carolyn James' opponents in this case.

23. In sum, Applicant Carolyn James respectfully requests that the **Honorable Christine Butts recuse herself** from presiding over this matter on the grounds set forth in TEX. R. CIV. P. 18a & 18b (2). Further, Applicant Carolyn James requests that the Honorable Christine Butts recuse herself from presiding over any case involving Applicant Carolyn James for the same grounds.

24. In the alternative, should the Court <u>not</u> recuse itself, Applicant CAROLYN JAMES respectfully requests that this motion be heard by the Hon. Olen Underwood, the presiding Judge

of the Second Administrative Judicial Region of Texas charged with reviewing motions to recuse for Harris County. TEX. R. CIV. P. 18a(c); *see also* TEX. GOV'T CODE ANN. § 74.059(c)(3); *Brosseau v. Ranzau,* 911 S.W.2d at 892; *In re Rio Grande Valley Gas Co*., 987 S.W.2d 167, 180 (Tex. App. – Corpus Christi 1999, orig. proceeding).

Prayer.

WHEREFORE, PREMISES CONSIDERED, Applicant Carolyn James prays that this Honorable Court set this matter for hearing, and after notice and hearing, the Court will grant this motion to recuse, and further asks that it be granted such other and further relief, special or general, legal or equitable, that Applicant Carolyn James is justly entitled to receive.

Respectfully submitted,

G. WESLEY URQUHART, P.C

*/s/ G. Wesley Urquhart*
By_____
State Bar No. 20415575
P.O. Box 35520
Houston, Texas 77235-5520
Telephone: (713) 582-0803
Email: wes@wesjustice.com

ATTORNEY FOR APPLICANT
CAROLYN CALKINS JAMES

**CERTIFICATE OF CONFERENCE**

I hereby certify by that my office has contacted opposing counsel and counsel for Respondent is opposed. Thus, judicial intervention is necessary.

*/s/ G. Wesley Urquhart*
By_____
G. Wesley Urquhart

## CERTIFICATE OF SERVICE

       I hereby certify by my signature below that a true and correct copy of the foregoing legal document has been served on all parties and/or their attorneys of record in the above numbered and captioned cause in accordance with Rule 21a, Texas Rules of Civil Procedure by certified mail, return receipt requested, facsimile, or hand-delivery on this **29th** day of **July, 2015.**

*/s/ G. Wesley Urquhart*
By_____
G. Wesley Urquhart

SERVICE LIST

Mr. Joseph Libby
DYER & LIBBY
1305 Prairie St #100
Houston, Texas 77002
Telephone: (713) 222-7757
Facsimile:   (713) 222-7758
josephlibbyattorney@yahoo.com
Counsel for Richard S. Calkins


Phillip Calkins Strauss,
200 Bohls Rd.
Wimberly, TX 78676
phillip.strauss@gmail.com
*Pro Se*



No. 378,993

DATA ENTRY
PICK UP THIS DATE

**924225**

IN RE:                                           §                     PROBATE COURT

MARY OLIVE CALKINS,                §                     NUMBER FOUR   PROBATE COURT 4

AN INCAPACITATED PERSON       §                     HARRIS COUNTY, TEXAS

## RECUSAL ORDER

On this day, the Court on its own motion finds that it is in the best interest of the above-referenced cause of action for the Court to recuse herself, and the Court hereby recuses herself from the above-referenced cause of action and all associated sub-dockets, including 378,993-401, pursuant to Tex.Govt.Code §25.00255.

IT IS THEREFORE ORDERED that the Harris County Clerk shall randomly assign this case to a judge of one of the other Harris County Probate Courts pursuant to Section 4.3 of the Local Rules for the Probate Courts of Harris County as approved by the Supreme Court of Texas on June 25, 2007.

IT IS FURTHER ORDERED that Judge Christine Butts will take no further action in this cause.

Costs associated with this order are waived.

Signed this ____11____ day of March, 2011.

Christine Butts, Judge
Harris County Probate Court No. 4

**EXHIBIT**
**A**

PICK UP THIS DATE

CAUSE NO. 378,993

908270

PROBATE COURT 4

| | | |
|---|---|---|
| ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| | § | |
| MARY OLIVE CALKINS, | § | NUMBER ONE OF |
| | § | |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

## ORDER OF RECUSAL

On this the 4th day of March, 2011 the Court, on its own motion recuses itself from the above-referenced cause of action and all associated sub-dockets, including 378,993-401, pursuant to Tex. Govt. Code § 25.00255.

IT IS THEREFORE ORDERED that this matter be randomly reassigned by the county clerk to a judge of one of the other Harris County statutory probate courts pursuant to Tex. Govt. Code § 25.00255(g)(1)(B).

IT IS FURTHER ORDERED that all costs incident to this order are hereby waived.

SIGNED this 4th day of March, 2011

_____
Loyd Wright
Judge, Probate Court No. One

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
2011 MAR -4 PM 4: 22
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT
B



733009

No. 378,993

PROBATE COURT #4

| IN RE: | § | PROBATE COURT |
| MARY OLIVE CALKINS, | § | NUMBER FOUR |
| AN ADULT INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

## RECUSAL ORDER

On this day, the Court on its own motion finds that it is in the best interest of the above-referenced cause and all related litigation for the Court to recuse himself. It is therefore

ORDERED that the Honorable William C. McCulloch recuses himself from Cause No. 378,993 together with all subdockets, if any; and it is further

ORDERED that the Honorable William C. McCulloch will take no further action in this cause except to refer this cause to the presiding statutory probate judge for the State of Texas.

Pursuant to Section 25 of the Texas Government Code, the undersigned hereby requests that the presiding statutory probate judge for the State of Texas, the Honorable Guy Herman, assign a statutory probate judge to preside in this cause.

Signed August **23** ,2010.

William C. McCulloch, Judge
Harris County Probate Court No. 4

FILED
2010 AUG 24 AM 10: 56
COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT
C

266909

CATE COURT #2

CAUSE NO. 378,993

IN RE: § IN THE PROBATE

§

MARY OLIVE CAULKINS § COURT # 2 OF

§

§ HARRIS COUNTY, TEXAS

### ORDER ON MOTION TO RECUSE
### AFTER HEARING

On March 5, 2009 came on to be heard, the Motion to Recuse filed pursuant to TRCP 18a in the above captioned cause. The Court has considered the Motion, all attachments thereto, and all evidence presented, all citations of authority and arguments of counsel.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

Presiding Judge
Second Administrative Judicial Region of Texas
207 West Phillips , 3rd Floor
Conroe, Texas 77301
Fax No. 409 538-8167

SIGNED this 5th of March, 2009.

JUDGE PRESIDING

2009 MAR -5 AM 11: 58    FILED

RECORDER'S MEMORANDUM.
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded

EXHIBIT
D

CAUSE NO. 275,123

| IN RE: | § | IN THE PROBATE |
|---|---|---|
| | § | |
| DICK C. CAULKINS | § | COURT # 2 OF |
| TESTAMENTARY TRUSTS | § | |
| | § | HARRIS COUNTY, TEXAS |

## ORDER ON MOTION TO RECUSE
## AFTER HEARING

On March 5, 2009 came on to be heard, the Motion to Recuse filed pursuant to TRCP 18a in the above captioned cause. The Court has considered the Motion, all attachments thereto, and all evidence presented, all citations of authority and arguments of counsel.

Therefore, IT IS ORDERED that the Motion to Recuse be and is hereby GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a certified copy of this Order to:

> Presiding Judge
> Second Administrative Judicial Region of Texas
> 207 West Phillips , 3rd Floor
> Conroe, Texas 77301
> Fax No. 409 538-8167

SIGNED this 5th of March, 2009.

_____
JUDGE PRESIDING

DATA ENTRY
PICK UP THIS DATE **RULES OF THE PROBATE COURTS
OF HARRIS COUNTY, TEXAS**

## RULE 1: OBJECTIVE

1.1 : · The objective of these rules is to establish procedural and administrative rules to assist the courts, litigants and attorneys to resolve pending cases in a fair, just and efficient manner.

## RULE 2: REPORTS AND NUMBERING SYSTEM

2.1    Reports. The County Clerk shall supply to each Probate Judge of Harris County, on a monthly basis, information concerning the number of filings, dispositions, trials and other judicial activities, including mental health proceedings, in each Harris County Probate Court. With the exception of the County Clerk's report, these rules to not apply to mental health matters.

2.2    Case Numbering - New Matters. All new estate administrations, guardianships, trust matters (including testamentary trusts when the underlying estate has been closed) that are filed in the Probate Courts of Harris County shall be assigned to a court in accordance with Section 25.1034 of the Government Code. Each case shall be assigned a docket number sequentially. All matters relating or appertaining to an estate or guardianship that has not been closed as provided in the Probate Code, including proceedings upon trusts created by a decedent's will, shall remain in such court subject to an order of transfer as with any case, and shall retain the original docket number with an appropriate sub-file number. Each subsequent matter filed involving the same decedent or proposed ward shall be filed in the original file, under the same docket number and in the same court as the original filing. If wills are filed for probate at the same time for a husband and wife, both cases shall be filed in the court in which the lowest numbered case is assigned. If a decedent's estate is filed in which the decedent was a ward of a Harris County probate court, the decedent's estate shall be filed in the court in which the guardianship was pending.

2.3    Case Numbering - Closed Matters. All matters relating or appertaining to an estate, trust, guardianship or other matter that has been closed shall remain in the original court and shall retain the original docket number with an appropriate sub-file number as provided by these rules. The Clerk shall retrieve the closed files and maintain them with the new matter until the new matter is closed.

2.4    Sub-File Numbers.    All matters relating to an estate or guardianship administration shall have only the sequential docket number. All ancillary matters shall be assigned the original docket number plus a suffix commencing with 4. For example, the Estate of Mary Doe, Deceased, shall be assigned number 123,456. An ancillary matter shall be assigned cause number 123,456-401. The Clerk shall maintain separate files for each sub-file number.

2.5    Core Matters that belong in the principal file. Those matters that are principally concerned with the administration of the estate are "core matters" and should be filed under the main cause number:

- 1 -



EXHIBIT

*E*

2.5.1 Probate of wills, issuance of letters testamentary, administration and guardianship;

2.5.2 Determination of heirship;

2.5.3 Contest to will, heirship, administration (before and after the grant of letters);

2.5.4 Contest or objection to actions during administration (sales, fees, accounting, etc.)

2.5.5 Construction and interpretation of wills and testamentary trusts;

2.5.6 All claims pursuant to the claims-presentation process;

2.5.7 Removal of personal representative;

2.5.8 § 5B/§ 608 motions to transfer an ancillary case (but if the transfer comes in, it will go to an ancillary-case file);

2.5.9 Heirship determination within an administration or guardianship;

2.5.10 Release of Independent Executor pursuant to § 149E, which may include an action pursuant to C.P.R.C. Chapter 37;

2.5.11 Heirship determination or declaratory judgment as part of a Muniment of Title proceeding;

2.5.12 Testamentary Trust Actions involving court interpretation or construction of the trust.

Any of the proceedings described as "core matters" may be severed as an ancillary proceeding at the Court's discretion.

2.6 **Ancillary Matters that belong in a different file with an ancillary or related case designation.** Those contested matters that bear no direct relationship to the administration of the estate and that would have the possibility of becoming an independently-tried lawsuit (each potentially with its own docket control and discovery schedules, etc.):

2.6.1 Foreclosure of preferred debt and lien;

2.6.2 Action for the trial of title to land and enforcement of liens thereon;

2.6.3 Actions for the right of trial to property;

2.6.4 Testamentary Trust Actions (other than construction issues);

2.6.5 Intervivos Trust Actions (settlor is decedent in probate pending in subject court);

2.6.6 Declaratory judgments (after the will is admitted to probate);

2.6.7 Interpleader actions (funds tendered into registry during administration);

2.6.8 Divorces, child custody, paternity actions

2.6.9 Claims such as personal injury claims or suits on a claim that was rejected in its entirety or in part.

2.7 **New Filings.** Those matters which are within the jurisdiction of the probate court but which are not part of a pending matter will be designated new files and assigned to a court and given a cause number as in Rule 2.2. Examples include, by description and not by way of limitation:

2.7.1 Intervivos Trust Action (where settlor is still living);

2.7.2 Motion to appoint successor custodian;

2.7.3 Sale of a ward's interest in property;

2.7.4  Testamentary trust actions (where the original probate is in another jurisdiction).

2.8  Duplication. In the event a docket number has been previously assigned to an estate, guardianship or trust matter, all matters shall be filed under such previously assigned number. When such a situation is disclosed for the first time after a hearing begins, the judge of the court presiding over the hearing shall terminate the hearing and order the case transferred to the court in which the case first originated.

2.9  Clerk's Duties. The County Clerk of Harris County shall file, docket, transfer and assign cases as directed by these rules. Neither the administrative judge nor the Presiding Judge may direct the County Clerk to do otherwise, except upon the consent of the majority of the probate judges in Harris County.

## RULE NO. 3. ADMINISTRATIVE JUDGE

3.1  Administrative Judge. The local administrative statutory probate court judge (the "administrative judge") shall be elected to serve for a term of not more than two years. The first term of the administrative judge shall commence upon his or her election after the enactment of these rules and the approval hereof by the Supreme Court. The administrative judge may not be elected or appointed upon the basis of rotation or seniority, and may not succeed himself in office.

3.2  Duties of Administrative Judge. The administrative judge shall have the following duties and no other:

3.2.1  Implement these local rules;

3.2.2  Recommend to the Presiding Judge of the Statutory Probate Courts any needs for assignment from outside the county to dispose of court caseloads;

3.2.3  Provide to the office of court administration or the Presiding Judge any requested statistical and management information;

3.2.4  Coordinate and cooperate with any other local administrative court judge in the county in the assignment of cases in the courts' concurrent jurisdiction for the efficient operation of the court system and the effective administration of justice; and

3.2.5  Perform other duties as may be directed by the Presiding Judge with the approval of a majority of the statutory probate judges of Harris County.

## RULE NO. 4: CASE TRANSFERS

4.1.  Transfers. All case transfers between probate courts in Harris County shall be done on the written order of the transferring and receiving courts. It shall be the responsibility of the attorney representing the party desiring a transfer to obtain the agreement of the judges of the courts from which the transfer is sought and to which the case will be transferred.

4.2.  Prior Filings. Any matter filed after a non-suit, dismissal for want of prosecution, or other disposition of a previous case involving the same decedent, proposed ward, or

substantially related parties and claims shall be assigned by the administrative judge to the court where the prior matter was pending.

4.3. Recusal and Disqualification. If a judge voluntarily recuses himself, or if a motion to recusal or disqualification is granted by any judge, the case shall be re-assigned by the Harris County Clerk by random assignment to another Harris County probate court.

## RULE 5: CONFLICTING TRIAL SETTINGS

5.1 Inter-County. The Regional Rules of Administration of the Second Administrative Judicial Region of Texas and the Civil Trial Division of the Harris County District Courts shall control conflicting engagements in the event of a conflicting trial setting as to parties and lead counsel in the probate courts. When a party or lead counsel is previously assigned to a trial in a different court, a matter that is subsequently assigned to trial in the probate court shall be held in abeyance but will proceed to trial as soon as practical after the party or lead counsel ceases to be engaged in the prior proceeding. The lead counsel shall notify the probate court immediately of his or her availability.

5.2 Intra-County. Among the trial courts sitting in Harris County, including the probate courts:

(A) Trial/Non-Trial. Trial settings take precedence over conflicting non-trial settings.

(B) Trial/Trial. A trial setting that is assigned takes precedence over a conflicting trial setting that is not assigned.

5.3 Waiver. The court with precedence may yield.

5.4 Lead Counsel. This rule operates only when lead counsel, as defined by Rule 8, Texas Rules of Civil Procedure, is affected unless the court expands coverage to other counsel.

## RULE 6: VACATIONS

6.1 Vacations. Attorneys will be allowed the same vacations as provided by the Rules of the Civil Trial Division of the Harris County District Courts. Vacation notices properly and timely filed for lead counsel with the District Clerk of Harris County will be honored. This rule operates only when lead counsel, as defined by Rule 8, Texas Rules of Civil Procedure, is affected, unless the court expands coverage to other counsel.

## RULE 7: DISMISSAL DOCKETS

7.1 Want of Prosecution. All contested cases which are not set for trial and which have been on file for more than three (3) years are subject to dismissal. Upon request of the court, the Court staff shall furnish notice to all parties and their counsel that any contested case will be dismissed for want of prosecution pursuant to the provisions of Rule 165a of the Texas Rules of Civil Procedure. The procedures for notice of dismissal and retention shall be in compliance with Rules 165a and 306a of the Texas Rules of Civil Procedure.

## RULE 8: ANCILLARY AND/OR EMERGENCY PROCEEDINGS

8.1    Emergency Proceedings.   All proceedings for restraining orders, temporary injunctions, writs of habeas corpus, receiverships, temporary administrations, temporary guardianships, small estates, or matters involving the payment of small claims without guardianships pursuant to Sections 133 through 137 of the Texas Probate Code, and proceedings for the examination and delivery of the contents of safe deposit boxes or any papers of the decedent pursuant to Sections 36B and through 36F of the Texas Probate Code will be heard by the judge of the probate court to which the matter has been assigned and docketed, or if the judge of the court to which the matter is assigned and docketed is not available, then by any available probate court in Harris County.  If such emergency proceeding is a new matter, it will first be assigned a case number and court as provided in Rule 2, and may be heard by any available probate judge if the judge of the assigned court is not available.

## RULE 9: SUBSTITUTION OR WITHDRAWAL OF COUNSEL

9.1    Motions to Withdraw or Substitute Counsel.  All motions for withdrawal and/or substitution of counsel shall conform to the provisions of Rule 10, Texas Rules of Civil Procedure.

## RULE 10: MOTIONS

10.1    Form.  Motions and applications shall be in writing on letter sized paper and shall be accompanied by a proposed order granting the relief sought.  The proposed order shall be a separate instrument but may be attached to the back of the motion or application.

10.2    Responses.  All responses shall be in writing and shall be accompanied by a proposed written order.  The proposed order shall be a separate instrument but may be attached to the back of the motion or application.

10.3    Submission.  Motions and applications may be heard by written submission.  All uncontested motions and applications (except applications for probate of will, for appointment of administrator, and for appointment of guardian) shall be heard by written submission, unless the court directs otherwise.  While a case is on submission and remains undecided for 30 days or more any party may request and obtain an oral hearing before the Court.

10.4    Oral Hearings.   Settings for uncontested hearings on applications for administration, muniments of title, guardianships and heirships shall be requested from the staff of the court or the County Clerk.  Settings for oral hearings on all other matters should be requested from the staff of the applicable court.  Notices of hearings shall include the date, time and identity of the court.  An order tendered to the court after a contested hearing shall be approved as to form by counsel for all parties present at the hearing.

10.5    Certificates.  All certificates required by the Texas Rules of Civil Procedure are required in all contested matters before the probate courts.

RULE 11: TRIALS

11.1    ADR.  Except for good cause shown, only cases that have undergone a previously ordered ADR procedure will be tried.

11.2    Manner of Setting.  All trials may be set by any party, lead counsel, or the court, by requesting a docket setting or scheduling conference from the proper personnel of the court in which the matter is pending and serving notice of the date and time of such scheduling conference upon all opposing parties or their lead counsel.  At the scheduling conference, the court shall hear announcements from the parties and shall assign a date and time for trial of the matter on its merits and may enter a docket control order or scheduling order.

11.3    Date of Setting.  Contested cases shall be set for trial for a date certain.  More than one case may be set for the same time or day and, if so, the cases will be heard in the order established by court.  If a case is not assigned to trial within 10 days of its setting date, the court shall conduct another scheduling conference, set a new trial date, or sign a new docket control order.

11.4    Agreed Continuances.  Any trial setting may be continued by written agreement of all parties or their lead counsel, with the approval of the court.

11.5    Assigned to Trial.  A case is assigned to trial when counsel are called to court to commence trial on the merits of the case.  For purposes of engaged counsel, no court may have more than one case assigned to trial at any one time.

11.6    Dead Weeks.  Except with the consent of all parties, no court will assign cases to trial on the merits, or set oral hearings on motions, during:

   11.6.1  The week of the spring state or regional judicial conference;
   11.6.2  The week of the State Bar Convention;
   11.6.3  The week of the Conference of the Judicial Section of the State Bar of Texas;
   11.6.4  Any December week or weeks in which the Monday of that week begins with the dates December 22-31.

RULE 12: APPOINTEES

12.1    Appointee Defined.  An appointee, for purposes of the Supreme Court order effective April 1, 1994 is a person chosen by the judge who takes his or her position by virtue of an order signed by the judge.  An appointee does not include an attorney hired by a personal representative or guardian whose fees must be approved by the court pursuant to the probate code.

12.2    Appointee Fee Order.  Each person appointed by a judge of a probate court to a position for which any type of fee may be paid shall be paid pursuant to a separate order before any judgment, dismissal or nonsuit is signed by the court.  This order is required for every appointment wherein a fee is awarded of Five Hundred Dollars ($500.00) or more.  The title of an appointee fee order shall include the word "Appointee".

ADOPTED on the _8_ day of _March_ ,2007, and ORDERED EFFECTIVE upon the approval by the Supreme Court of the State of Texas pursuant to T.R.C.P. 3a

RUSSELL AUSTIN, Judge
Probate Court No. 1
Harris County, Texas

MIKE WOOD, Judge
Probate Court No. 2
Harris County, Texas

RORY OLSEN, Judge
Probate Court No. 3
Harris County, Texas

WILLIAM C. McCULLOCH, Judge
Probate Court No. 4
Harris County, Texas

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

REPORTER'S RECORD

VOLUME 1 OF 1

**COPY**

TRIAL COURT CAUSE NO. 441.165

APPELLATE NO. _____

THE ESTATE OF:                    ) IN THE PROBATE COURT
MARY OLIVE HULL CALKINS,          ) NUMBER 4 (FOUR) OF
DECEASED                          ) HARRIS COUNTY, TEXAS

\* \* \* \* \* \* \* \* \* \* \* \*

MOTION FOR EMERGENCY INTERVENTION TO

COMPEL RELEASE OF DECEDENT'S BODY FOR AUTOPSY

\* \* \* \* \* \* \* \* \* \* \* \* \*

On the 15th day of July, 2015, the following proceedings came to be heard in the above-entitled and numbered cause before the Honorable Christine Butts Judge of Probate Court No. 4, held in Houston, Harris County, Texas:

**EXHIBIT**
**F**

Proceedings reported by Machine Shorthand

HIPOLITA G. LOPEZ, CERTIFIED SHORTHAND REPORTER

A-P-P-E-A-R-A-N-C-E-S:

Mr. G. Wesley Urquhart
Attorney at Law
SBN 20415575
G. Wesley Urquhart, P.C.
314 N. Post Oak Ln.
Houston, Texas   77024
713.661.5590

Mr. Joseph Libby
Attorney at Law
SBN 12318500
Mr. James Dyer
Attorney at Law
SBN 06315700
DYER & LIBBY
1305 Prairie Street
Suite 100
Houston, Texas   77002
713.222.7757

ATTORNEY FOR APPLICANT,
CAROLYN CALKINS JAMES

ATTORNEYS FOR
RICHARD CALKINS

Mr. Kenneth A. Zimmern
Attorney at Law
SBN 22276880
Zimmern Law Firm
3700 Montrose Blvd.
Houston, Texas   77006
713.529.4999

CO COUNSEL FOR APPLICANT,
CAROLYN CALKINS JAMES

VOLUME 1
(MOTION FOR EMERGENCY INTERVENTION TO
COMPEL RELEASE OF DECEDENT'S BODY FOR AUTOPSY)

July 15, 2015                          Page      Vol.

PROCEEDINGS................................4        1

ARGUMENT BY MR. URQUHART....................8        1

ARGUMENT BY MR. LIBBY.......................9        1

COURT'S RULING............................13        1

COURT REPORTER'S CERTIFICATE..............16        1

HIPOLITA G. LOPEZ, CERTIFIED SHORTHAND REPORTER

July 15, 2015

PROCEEDINGS

THE COURT: Good afternoon. Please be seated.

Calling to order Cause Number 441.165, In The Estate of Mary Olive Hull Calkins.

We're here on a Motion For Emergency Intervention To Compel The Release of The Decedent's Body For Autopsy. And this was filed by Applicant Carolyn Calkins James.

We have a lot of attorneys, it looks like, in the courtroom; and so if we could start here and make announcements - that will make it easier, I think, for everyone.

MR. J. URQUHART: Your Honor, John Urquhart, and I'm not attorney of record in this case - I'm just helping out. I'm not making an appearance.

THE COURT: Okay.

MR. W. URQUHART: Your Honor, my name is Wes Urquhart. John -- Attorney John Urquhart is my son; he's observing.

THE COURT: Okay.

MR. W. URQUHART: And I represent Carolyn Calkins James.

THE COURT: Thank you.

MR. ZIMMERN: I'm not appearing, Your Honor; do you wish me to make a statement? I won't be commenting or speaking at the hearing today.

Okay. My name is Ken Zimmern, and I'm not making an appearance; I'm here just to assist co-counsel.

THE COURT: Okay.

MR. ZIMMERN: Mr. Urquhart.

THE COURT: Okay. Thank you.

MR. ZIMMERN: He is counsel of record.

MR. LIBBY: Good afternoon, Your Honor, I'm Joseph Libby; I'm with the firm of Dyer-Libby. You're looking at the whole firm. We're here on behalf of Richard Calkins.

THE COURT: Okay. Terrific. So, Mr. Libby and Mr. Dyer?

MR. DYER: Dyer, D-Y-E-R.

THE COURT: Okay. Thank you. L-I-B-B-Y?

MR. LIBBY: Yes, Your Honor.

THE COURT: And D-Y-E-R?

MR. DYER: Yes, Your Honor.

THE COURT: Okay. Great. Thank you.

Alrighty. And you guys represent Richard Calkins?

MR. LIBBY: Richard Calkins.

THE COURT: Okay. Well any time you're ready, Mr. Urquhart:

MR. URQUHART: Yes, Your Honor - thank you.

Let me raise up one thing that Counsel was kind enough to point out.

There is a heated, disputed guardianship case involving the decedent, Carolyn James' mother and Richard Calkins' mother. And there were a number of recusals in that case, a number of transfers of court. And Your Honor did recuse herself from the guardianship case on your own motion at one point in time. The guardianship case was not in your court very long. But you did recuse yourself. And Counsel commented or reminded us of that. I didn't remember that until Counsel reminded me of it. And he said he thought we ought -- you ought to be informed that you had recused yourself.

I don't have a problem with the Court presiding over the probate case not withstanding the recusal of the guardianship case, but there are different lawyers involved now for Mr. Calkins than were at the time.

THE COURT: And that was my issue - was the lawyers involved who represented Mr. Calkins. So,

if that's not an issue anymore, I don't know that I need to recuse myself.

MR. URQHUART: I agree. And I don't -- my position is Your Honor does not make a recusal of herself. And I think Mr. Libby doesn't have a position on that either, but I'll let him speak to that.

THE COURT: Okay.

MR. LIBBY: Your Honor, I chose only to remind Your Honor. I didn't think it would be fair with all the questions you had. And this was a contentious case. I know that several other judges recused themselves as well. And I'm very late in this. I wasn't in any of the previous litigation, and I thought it only wise to point out that you had, on your own notion, recused yourself so that I thought was a matter of conscience with you. And if your conscience approves then we'll proceed. It's on you, Judge Butts.

THE COURT: Okay. Well I don't see a reason to recuse myself. I had worked -- Ms. Norman was on the case previously, and that was the reason I recused myself because I had some previous dealings with her, and I felt like that -- I just felt like it was appropriate for me to recuse myself.

MR. URQHUART: If we're over that then I'll go forward, Judge, if you're ready.

THE COURT: Did I hear you say Ms. Norman is still involved?

MR. DYER: I don't know how -- oh, I'm sorry.

MR. LIBBY: We've had so many discussions with her recently trying to catch up the last two days. You know, we've only had a few days. The Deceased just past way just this last week. So, we hurried up to try and find out what we could about the case; and of course, the best source of information was from Ms. Norman which she's not associated with our firm or been employed by my client, Richard, to represent her in this matter.

THE COURT: Okay. Very good.

MR. LIBBY: I'm sure there's ongoing matters that she has with Richard, but I don't -- nothing to do with us.

THE COURT: Okay. Well at this point, I feel safe proceeding.

MR. URQHUART: Well, Your Honor, may I go forward now?

THE COURT: Certainly.

ARGUMENT BY MR. URQUHART:

MR. URQHUART: Your Honor, an issue in this case, in the guardianship case, and in this case is

Decedent, Mrs. Calkins', illness in 2006, she was diagnosed with senile... what's it called? Dementia and Alzheimer's. And she -- there was a dispute in the guardianship case. Mr. Calkins disputed the finding that his mother was incapacitated because of Alzheimer's.

ARGUMENT BY MR. LIBBY:

MR. LIBBY: Your Honor, may I interrupt? I think that I could save a lot of the Court's time by sifting a lot of Counsel's well-recent argument that by telling the Court that we really do not object to having an autopsy. We don't feel like there's any reason why we should object. We're in favor of an onset -- an autopsy. It's --

MR. URQUHART: That's a new development because the funeral home that Mrs. Calkins was at was told -- told me that Mr. Calkins did object to releasing the body for an autopsy. And the pathologist, Dr. --

MR. LIBBY: Judge, this is just hearsay; it's not argument --

THE COURT: Well if you both agree --

MR. URQHUART: Excuse me. Judge, the pathologist, Dr. Adamay (sic)... What's his first name? Is it on here?

MR. ZIMMERN: Jessie.

MR. URQUHART: Dr. Jessie Adamay was recommended to us by the Harris County Office, and he is a board certified pathologist that Carolyn James, my client, has already paid to perform the autopsy. And right now the funeral home that has Mrs. Calkins will not do anything and agreed not to do anything and keep Mrs. Calkins until we get a court order on the funeral home. And the reason -- on the autopsy. The reason we need the autopsy is because Mrs. Calkins was diagnosed with Alzheimer's. Mr. Calkins contested the guardianship case for a number of four years, and it never got resolved.

There were, I think, 10 recusals of judges in that case. There was no judge assigned to the guardianship case for the last year and a half, approximately. Over a year. So, with the death and the filing of this case, we now have a judge, and we need an autopsy so it can produce evidence of the status and condition of Mrs. Calkins' brain, principally, along with her medical records and opinions of the doctors for evidence to show that -- to prove that she was incapacitated in the past. There is more than one will. There's a dispute.

THE COURT: Well I'm -- so, Mr. Libby, do I understand you correctly that you guys do not --

MR. LIBBY: We do not.

THE COURT: You're fine with the autopsy?

MR. LIBBY: We're just worried about the --

THE COURT: The particular pathologist --

MR. LIBBY: We were wondering if you might have a suggestion, that way to assure our client that somebody just didn't pick one out of the sky. We see he looks like a very qualified person, but we feel very much more comfortable if we didn't have to pay for it or at least we don't think we should have to pay and the Court --

MR. URQHUART: Your Honor, my client has already paid Dr. Adamay to perform the autopsy, and he's well qualified. We didn't pick him. He was referred to us by the Harris County Medical Examiner's Office. Never had him as any kind of witness ever, and we believe that he's independent and his autopsy will be independent.

MR. LIBBY: I have no problem with any of that, Your Honor, except to say that when I called the Harris County Medical Examiner's Office, they refused to give me a recommendation and said that that wasn't their -- that would not be appropriate. So, I have different information.

But we were just hoping that you might appoint somebody; otherwise, we'd like them to pay for it.

THE COURT: I think it be -- I don't know anyone, and I wouldn't know who to appoint. And honestly, I think that it's -- I probably would not order an autopsy on this poor 93 year-old woman who has been, you know, the pawn in a guardianship proceeding for a long time. I think it's just, to be honest, I think it's -- she's finally gone. She should be allowed to rest. I personally don't think that gathering evidence to prove that she was demented for the purpose of dividing up her estate is worth the --

MR. URQUHART: Well, Judge, if I may. There's a will contest.

THE COURT: I know that. But there is a lot of evidence out there as to her incapacity aside from a pathology report. And there's no -- it's distasteful, in my opinion, beyond distasteful, to think that we're going to carve this woman up for purposes of discovering evidence that she was incapacitated just so that the children can prove that they deserve more money from the estate. And I think that's disgraceful, to be honest.

MR. URQUHART: Well, unfortunately, I

believe that all of the assets in the estate, except for her home, has already been stolen from the estate. So --

THE COURT: I think the poor woman should be allowed to rest. And if you guys want to do an autopsy, I don't want to be a part of it. So, if you guys want to enter into a Rule 11 --

MR. URQUHART: They don't oppose the motion for autopsy, and I --

MR. LIBBY: We agree with the judge. We think -- we thank you for the ruling, and I'll draw an order to that effect if you so approve.

COURT'S RULING

THE COURT: I don't think I have the jurisdiction to order either way because we don't have an estate opened, number one. I don't really think that's a ruling, and I didn't really couch it in that way; I was just giving you my personal opinion on the matter. And even if -- I'm saying that was my personal opinion, but I don't think I have jurisdiction because this is not a matter that's incident to and related to an estate at this point. We don't have an administration open. And the proper way to proceed in this matter is for someone to seek a temporary administration and then the administrator would

automatically have the power to seek an autopsy, I believe.

Now they would be well advised to get a court order to back them up for that, yes; but I'm just telling you now that my personal opinion is that this poor woman should be allowed to rest in peace.

MR. URQHUART: Your Honor, I think preservation of evidence is important in any case, and an autopsy is only to preserve evidence.

THE COURT: Well I don't have any showing. There was no -- nothing that I saw in the pleading that indicates that this evidence couldn't be gathered in another way or that the evidence -- how, how is her condition today, or on July 8th, going to relate back to her estate planning of 2007? That's --

MR. URQHUART: That's a -- I think that's a function of the pathologist to see if he finds evidence of how long.

THE COURT: But we have many reports about her -- she was getting evaluated all the time during --

MR. URQUHART: Actually, she wasn't, Your Honor.

THE COURT: Well she's got -- she had many mental status exams starting back in, I think, 2001 or 2003. She started getting these status examinations.

And I think that there's a lot of evidence that can be gathered by that. I just -- I'm giving you my personal opinion about -- I'm just telling you how I feel about it. But I don't think I have jurisdiction any way to rule today.

    MR. LIBBY: Thank you, Your Honor.

    THE COURT: Thank you.

        * * * * *

The State of Texas        )

County of Harris        )

I, Hipolita Lopez, Official Court Reporter in and for the Probate Court Number Four of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $100.00 and **will be paid** by **G. Wesley Urquhart P.C.**

WITNESS MY OFFICIAL HAND this the 27th day of July, 2015.

**COPY**

/s/ Hipolita G. Lopez
HIPOLITA G. LOPEZ, Texas CSR #6298
Expiration Date: 12-31-16
Official Court Reporter
Probate Court Number Four
Harris County, Texas
201 Caroline, 7th Fl.
Houston, Texas 77002

## VERIFICATION

THE STATE OF TEXAS    §
                      §
COUNTY OF HARRIS    §

       BEFORE ME, on this day did personally appear G. Wesley Urquhart, who, being known to me through personal knowledge, and his driver's license or other identification card, to be the person who did depose and state as follows:

       1.    My name is G. Wesley Urquhart. I am over the age of eighteen (18) years. I am fully competent to make this affidavit. I am of sound mind, and I have personal knowledge of the facts stated herein and they are true and correct.

       2.    I am counsel for the Applicant in the cause of action styled Cause No. 441,165; In re Mary Olive Hull Calkins, Decedent; in Probate Court No. Four of Harris County, Texas. I have read Applicant's Motion to Recuse the Honorable Christine Butts as presiding judge of Cause No. 441,165 and Motion to Consolidate, to which this verification is attached, and the facts recited therein are within my personal knowledge, and they are true and correct.

       FURTHER AFFIANT SAYETH NOT



_____
G. Wesley Urquhart

       SUBSCRIBED AND SWORN TO BEFORE ME, on this the **29th** day of **July 2015,** to certify which witness my hand and official seal of office.

| ANA CONTRERAS<br>MY COMMISSION EXPIRES<br>January 9, 2017 |
|---|

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF T E X A S



CAUSE NO. 441,165

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN PROBATE COURT |
| | § | |
| MARY OLIVE HULL CALKINS, | § | NUMBER FOUR OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING APPLICANT'S MOTION TO RECUSE

Came onto be heard, the Applicant Carolyn Calkins James's Motion to Recuse the Honorable Christine Butts as presiding judge over Cause No. 441,165 in Probate Court Number Four. Having considered the motions, the response, and the arguments of counsel, the Court is of the opinion that the Applicant Carolyn James' Motion to Recuse should be GRANTED. It is therefore,

ORDERED, ADJUDGED and DECREED that the Applicant Carolyn Calkins James's Motion to Recuse the Honorable Christine Butts as presiding judge over Cause No. 441,165 in Probate Court Number Four, and in any other case involving Carolyn James is GRANTED. This Court finds good cause for this recusal. It is further,

ORDERED, ADJUDGED and DECREED that the Applicant Carolyn Calkins James' Motion to Consolidate is also GRANTED. Cause No. 441,165 shall be consolidated with Cause Nos. 378,993, 378,993-401, 275,123, and 275,123-401.

SIGNED and ENTERED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

APPROVED AS TO FORM and CONTENT:

G. WESLEY URQUHART, P.C

*/s/ G. Wesley Urquhart*

By_____

State Bar No. 20415575
P.O. Box 35520
Houston, Texas 77235-5520
Telephone: (713) 582-0803
Email: wes@wesjustice.com

ATTORNEY FOR APPLICANT
CAROLYN CALKINS JAMES

**Susan Norman**

| | |
|---|---|
| **From:** | Joseph Libby |
| **Sent:** | Monday, November 30, 2015 5:02 PM |
| **To:** | Susan Norman |
| **Subject:** | Fw: Registered: 441165; In the Estate of Mary Olive Calkins |
| **Attachments:** | Applicant's Motion to Recuse and Motion to Consolidate (combined).pdf |

Joseph D. Libby
TEXAS BAR NO. 12318500

DYER & LIBBY
1305 PRAIRIE ST., SUITE 100
HOUSTON, TEXAS 77002
TEL. (713) 222-7757
FAX. (713) 222-7758

On Wednesday, July 29, 2015 5:39 PM, Kenneth Zimmern <attorney@zimmern.com> wrote:

 

This is a Registered Email® message from **Kenneth Zimmern**.

Dear Mr. Libby:

Please find attached Applicant's Motion to Recuse The Honorable Christine Butts and Motion to Consolidate with Guardianship Cases, which has been filed electronically today.

Thank you,
Ana

cc: Phillip C. Strauss

file

Click here to send a Registered Email® message to anyone.
Powered by RPost®

CAUSE NO. 441,165

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN PROBATE COURT |
| | § | |
| MARY OLIVE HULL CALKINS, | § | NUMBER FOUR OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING APPLICANT'S MOTION TO RECUSE

Came onto be heard, the Applicant Carolyn Calkins James's Motion to Recuse the Honorable Christine Butts as presiding judge over Cause No. 441,165 in Probate Court Number Four. Having considered the motions, the response, and the arguments of counsel, the Court is of the opinion that the Applicant Carolyn James' Motion to Recuse should be GRANTED. It is therefore,

ORDERED, ADJUDGED and DECREED that the Applicant Carolyn Calkins James's Motion to Recuse the Honorable Christine Butts as presiding judge over Cause No. 441,165 in Probate Court Number Four, and in any other case involving Carolyn James is GRANTED. This Court finds good cause for this recusal. ~~It is further,~~

~~ORDERED, ADJUDGED and DECREED that the Applicant Carolyn Calkins James' Motion to Consolidate is also GRANTED. Cause No. 441,165 shall be consolidated with Cause Nos. 378,993, 378,993-401, 275,123, and 275,123-401.~~

SIGNED and ENTERED this 30 day of July , 2015.

Christine Butts
JUDGE PRESIDING

FILED
2015 JUL 31 PM 1:41

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Song Thi Ngan Tran _____ Deputy
SONG THI NGAN TRAN

Appendix 8.1, Hon. Butts Re-Recusal
At James' Request
Page 1 of 2



APPROVED AS TO FORM and CONTENT:

G. WESLEY URQUHART, P.C

*/s/ G. Wesley Urquhart*

By_____
State Bar No. 20415575
P.O. Box 35520
Houston, Texas 77235-5520
Telephone: (713) 582-0803
Email: wcs@wesjustice.com

ATTORNEY FOR APPLICANT
CAROLYN CALKINS JAMES

Applicant Carolyn James' Motion to Recuse and Motion to Consolidate with Guardianship case          11

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

**Appendix 8.1, Hon. Butts Re-Recusal
At James' Request
Page 2 of 2**

SONG THI NGAN TRAN_____Deputy



## PATRICK SEBESTA

JUDGE, 239TH JUDICIAL DISTRICT COURT
BRAZORIA COUNTY COURTHOUSE
ANGLETON, TEXAS 77515

BRAZORIA COUNTY COURTHOUSE
3rd FLOOR, ROOM 310A
ANGLETON, TEXAS 77515

ANGLETON (979) 864-1256
BRAZOSPORT (979) 388-1256
HOUSTON (281) 756-1256

December 3, 2012

Hon. Olen Underwood
Presiding Judge
2nd Administrative Judicial District
301 N. Main, Site 228
Conroe, Texas 77301

Re: Cause No. 378,993, In Re: Guardianship of Mary Olive Calkins, In the Probate Courts of Harris County;

Cause No. 275, 123, In Re: Dick C. Calkins, Testamentary Trust, In the Probate Courts of Harris County, Texas, and

Cause No. 2008-75812, Carolyn James vs. Richard C. Calkins, In the 61st District Court of Harris County, Texas.

Dear Judge Underwood,

Pursuant to Texas Rules of Civil Procedure 18b, I am voluntarily recusing myself from the above cases. Please note that a motion to recuse me from the cases has not been filed in this case as of the time of the signing of this letter/order.

Sincerely,

Patrick Sebesta, Judge
239th District Court

ps

---

Confidential information may have been redacted from the document in compliance with the Public Information Act.

---

A Certified Copy
Attest: 1/7/2013
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy

Lisa Sheree Mitcham

Appendix 6, Hon. Sebesta Voluntary Recusal
From All Calkins Cases
Page 1 of 1



CAUSE NO. 2012-51725



| CAROLYN CALKINS JAMES,<br>Individually and as Next Friend Of Her<br>Elderly Incapacitated Mother,<br>MARY OLIVE CALKINS, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| HONORABLE OLEN UNDERWOOD,<br>HONORABLE PATRICK SEBESTA AND<br>FIDELITY AND DEPOSIT COMPANY OF<br>MARYLAND, | § | |
| | § | |
| **Defendants.** | § | 80TH JUDICIAL DISTRICT |

## ORDER

Came on to be considered the Defendant Fidelity and Deposit Company of Maryland's ("Defendant") Second Motion to Dismiss, Motion for Summary Judgment, and Motion to Show Authority. The Court, having considered the pleadings, the arguments of counsel, and the applicable authorities, is of the opinion Defendant's Motion to Dismiss is well taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this matter be and hereby is dismissed without prejudice for lack of standing and lack of capacity. All other pending motions are dismissed as moot.

SIGNED this _14_ day of _March_____, 201**3**.

_____
JUDGE PRESIDING

**Appendix 6, Hon. Weiman Order Dismiss James Case**
**Due Lack Standing & Lack of Capacity**
**Page 1 of 2**

ORDER
4424550.1/SP/33310/0682/030113

Certified Document Number: 54896009 - Page 1 of 1

APPENDIX 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 1, 2013

Certified Document Number:       54896009 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

PROBATE COURT

## Presiding Statutory Probate Judge
## of the
## State of Texas
### MINUTE ORDER 2015-065

After the recusal of Judge Christine Butts of Harris County Probate Court No. 4 in Cause number 441,165, styled as *In the Estate of Mary Olive Hull Calkins, Deceased,* the Harris County Probate Clerk requested that the undersigned Presiding Judge of the Statutory Probate Courts of Texas assign a Judge to hear the above-referenced case.

Pursuant to the provisions of Harris County Probate Courts' Local Rules 2.2 & 2.5 and Section 25.0022 of the Texas Government Code, I, as Presiding Judge of the Statutory Probate Courts of Texas, hereby order the Harris County Clerk to transfer the above-styled matter to Probate Court No. 2 of Harris County.

Costs, if any, for this filing are hereby waived.

SIGNED this 8th day of September, 2015.

Guy S. Herman, Presiding Judge
Statutory Probate Courts of Texas

Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

FILED
2015 OCT 19 AM 9:45

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy   Appendix 11, Judge Herman Order Transfer to Probate Court 2
Attest: 11/2/2015                              Page 1 of 1
**Stan Stanart, County Clerk**
Harris County, Texas

Brittany R. Jackson-Griffin
_____ Deputy
Brittany R. Jackson-Griffin



**PROBATE COURT #2**

CAUSE NO. 441,165

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN PROBATE COURT |
| | § | |
| MARY OLIVE HULL CALKINS, | § | NUMBER TWO (2) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## ORDER DENYING MOTION TO RECUSE AND DISQUALIFY

CAME ON TO BE HEARD, Richard Stephen Calkins's Motion for Recusal and/or Disqualification of Judge Mike Wood, and the response in opposition, and the Court, after hearing arguments of counsel, the evidence submitted, and reviewing the pleadings on file, is of the opinion that Richard Stephen Calkins's Motion for Recusal and/or Disqualification of Judge Mike Wood should be denied. Therefore, it is

ORDERED, ADJUDGED and DECREED that Richard Stephen Calkins's Motion for Recusal and/or Disqualification of Judge Mike Wood is DENIED.

SIGNED this _16th_ day of _October_, 2015.

PRESIDING JUDGE – *Sitting By Assignment*

FILED
2015 OCT 16 AM 11: 58
COUNTY CLERK
HARRIS COUNTY, TEXAS

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy  Appendix 16, Order Denying Motion to Recuse and Disqualify
Attest: 11/2/2015                    Page 1 of 1
**Stan Stanart, County Clerk**
Harris County, Texas

_____Deputy
Hector Salas

*F.D.R.*

## Presiding Statutory Probate Judge PROBATE COURT 2
### of the
### State of Texas
### MINUTE ORDER 2015-070

Pursuant to Government Code § 25.00255, the Honorable Mike Wood forwarded to the undersigned Presiding Statutory Probate Judge a Motion to Recuse and/or Disqualification of Judge Mike Wood, and an Order of Referral filed in the following case pending in the Probate Court #2 of Harris County, Texas:

Cause No. 441,165, *In the Estate of Mary Olive Hull Calkins, Deceased.*

Pursuant to Government Code § 25.00255, the undersigned, as Presiding Judge of the Statutory Probate Courts of the State of Texas, makes the following order:

IT IS ORDERED that the HONORABLE GLADYS B. BURWELL, a Senior Statutory Probate Judge with an Oath on file, is assigned to hear the Motion to Recuse filed in the above-referenced case, with all rights, powers, and privileges held by the regular judge of the court assigned and the attendant jurisdiction of a Statutory Probate Court.

Costs, if any, for this filing are waived.

SIGNED September 28, 2015.

Guy S. Herman, Presiding Judge
Statutory Probate Courts of Texas

Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

2015 OCT 19 AM 9:45

FILED

**Appendix 14, Judge Herman Order Assign Judge Burwell Hear
ONLY Motion to Recuse, not Disqualify
Page 1 of 1**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN



**No. 441,165**

| In re: | § | In the Probate Court No. 2 |
|---|---|---|
| | § | |
| ESTATE OF MARY OLIVE HULL | § | of |
| CALKINS, DECEASED | § | |
| | § | Harris County, Texas |

### Order of Referral: Requesting Assignment of a Judge to Hear the Motion for Recusal and/or Disqualification of Judge Mike Wood

On this day, the Court considered the Motion for Recusal and/or Disqualification of Judge Mike Wood filed by Stephen Calkins. The Court declines to disqualify himself.

Under Texas Government Code § 25.00255, it is therefore ORDERED that an original or certified copy of this order of referral, the motion, and all opposing and concurring statements shall be forwarded to the Honorable Guy Herman, Presiding Judge, Statutory Probate Courts of the State of Texas, who, under § 25.00255(i), shall immediately forward this request to the presiding judge of the administrative judicial district and request that the presiding judge of the administrative judicial district assign a judge to hear the Motion for Recusal and/or Disqualification.

Costs associated with this order are waived.

Signed on September __15__, 2015.

_____
Mike Wood
Presiding Judge

FILED
2015 SEP 17 AM 10: 43
Stan Stanart
COUNTY CLERK
HARRIS COUNTY, TEXAS

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 10/30/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____ Deputy
SONG THI NGAN TRAN

Appendix 13, Judge Wood Order Referring
Motion Recuse and/or Disqualify
Page 1 of 1



DATA ENTRY
PICK UP THIS DATE

FILED
9/15/2015 9:57:36 AM
Stan Stanart
County Clerk
Harris County

NO. 441165

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| MARY OLIVE HULL CALKINS | § | NUMBER 2 (4) OF |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**MOTION FOR RECUSAL AND/OR DISQUALIFICATION OF JUDGE MIKE WOOD PURSUANT TO SEC. 25.00255 OF THE TEXAS GOVERNMENT CODE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Stephen Calkins, and files this Motion for Recusal and/or Disqualification of the Hon. Mike Wood, judge presiding of Probate Court No. 2 of Harris County, Texas, and makes the following complaints and objections as well as the Motion for Recusal and/or Disqualification of Judge Wood, and in support of this motion would show the court the following:

Factual background and Motion is timely:

1. On July 29, 2015, Carolyn James, a party to this case, filed a "Motion to Recuse the Honorable Christine Butts and Motion to Consolidate with Guardianship Cases." This Motion cannot be located in the web site of the Harris County Clerk, however, a copy of it together with its attachments is attached to this pleading as Ex. A.

2. On July 30, 2015, The Hon. Christine Butts, filed an "Order Granting Applicant's Motion to Recuse" from the Motion for Recusal filed by Carolyn James, attached hereto as Exhibit B.

3. On September 2, 2015, the Hon. Christine Butts filed a purported amended order of recusal granting relief not requested in the July 29, 2015, Motion to Recuse filed by

1

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/25/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Deputy

Lisa Sheree Mitcham



Carolyn James, and purporting to refer this case to the Hon. Guy Herman, attached hereto as Exhibit C.

4. On September 3, 2015, the Hon. Guy Herman, filed an order transferring this case to Probate Court No. 2. See Exhibit D

5. As of the date of the filing of this motion there has been no appointment of a judge in response to the recusal as required under Sec. 25.00255 Texas Government Code in response to the recusal of the Hon. Christine Butts. See Exhibit J.

6. Immediately upon the transfer order being signed by Judge Herman on September 8, counsel for Carolyn James refiled her prior Application for a Temporary Administration which had been withdrawn on July 29, 2015, only adding the word "Second" to the title of the document and changing the date of the certificate of service from July to September, 2015. See Exhibit H (also not showing on the Harris County Clerk website)

7. On September 9, 2015, a hearing on Carolyn James' Application for Temporary Administration was set for September 15, 2015 at 10:00 a.m. See Exhibit I

8. Less than ten days' notice of this hearing was provided to Stephen Calkins. This Motion to Recuse and/or Disqualify is timely under 25.00255 (c).

Grounds for recusal and/or disqualification:

1. On March 5, 2009 a full hearing on a First Amended Motion to Disqualify Judge Mike Wood on Constitutional Grounds was held before the Hon. Olen Underwood in the Guardianship case of Mary Olive Hull Calkins, cause no. 378,993 in Probate Court No. 2 of Harris County, Texas. Prior to March 5, 2009 all Motions to Recuse

2

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/25/2015
**Stan Stanart, County Clerk**
Harris County, Texas

_____
Lisa Sheree Mitcham          Deputy

Judge Wood had been denied by Judge Underwood. A copy of the First Amended Motion to Disqualify Judge Wood on Constitutional Grounds is attached hereto as Exhibit E. A copy of the transcript from the hearing of March 5, 2009 is attached hereto as Exhibit F. A copy of the Order by Judge Underwood from the hearing of March 5, 2009 is attached hereto as Exhibit G.

2. The case of No. 378,993 filed in Probate court No. 2 of Harris County, Texas in which the Order on the Motion to Disqualify was erroneously designated as an order granting a recusal of Judge Wood, involves the same parties and instead of the guardianship disputes, now contains the estate disputes of the same person, Mary Olive Hull Calkins.

3. Judge Wood, having been either recused or disqualified in matters relating to Mary Olive Hull Calkins cannot legally sit in judgment in this case as a matter of law. Furthermore, having been actually disqualified, rather than recused, all orders of a disqualified judge are void and of no effect, either past orders, present orders or future orders.

4. Counsel for Carolyn James has repeatedly taken the position that case No. 378,993, the guardianship case in which Judge Mike Woods was disqualified, is required under local rules of the Harris County Probate Courts to be consolidated into the estate case involving the deceased who was previously the proposed ward. See Motion to Recuse Judge Butts filed by Carolyn James on July 29, 2015, with request for the guardianship to be consolidated with the estate case. Exhibit A

5. The prior grounds set out in the First Amended Motion to Disqualify Mike Wood on Constitutional Grounds, attached as Exhibit E hereto, together with the transcript of

3

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/25/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Lisa Sheree Mitcham

Deputy

the March 5, 2009 hearing had on that motion, whereupon at the conclusion of the hearing on March 5, 2009, the Hon. Olen Underwood announced on the record that the Motion was Granted, are incorporated in this Motion to Recuse and/or Disqualify Judge Mike Wood, as fully as if set out herein verbatim.

Additional objections

1. Pursuant to Sec. 25.00255 (g) a judge who recuses herself (1) shall enter an order of recusal . . . . (2) may not take other action in the case except for good cause stated in the order in which the action is taken. The reason, if any, why there was "good cause" for an amended order is not stated in the order.

2. There has been no order appointing a judge in place of Judge Butts following her recusal being entered.

3. The transfer order by Judge Herman has the indirect effect of appointing Judge Wood, who is not legally eligible for appointment into this case because of the prior hearing and order of disqualification/recusal of March 5, 2009 entered in the guardianship case of Mary Olive Hull Calkins after a full hearing was had before the Hon. Olen Underwood. As a matter of law the court (Judge Herman) may not do indirectly, what cannot be done directly.

WHEREFORE, PREMISES CONSIDERED, the Hon. Mike Wood, is requested to recuse or disqualify himself; or request the assignment of a judge to hear the motion by forwarding the motion and opposing and concurring statements to the presiding judge of the statutory probate courts as provided by Subsection (h) of 25.00255 Tex. Gov't Code.

Respectfully submitted,

4

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/25/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Lisa Sheree Mitcham

Deputy

DYER & LIBBY
1305 Prairie St., Suite 100
Houston, Texas 77002
(713) 222-7757 phone
(713) 222-7758 fax

*Joseph D. Libby*
Joseph D. Libby
Bar No. 12318500

### Certificate of Service

I hereby certify that Wesley Urquhart was eserved via the email of wes@wesjustice.com and attorney@zimmern.com and to Phillip Calkins Stauss at phillip.strauss@gmail.com on the 14th day of September, 2015.

*Joseph D. Libby*
Joseph D. Libby

### VERIFICATION

THE STATE OF TEXAS )
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, personally appeared Richard Stephen Calkins, who being duly sworn by me, did depose as follows:

My name is Richard Stephen Calkins and my mother was Mary Olive Hull Calkins, who named me as independent executor of her 2007 Will which will revoked the 2002 Will being offered for probate by my sister, Carolyn James. I am fully competent to make this affidavit and to verify the accuracy and truth of the allegations and statements contained in the foregoing Motion to Recuse and/or Disqualify Judge Mike Wood.

5

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/25/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Deputy
Lisa Sheree Mitcham



I have personal knowledge of the facts and allegations contained in this affidavit and set out in the Motion to Recuse and/or Disqualify to which this affidavit is attached, and the facts and allegations are true and correct.

The attached exhibits to this Response have all been previously seen by me and are authentic documents which have not been altered. Further affiant sayeth not.

_Richard Stephen Calkins_
Richard Stephen Calkins

**Signed, Subscribed and Sworn** to before me, this 14th day of September, 2015, by Richard Stephen Calkins, who was identified to me by means of TDL CID .

Notary Public in and for the State of Texas

NICOLE E. McEACHERN
Notary Public
STATE OF TEXAS

6

Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/25/2015
**Stan Stanart, County Clerk**
Harris County, Texas

Deputy
Lisa Sheree Mitcham

No. 441165

| | |
|---|---|
| **ESTATE OF** | **IN PROBATE COURT** |
| **MARY OLIVE HULL CALKINS,** | **NUMBER TWO (2) OF** |
| **DECEASED** | **HARRIS COUNTY, TEXAS** |

### Order on Motion Re-Urging Constitutional Disqualification of Judge Mike Wood

On this day the Court reviewed the Motion Re-Urging Constitutional Disqualification of Judge Mike Wood, Based on the Prior, March 5, 2009, Disqualification of Judge Mike Wood in Case Involving Mary Olive Calkins, Carolyn James, and Richard Stephen Calkins, In Which Hon. Olen Underwood Found Carolyn James Joined in the Motion for Disqualification, asking the Court to review its Order dated October 16, 2015. The Court does not find any basis in Texas procedural law for a "Motion to Re-urge" any ruling the Court has previously made and the Court can deny such motion that has no basis in law.

Not withstanding the lack of authority for such a "motion to re-urge", the Court finds that the evidence presented to the Court on October 16, 2015, both in pleadings and in oral argument, did not present any evidence that showed that Judge Mike Wood had made any rulings in this case that would cause him to be recused or disqualified to preside over this case and that the Motion Re-Urging Constitutional Disqualification of Judge Mike Wood should be denied.

It is ORDERED that the Motion Re-Urging Constitutional Disqualification of Judge Mike Wood, Based on the Prior, March 5, 2009, Disqualification of Judge Mike Wood in Case Involving Mary Olive Calkins, Carolyn James, and Richard Stephen Calkins, in Which Hon. Olen Underwood Found Carolyn James Joined in the Motion for Disqualification is DENIED.

Signed in the Courtroom of Harris County Probate Court Two on November 20, 2015.

*Gladys B Burwell*

Sitting by Assignment